UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| NATIONAL ASSOCIATION OF MINORITY VETERANS, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 21-1298 (RC) |
| THE UNITED STATES DEPARTMENT OF VETERANS AFFAIRS, | ) ) ) | |
| Defendants. | ) ) | |

## ANSWER

Defendant, U.S. Department of Veterans Affairs ("VA" or the "Department"), by and through counsel, hereby respond to the Complaint filed by Plaintiff, National Association of Minority Veterans as follows:

## RESPONSES

Defendant responds to the separately numbered paragraphs and prayer for relief contained in the Complaint below.  To the extent that any allegation is not admitted herein, it is denied. Moreover, to the extent that the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents; however, such references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action.

Defendant answers as follows:

# COMPLAINT[1]

1.      Answering paragraph 1, Defendant admits that this is an action brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. §§ 552 et seq., Defendant further responds that the remaining allegations contained therein are Plaintiff's characterization of their claims, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations.

2.      Answering paragraph 2, Defendant responds that said paragraph contains allegations regarding background facts not relevant to stating a cause of action under FOIA, and to which no response is required.  To the extent a response is deemed required, Defendant avers that there are currently approximately 5000+ VA police officers and support staff operating at approximately 138 medical facilities.  Except as admitted, Defendant denies the remaining allegations of this paragraph.

3.      Answering paragraph 3, Defendant responds that said paragraph contains allegations regarding background facts not relevant to stating a cause of action under FOIA, and to which no response is required. To the extent a response is required, Defendant admits that VA police officers are Federal law enforcement officers and have authority, conferred by Congress under section 902, title 38, United States Code (U.S.C.), to enforce Federal laws, regulations, and traffic laws, effectuate arrests, carry weapons, including firearms, in furtherance of their duties, and conduct investigations into offenses committed on Department property.

4.      Answering paragraph 4, Defendant responds that said paragraph contains allegations regarding background facts not relevant to stating a cause of action under FOIA, and

---

[1]     For ease of reference, Defendants refer to Plaintiff's headings and titles, but to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

to which no response is required.  Defendant responds that the allegations also contain Plaintiff's characterization of their claims, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations.

5.      Answering paragraph 5, Defendant responds that said paragraph contains allegations regarding background facts not relevant to stating a cause of action under FOIA, and to which no response is required.  Defendant further responds that the allegations also contain Plaintiff's characterization of their claims, to which no response is required.  To the extent a response is deemed required, Defendant admits that Plaintiff purports to characterize the contents of certain Office of Inspector General reports and respectfully refers the Court to those reports for a full and accurate statement of their contents.  Except as admitted, Defendant denies the remaining allegations of this paragraph.

6.      Answering paragraph 6, Defendant responds that said paragraph contains allegations regarding background facts not relevant to stating a cause of action under FOIA, and to which no response is required.  To the extent a response is deemed required, Defendant admits that Plaintiff purports to characterize the contents of a bill before Congress and respectfully refers the Court to that bill for a full and accurate statement of its contents.

<u>**JURSISDICTION AND VENUE**</u>

1.      Answering paragraph 1, Defendant responds that this paragraph contains legal conclusions, to which no response is required.

2.      Answering paragraph 2, Defendant responds that this paragraph contains legal conclusions, to which no response is required.

<u>**PARTIES**</u>

3.      Answering paragraph 3, Defendant is without sufficient knowledge or information to admit or deny the allegations of said paragraph, and on that basis denies them.

4.      Answering paragraph 4, Defendant admits that the United States Department of Veterans Affairs (VA) is an agency of the United States.

5.      Answering paragraph 5, Defendant admits that the Office of Inspector General (OIG) is a component of the VA.  Responding further, Defendant avers that the Officer of Inspector General is considered an independent entity within the VA.

6.      Answering paragraph 6, Defendant responds that the allegations contain Plaintiff's characterization of his claims, to which no response is required.  To the extent a response is deemed required, Defendant admits.

### STATEMENT OF FACTS

7.      Answering paragraph 7, Defendant responds that said paragraph contains Plaintiff's characterizations of its FOIA request to which no response is required.  To the extent a response is deemed required, Defendant admits that the VA received a FOIA request from Plaintiff on November 11, 2020.  Responding further, Defendant respectfully refers the Court to the FOIA request for a full and accurate statement of its contents.

8.      Answering paragraph 8, Defendant responds that said paragraph contains Plaintiff's characterizations of its FOIA request to which no response is required.  To the extent a response is deemed required, Defendant respectfully refers the Court to the FOIA request for a full and accurate statement of its contents.

9.      Answering paragraph 9, Defendant admits that Plaintiff has provided a copy of their original request under the FOIA as Exhibit A to their Complaint.

10.     Answering paragraph 10, Defendant responds that said paragraph contains Plaintiff's characterizations of an email to which no response is required. Defendant's email speaks

for itself. To the extent a response is deemed required, Defendant respectfully refers the Court to OIG's correspondence for a full and accurate statement of its contents.

11.     Answering paragraph 11, Defendant responds that said paragraph contains Plaintiff's characterizations of an email to which no response is required. Defendant's email speaks for itself.  To the extent a response is deemed required, Defendant respectfully refers the Court to OIG's correspondence for a full and accurate statement of its contents.

12.     Answering paragraph 12, Defendant responds that said paragraph contains Plaintiff's characterizations of an email to which no response is required. Defendant's email speaks for itself. To the extent a response is deemed required, Defendant respectfully refers the Court to OIG's correspondence for a full and accurate statement of its contents.

13.     Answering paragraph 13, Defendant admits that Plaintiff has provided a copy of the VA OIG's correspondence as Exhibit B to their Complaint.

14.     Answering paragraph 14, Defendant responds that said paragraph contains legal conclusions, to which no response is required. To the extent a response is deemed required, the allegation is denied.

15.     Answering paragraph 15, Defendant responds that said paragraph contains Plaintiff's characterizations of an appeal letter to which no response is required.  To the extent a response is deemed required, Defendant respectfully refers the Court to Plaintiff's appeal letter for a full and accurate statement of its contents. Responding further, Defendant admits that Plaintiff included new requests for information in the appeal letter.

16.     Answering paragraph 16, Defendant admits that Plaintiff has provided a copy of their administrative appeal as Exhibit C to their Complaint.

17.     Answering paragraph 17, Defendant responds that said paragraph contains Plaintiff's characterizations of an email to which no response is required.  To the extent a response is deemed required, Defendant respectfully refers the Court to OIG's correspondence for a full and accurate statement of its contents. Responding further, Defendant denies that it ignored reports, and avers that it encouraged Plaintiff to submit a new FOIA request for newly requested items.

18.     Answering paragraph 18, Defendant admits that Plaintiff has provided a copy of the VA OIG's denial of their administrative appeal as Exhibit D to their Complaint.

19.     Answering paragraph 19, Defendant responds that said paragraph contains legal conclusions, to which no response is required. To the extent a response is deemed required, the allegations are denied.

20.     Answering paragraph 20, Defendant responds that said paragraph contains legal conclusions, to which no response is required.  To the extent a response is deemed required, the allegations are denied.

## COUNT I: VIOLATION OF FOIA

21.     Defendant incorporates its responses to paragraphs 1-20 above as if set forth fully herein.

22.     Answering paragraph 22, Defendant responds that said paragraph contains legal conclusions, to which no response is required. To the extent a response is deemed required, the allegations are denied.

23.     Answering paragraph 23, Defendant responds that said paragraph contains legal conclusions, to which no response is required. To the extent a response is deemed required, the allegations are denied.

24.     Answering paragraph 24, Defendant denies the allegations.

25.     Answering paragraph 25, Defendant responds that said paragraph contains legal conclusions, to which no response is required. To the extent a response is deemed required, the allegations are denied.

## REQUESTED RELIEF

This portion of the Complaint, including the "Wherefore" clause and sub-parts (1) through (4), sets forth Plaintiff's requests for relief, to which no response is required.  To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested, or to any relief whatsoever.

## ADDITIONAL DEFENSES

Defendant alleges the following additional defenses to the Complaint.  In asserting these defenses, Defendant does not assume the burden to establish any fact or proposition where that burden is properly imposed upon Plaintiff.

1.     The Complaint fails to state a valid claim upon which relief may be granted.

2.     Plaintiff's claims are barred by its failure to exhaust administrative remedies properly or in a timely manner with respect to some or all of its claims.

3.     Defendant has or will conduct an adequate search.

4.     Defendant's actions or inactions did not violate the FOIA or any other statutory or regulatory provision.

5.     Plaintiff is not entitled to compel production of records exempt from disclosure by one or more exemptions enumerated in the FOIA.

6.     Plaintiff is not entitled to attorneys' fees and costs.

7.     Defendant has exercised due diligence in processing Plaintiff's FOIA requests and exceptional circumstances exist that necessitate additional time for Defendant to continue their processing of the FOIA requests.  *See* 5 U.S.C. § 552(a)(6)(C).

8.     This Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceed the relief authorized by FOIA.

Dated:  August 6, 2021
        Washington, DC

Respectfully submitted,

CHANNING D. PHILLIPS, D.C. Bar #415793
Acting United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division

By:     _____/s/ Stephen DeGenaro_____
        STEPHEN DEGENARO
        D.C. Bar #1047116
        Assistant United States Attorney
        555 Fourth Street, NW
        Washington, DC 20530
        Telephone: (202) 252-7229
        Facsimile: (202) 252-2599
        Stephen.DeGenaro@usdoj.gov

*Attorneys for Defendant*