UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL ASSOCIATION OF MINORITY VETERANS,<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF VETERANS AFFAIRS,<br><br>*Defendant*. | Civil Action No. 21-1298 (RC) |

**DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS**

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure and Local Civil Rule 7(h), the U.S. Department of Veterans Affairs ("VA") submits the following statement of undisputed material facts in support of its motion for summary judgment and memorandum in support thereof.

1. On November 11, 2020, Plaintiff National Association of Minority Veterans submitted a request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, "to all appropriate offices and departments within" VA, seeking various categories of records, including, as relevant here, certain records concerning VA's notice of, discussions of, compliance with, and implementation of certain guidelines and recommendations issued by VA's Office of Inspector General ("OIG"). Compl. ¶ 7 & Ex. A, FOIA Request at 1 (Nov. 11, 2020), ECF No. 1.

2. Part I of the request included the following definitions:

**I.   Defined Terms**

   A. 'Records" includes all documentation or communications preserved in electronic or written form, including but not limited to correspondence, documents, data, transcripts, video and audio recordings, emails, faxes, files, guidance, guidelines, directives, evaluations, instructions, analyses, memoranda, agreements, notes, orders, policies,

1

      procedures, protocols, reports, rules, technical manuals, technical specifications, training manuals, studies, and other similar information, dating back to the year 2012.

  B. "VA" refers to the U.S. Department of Veterans Affairs and any subcomponents of that department, including the Department of Veterans Affairs Office of Operations, Security, and Preparedness ("OSP") and the Office of Security and Law Enforcement (OS&LE).

FOIA Request ¶¶ I.A-B.

3. The request sought the following records:

## II. REQUEST FOR INFORMATION AND RECORDS

  A. Any and all Records concerning the behavioral record flag policies and procedures utilized by the VAPD and VHA staff including, but not limited to:
    1. Policies and procedures related to "disruptive behavior flags;"
    2. Each Veterans Integrated Service Networks' (VISNs) guidelines and procedures outlining the process for authorizing placement of record flags, notifying veterans of the flags, and the process for appealing and removing them;
    3. VA and VHA definitions and applications of "disruptive behavior" as applied in each VISN and any uniform definitions across the VA, including but not limited to definitions recommended by the Office of the Inspector General (OIG) Management of Disruptive Patient Behavior at VA Medical Facilities (2013).[6]

  B. Any and all Records concerning Disruptive Behavior Committees/Boards (DBC/Bs) policies and procedures including, but not limited to records related to:
    1. issuance of Orders of Behavioral Restriction or placement of Category I or Category II record flags; and
    2. reevaluation of previously issued Red Flags by the DBC/B.

  C. Any and all records concerning the placement, use, and outcomes of Panic Alarms activation by VA staff and VA police, including, but not limited to:
    1. VA Police policies and procedures relating to the activation of Panic Alarms, including but not limited to stationary, electronic personal, and computer-based Panic Alarms; and
    2. VA guidelines and procedures for Panic alarm testing.
    3. arrests made following the use of a panic alarm or security alarm triggered by a staff member.

  D. Any and all Records concerning notice, discussion of, and compliance with Department of Veterans Affairs Office of Inspector General guidelines and recommendations issued between 2014 and 2020 including, but not limited to:
    1. Implementation of recommended designated manager of the records management systems for the VAPF;[7] and

2. Findings of the working group established to evaluate whether the Report Exec system meets the needs of VAPF, including strategies to implement this system or its replacement;[8] and
3. Development and implementation of a plan for resolving issues with the police records management system.[9]

### III. RECORDS RELATED TO DATA AND STATISTICS

A. **National and Regional Data and Statistics:** Requester seeks any and all Records containing data or statistics prepared, compiled, or maintained by the VA or any agency or subdivision thereof, pertaining to the VA Police, beginning in year 2010 to the present. Requesters seek such national, State, or VISN Records. Requesters seek such Records encompassing information on and off VA property. Such Records should include information related to numbers of police officers, citations, arrests (on and off VA property; subject to a judicial warrant and warrantless), searches of persons and property, use of force, weapons use, numbers of complaints against VAPF officers.

B. **District Court Violation Notices:**
   1. Records that contain data or statistical information on the total amount of District Court Violation Notices VA Police issued in each state, VISN, or facility.
   2. Records that contain data or numerical information for District Court Violation Notices involving VA Police officers in connection with local, state, other federal, OIG, or university police.

C. **Vehicle Removal:**
   1. Records that contain data or statistical information on the total vehicles removed from VA Property.
   2. Records that contain data or numerical information for vehicle removal involving VA Police officers in connection with local, state, other federal, OIG, private security, or university police.

D. **Traffic Enforcement:**
   1. Records that contain data or statistical information on citations for traffic or parking violations on or around VA medical facility property in each state, whether issued by VA Police, other authorized law enforcement or private security.
   2. Records that contain data or numerical information for traffic enforcement involving VA Police officers in connection with local, state, other federal, OIG, or university police.

E. **Panic Button Data:**
   1. Records that contain data or statistical information on the usage of Panic Alarms by VA staff or VA police in VA facilities in each state.
   2. Records that contain data or statistical information on the testing of Panic Alarms in each state, VISN, and/or Facility.

3. Records that contain data or numerical information for panic buttons involving VA Police officers in connection with local, state, other federal, OIG, or university police.

F. **Behavioral Record Flag Data**
   1. Records that contain data or statistical information on the issuance of Behavioral Red Flags and/or Patient Record Flags to veterans who are members of Vulnerable Population in VA Facilities in each state, VISN, and/or Facility.
   2. Records that contain data or statistical information on the number of veterans who are members of Vulnerable Populations that currently have Behavioral Red Flags and/or Patient Record Flags
   3. Records that contain data or statistical information on the number of veterans who are members of Vulnerable Populations that have had their Behavioral Red Flags and/or Patient Record Flags removed.
   4. Records that contain data or numerical information for Behavioral Record Flags involving VA Police officers in connection with local, state, other federal, OIG, or university police.
   5. Previously compiled data, records, or other information relied upon by the
      a. Office of the Inspector General
      b. Government Accountability Office
      c. Office of Security and Law Enforcement
      d. Office of Operations, Security, and Preparedness.

G. **Disruptive Behavior Committee/Board Data**
   1. Records that contain data or statistical information on the attendance of DBC/Bs in VA Facilities in each state, VISN, and/or Facility.
   2. Records that contain data or statistical information on the issuance of Orders of Behavioral Restriction (OBR).

H. **Uniform Monthly Crime Reports** for VA Facilities in Ohio, New York, Florida, and California from 2010 to present.

---

[6] *See, e.g.*, Department of Veterans Affairs, Office of the Inspector General, *Management of Disruptive Patient Behavior at VA Medical Facilities*
[7] *See, e.g.*, Department of Veterans Affairs, Office of the Inspector General, *VA Police Management System Needs Improvement* (2020)
[8] Id.
[9] Id.

FOIA Request ¶¶ II-III.

    4.    OIG received the Association's FOIA request on November 20, 2020. Decl. of Ruthlee Gowins-Bellamy ¶ 5.

5. Ruthlee Gowins-Bellamy, OIG's Supervisory Government Information Specialist, determined that OIG's Office of Healthcare Inspections ("OHI") would have any records underlying the 2013 report that Part II.A.3 of the request had mentioned, as that office had authored the report. Gowins-Bellamy Decl. ¶ 21.

6. On December 21, 2020, Gowins-Bellamy emailed Kathy Gudgell, an OIG Director in OHI, asking for her assistance identifying and retrieving such records. Gowins-Bellamy Decl. ¶ 21.

7. On December 22, 2021, Gudgell emailed Gowins-Bellamy noting the request's breadth, and asking to have a conversation to clarify its scope. Gowins-Bellamy Decl. ¶ 22.

8. On December 23, 2020, Gowins-Bellamy spoke with Gudgell to attempt to clarify the request, and advised her to focus on documents related to and relied upon by OIG in writing the 2013 report. Gowins-Bellamy Decl. ¶ 22.

9. Gowins Bellamy knew, based on her experience and personal knowledge, that the records underlying OIG reports are all kept electronically on separate Share Point sites specific to the report at issue, and that paper versions of these records are not kept. Gowins-Bellamy Decl. ¶ 23.

10. On December 23, 2020, Gudgell informed Gowins-Bellamy that the supporting documents for the 2013 OHI report had been destroyed on January 18, 2019, in accordance with records management policies (OIG GM Directive 352, "Records Management"), and thus, OHI did not have any related records. Gowins-Bellamy Decl. ¶ 23.

11. On December 23, 2020, OIG acknowledged receipt of the FOIA request, and assigned it a tracking number of 21-00112-FOIA. Compl. ¶ 10.

12. OIG further informed the Association that "this project and all information gathered were legally destroyed on 1/18/2019, since they have reached the end of their record retention period established by the National Archives and Records Administration (NARA)." Compl. ¶ 11.

13. OIG issued a "no records found" response to the Association's FOIA request. Compl. ¶ 12.

14. The Association filed an administrative appeal on January 25, 2021. Compl. ¶ 15.

15. In its appeal letter, the Association stated, "We believe records should exist concerning notice, discussion of, and compliance with OIG guidelines and recommendations between 2014 and 2020." Compl., Ex. C, Administrative Appeal Ltr. (Jan. 25, 2021), ECF No. 1.

16. OIG denied the Association's appeal three days later. Compl. ¶ 17.

17. OIG's denial stated that the Association had added new requests for records and new descriptions of the records sought in its appeal, and explained that the Association could submit a new FOIA request directly to OIG for these records. Gowins-Bellamy Decl. ¶ 26.

18. The Association filed the complaint in this case on May 11, 2021. Gowins-Bellamy Decl. ¶ 27.

19. On August 23, 2021, the Association submitted a new FOIA request to OIG, which contained certain descriptions of the records sought that were not found in the Association's original FOIA request. Gowins-Bellamy Decl. ¶ 29.

20. OIG conducted a search for records responsive to that new FOIA request, found responsive records, and released some of them in whole and some of them in part, withholding some of them in full. Gowins-Bellamy ¶¶ 32-34.

Dated: April 11, 2022                                    Respectfully submitted,

MATTHEW M. GRAVES,
United States Attorney
D.C. Bar No. 481052

BRIAN P. HUDAK
Acting Chief, Civil Division

/s/ Bradley G. Silverman
BRADLEY G. SILVERMAN
Assistant United States Attorney
DC Bar #1531664
U.S. Attorney's Office
District of Columbia
555 4th St. NW
Washington, DC 20530
(202) 252-2675
bradley.silverman@usdoj.gov

*Attorneys for the United States*