UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATIONAL ASSOCIATION OF MINORITY VETERANS,

    Plaintiff,

v.

THE UNITED STATES DEPARTMENT OF VETERANS AFFAIRS,

    Defendant.

Civ. No. 21-1298

**PLAINTIFF NATIONAL ASSOCIATION OF MINORITY VETERANS' EVIDENTIARY OBJECTIONS TO THE EVIDENCE SUBMITTED IN SUPPORT OF DEFENDANT DEPARTMENT OF VETERANS AFFAIRS' MOTION FOR SUMMARY JUDGMENT.**

Plaintiff National Association of Minority Veterans submits these Evidentiary Objections to the evidence submitted in support of Defendant Department of Veterans Affairs' Motion for Summary Judgment.

**Objections to Declaration of Ruthlee Gowins-Bellamy**

| No. | ¶ | Language Objected To | Basis for Objection |
|---|---|---|---|
| 1. | 25. | "In the letter, Plaintiff requested additional records that the original FOIA request did not describe." | Fed. R. Evid. 701.<br><br>The declarant is offering an improper legal opinion or conclusion.<br><br>Fed. R. Evid. 1002<br><br>The declarant fails to provide the best evidence of the writing |
| 2. | 28. | The entire paragraph. | Fed. R. Evid. 602.<br><br>The declarant does not establish how she has personal knowledge |

| | | | of conversation she is testifying about.<br><br>Fed. R. Evid. 802.<br><br>To the extent the information is being offered for the truth, it is hearsay. |
|---|---|---|---|
| 3. | 29. | "On August 23, 2021, Plaintiff submitted a new FOIA request to my office." | Fed. R. Evid. 602.<br><br>The statement is speculative because the declarant does not establish how she has personal knowledge of who made this request, to whom it was made, or whether it was in fact a "new FOIA request." What the declarant characterizes as a "new FOIA request" was, in fact, a clarification of the original request, made through counsel, *at the agency's litigation counsel's request*. See NAMVETS' Counter-Statement of Material Facts ¶¶ 40–42.<br><br>Fed. R. Evid. 1002<br><br>The declarant fails to provide the best evidence of the writing.<br><br>Fed. R. Evid. 802.<br><br>To the extent the information is being offered for the truth, it is hearsay.<br><br>Fed. R. Evid. 701.<br><br>The declarant is offering an improper legal opinion or conclusion. |

2
NAMVETS' EVIDENTIARY OBJECTIONS

| 4. | 31. | "The description of records that this new FOIA request provided was not present in the original FOIA request. Neither of the 2018 reports described or specific descriptions of records provided in the new FOIA request were mentioned in the original FOIA request." | Fed. R. Evid. 1002<br><br>The declarant fails to provide the best evidence of the writing.<br><br>Fed. R. Evid. 701.<br><br>The declarant is offering an improper legal opinion or conclusion. |
| --- | --- | --- | --- |
| 5. | 35. | The entire paragraph. | Fed. R. Evid. 602.<br><br>The declarant does not establish how she has personal knowledge of conversation she is testifying about.<br><br>Fed. R. Evid. 802.<br><br>To the extent the information is being offered for the truth, it is hearsay. |

Dated: May 31, 2022

By: */s/ Matthew Strugar*
Matthew Strugar
Law Office of Matthew Strugar
3435 Wilshire Blvd., Suite 2910
Los Angeles, CA 90010
Telephone: (323) 696-2299
Email: matthew@matthewstrugar.com

Sunita Patel
UCLA Veterans Legal Clinic
907 Westwood Boulevard Unit 444
Los Angeles, CA 90024
Telephone: 310-792-1498
Email: patel@law.ucla.edu

Courtney Bachman
UCLA Veterans Legal Clinic
907 Westwood Boulevard Unit 444
Los Angeles, CA 90024

Telephone: 424-235-5047
Email: bachman@law.ucla.edu

*Counsel for Plaintiff*

### Certification of Service

On May 31, 2022, I filed the forgoing document through this Court's CM/ECF system, which sent notice to all of the counsel of record in this action.

Dated: May 31, 2022            /s/   Matthew Strugar
                                     Matthew Strugar