UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATIONAL ASSOCIATION OF
MINORITY VETERANS,

*Plaintiff*,

v.

DEPARTMENT OF VETERANS
AFFAIRS,

*Defendant*.

Civil Action No. 21-1298 (RC)

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT
AND RESPONSE TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 56(a), Defendant Department of Veterans
Affairs ("VA"), by and through the undersigned counsel, respectfully files this combined reply in
support of its motion for summary judgment, ECF No. 18, and response in opposition to Plaintiff
National Association of Minority Veterans' cross-motion for summary judgment, ECF No. 21, in
this case under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.[1]

**ARGUMENT**

VA is entitled to summary judgment as to the Association's November 11, 2020 FOIA
request, and the Association does not argue otherwise. The Association's August 23, 2021 email
seeking additional records is not properly before this Court, as the Association did not mention the
email in its complaint and sent it midway through litigation. VA is not obliged to litigate the FOIA
exemptions that it invoked at this time, given its good-faith belief that the Association did not seek

---

[1]     The Association filed its cross-motion for summary judgment and response to VA's motion
for summary judgment separately, though they are substantively identical. For convenience's sake,
VA refers only to the Association's response to its motion for summary judgment, ECF No. 20.

the redacted or withheld records in its original FOIA request, the only FOIA request that is properly before this Court. The Association, meanwhile, does not even attempt to show the absence of a genuine issue of material fact as to whether the exemptions apply, and so is not entitled to summary judgment as to the exemptions. The Association's evidentiary objections are moot, given that the Association does not attempt to defend its original FOIA request, and are meritless in any event. For all these reasons, this Court should grant VA summary judgment, deny the Association's cross-motion for summary judgment, and enter judgment for VA.

## I.     The August 23, 2021 Email Is Not Properly Before This Court

VA has explained that it is entitled to summary judgment as to the November 11, 2020 FOIA request in its entirety, as each section of that request either failed to reasonably describe the records sought and/or sought records that VA's Office of Inspector General ("OIG") did not have, and OIG conducted an adequate search for records responsive to Part II.A.3 of the request. *See generally* Def.'s Mem. Supp. MSJ. The Association does not dispute these points, defend the November 11, 2020 request, or deny that VA is entitled to summary judgment as to it. VA thus is entitled to summary judgment as to the original request. *See Wannall v. Honeywell, Inc.*, 775 F.3d 425, 428 (D.C. Cir. 2014) ("if a party files an opposition to a motion and therein addresses only some of the movant's arguments, the court may treat the unaddressed arguments as conceded").

Instead, the Association argues that the operative FOIA request in this case is an email it sent on August 23, 2021, seeking various categories of records, as the parties negotiated over the original request. The Association did not mention this email in its complaint and does not dispute that a plaintiff may not litigate a FOIA request that its complaint does not mention. *See* Def.'s Mem. at 6; Pl.'s Resp. at 9-10; *Wannall*, 775 F.3d at 428. The Association argues that the email is not a few FOIA request at all but simply a modification of its original request. But it is well-settled

2

that a plaintiff cannot unilaterally alter or expand the scope of its FOIA request midway through litigation. *See Elgabrowny v. CIA*, Civ. A. No. 17-0066 (TSC), 2020 WL 1451580, at *10 (D.D.C. Mar. 25, 2020) ("Plaintiff now improperly seeks to broaden his search beyond the parameters of his actual Request"); *Dillon v. Dep't of Just.*, 444 F. Supp. 3d 67, 86 (D.D.C. 2020) ("[S]ubsequent statements during litigation do not alter the content of the request itself. Plaintiff's contention that a FOIA requester can explicitly narrow, test, and then broaden his request in this way after filing litigation sits without any firm basis in the statutory text or associated case law."); *Houser v. Church*, 271 F. Supp. 3d 197, 204 (D.D.C. 2017) (plaintiff cannot "expand the scope of" its FOIA request during litigation); *Coss v. Dep't of Just.*,  98 F. Supp. 3d 28, 34 (D.D.C. 2015) ("FOIA plaintiff may not expand the scope of his request once his original request is made").

To be sure, there are two circumstances in which a plaintiff might be permitted to alter the scope of its FOIA request during litigation—when it (1) narrows its request's scope or (2) modifies its request by agreement with the agency. But as explained below, neither of these circumstances apply here. The bare fact that the Association sent the email as the parties negotiated over the original request's scope does not place the email properly before this Court.

### A.    The August 23, 2021 Email Is Not Narrower Than The Original FOIA Request, And In Many Ways Is Broader

First, some courts have concluded that a plaintiff can unilaterally narrow its request during litigation. *See Leopold v. Immig. & Customs Enf't*, 560 F. Supp. 3d 189, 196-97 (D.D.C. 2021); *People for the Am. Way v. Dep't of Just.*, 451 F. Supp. 2d 6, 11-12 (D.D.C. 2006). But this is not such a circumstance, because the August 23, 2021 email was not narrower than the original FOIA request. To the contrary, it sought many categories of records beyond the original request's scope. While the original request sought only "definitions" of the term "disruptive behavior" that OIG had "recommended" in a report titled *Management of Disruptive Patient Behavior at VA Medical*

3

*Facilities*, the email sought four categories of records and two specific documents relating to that report. 2d Decl. of Ruthlee Gowins-Bellamy ¶ 21 tbl. While the original request sought only records about "[i]mplementation of recommended designated manager of the records management systems for the" Veterans Affairs Police Force, citing a report titled *VA Police Management System Needs Improvement* in a footnote, the email sought four categories of records relating to that report. *Id.* And while the original request did not mention a report titled *Inadequate Governance of the VA Police Program at Medical Facilities* at all, the email sought four categories of records relating to the report. *Id.* In these ways, the email was not narrower, and if anything was broader, than the original request. The Association cites no authority, and VA knows of none, for the idea that a plaintiff can unilaterally expand rather than narrow its FOIA request midway through litigation.

### B.     The Parties Never Agreed That The August 23, 2021 Email Would Modify Or Supplant The Original FOIA Request

Second, a plaintiff can alter the scope of its request by agreement with the agency to which it directed its request. *See Am. Ctr. for Law & Just. v. Dep't of Just.*, 325 F. Supp. 3d 182, 168-19 (D.D.C. 2018); *DeFraia v. CIA*, 311 F. Supp. 3d 42, 48-49 (D.D.C. 2018); *Gilman v. Dep't of Homeland Sec.*, 32 F. Supp. 3d 1, 21-22 (D.D.C. 2014). But the parties never agreed that the email would modify or supplant the original request. Indeed, the Association never actually claims that the parties had any such agreement. While it carefully dances around this point, it tellingly stops short of claiming that the parties had reached an agreement to modify the request. Pl.'s Resp. at 11-12. The email itself does not suggest that the parties had reached an agreement, Ex. A, nor does the third Joint Status Report—it speaks only of ongoing negotiations between the parties, without indicating that such negotiations had resulted in an agreement, ECF No. 13. Nor can an agreement be inferred from the fact that OIG searched for and produced records responsive to the email, as OIG understood the email to be a new request altogether. 2d Gowins-Bellamy Decl. ¶ 12.

Indeed, the parties' behavior after August 23, 2021, manifested a mutual understanding that the email did not modify the original FOIA request, but was a new request entirely. OIG treated the email as a new FOIA request, entering it into its record system and assigning it a unique FOIA tracking number. 2d Gowins-Bellamy Decl. ¶ 12. On October 6, 2021, OIG sent the Association a letter explaining that it had assigned the email a unique FOIA tracking number and concluding with the same instructions on how to file an administrative appeal it had provided in response to the original request. *Id.* Although this letter put the Association squarely on notice that OIG regarded the email as a separate request, the Association never challenged OIG's decision to treat the email as a separate request. To the contrary, less than a week later, on October 11, the Association filed an administrative appeal challenging VA's response to its original request, without mentioning the email at all. 2d Gowins-Bellamy Decl. ¶ 19; Ex. B. In short, both parties behaved as if the email was a separate request, not a modification of the original request.

The Association argues that "[t]reating negotiations between parties in FOIA litigation as new FOIA requests would be bad policy and create bad incentives, too." Pl.'s Resp. at 12. This concern is unfounded, as VA does not dispute that parties may agree to modify a FOIA request's scope during litigation. But that is not what happened here. Rather, the Association attempted to alter and broaden its FOIA request unilaterally. Indulging such behavior would create bad policy and incentives, enabling plaintiffs to circumvent FOIA's exhaustion of remedies requirement by demanding records that they had not previously requested midway through litigation. *See Machado Amadis v. Dep't of State*, 971 F.3d 364, 372 (D.C. Cir. 2020) ("As a general matter, a FOIA requester must exhaust administrative appeal remedies before seeking judicial redress."); *Hidalgo v. FBI*, 344 F.3d 1256, 1258 (D.C. Cir. 2003) ("Exhaustion of administrative remedies is generally

required before filing suit in federal court . . . . FOIA's administrative scheme favors treating

failure to exhaust as a bar to judicial review" (internal quotation marks omitted)).

The August 23, 2021 email thus is not properly before this Court. Because the Association

does not defend its original request, this Court should grant VA summary judgment as to it.[2]

## II.     The Court Need Not Consider Exemptions At This Time

VA conducted a search for records responsive to the August 23, 2021 email, produced

certain records in full, and invoked various FOIA exemptions to redact or withhold the remaining

records. 1st Gowins-Bellamy Decl. ¶¶ 33-34, ECF No. 18-3. The Association argues that because

VA did not address the exemptions in moving for summary judgment, it fails to carry its burden

to show that it properly applied the exemption, warranting summary judgment for the Association

as to all of VA's redactions and withholdings. Def.'s Resp. at 14-15. But VA is not required to

raise the exemptions at this time. A party may move for summary judgment on a "defense' or "part

of . . . [a] defense[,]" without seeking summary judgment as to all defenses. Fed. R. Civ. P. 56(a).

VA did not seek summary judgment as to the exemptions because it raised threshold issues that

are dispositive of the Association's claims. Nothing in Rule 56(a) suggests that agencies must raise

exemptions in their initial summary judgment motions or else forfeit the ability to do so later. *See*

*DeMallory v. Cullen*, 855 F.2d 442, 451 n.2 (7th Cir. 1988) (Easterbrook, J., dissenting) ("no rule

comparable to [Rule] 12(h) requires a party to include all issues in every motion for summary

judgment on pain of surrendering the point"); *cf. Shea v. Clinton*, 288 F.R.D. 1, 5 (D.D.C. 2012)

---

[2]     Should the Association move for leave to amend its complaint to challenge OIG's response
to the August 23, 2021 email, this Court should deny it leave to amend on the basis of futility, as
it never administratively exhausted any challenges to OIG's response to the email. *See Hettinga v.
United States*, 677 F.3d 471, 480 (D.C. Cir. 2012) ("A district court may deny a motion to amend
a complaint as futile if the proposed claim would not survive a motion to dismiss."); 2d Gowins-
Bellamy Decl. ¶ 16 (Association never administratively appealed OIG's response to the email).

("When a court decides that a party is not entitled to summary judgment because of insufficient evidence, it does not preclude that party from making that claim again.").

To the contrary, and in particular, the D.C. Circuit has "avoided adopting a rigid 'press it at the threshold, or lose it for all times' approach to agencies' FOIA exemption claims." *August v. FBI*, 328 F.3d 697, 699 (D.C. Cir. 2003) (cleaned up). In particular, an agency's choice not to raise an exemption in its initial summary judgment motion does not preclude it from raising that exemption later if it believes in good faith that the plaintiff did not request the redacted or withheld records in the FOIA request at issue. *See LaCedra v. Exec. Off. for U.S. Att'ys*, 317 F.3d 345, 348 (D.C. Cir. 2003) (agency need not "invoke any exemption applicable to a record the agency in good faith believes has not been requested"). As explained, VA believes in good faith that the Association did not seek the redacted or withheld records in its original FOIA request, the only request properly before this Court. VA's choice not to raise the exemptions now thus does not preclude it from raising the exemptions later.

As to the Association's cross-motion for summary judgment, the Association does not identify any facts showing—or even attempt to construct an argument—the absence of a genuine issue of material fact as to whether VA properly invoked the exemptions. *See* Fed. R. Civ. P. 56(a) (movant must show "that there is no genuine dispute as to any material fact and" that it "is entitled to judgment as a matter of law"); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) ("a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record] which it believes demonstrate the absence of a genuine issue of material fact." (quotation marks omitted)). Instead, the Association relies on VA's choice not raise the exemptions in moving for summary judgment,

but as explained above, VA was not required to raise the exemptions at this time. The Association

thus fails to show that it is entitled to summary judgment as to whether the exemptions apply.

## III.  The Association's Evidentiary Objections Are Moot, And In Any Event Meritless

Finally, the Association raises several evidentiary objections to the declaration VA filed in

support of its motion for summary judgment. Pl.'s Resp. at 11 n.4; Pl.'s Evid. Objs., ECF No. 20-4.

But because VA's motion for summary judgment focused entirely on the Association's original

FOIA request, which the Association does not defend, all these objections are moot.

In any event, the Association's objections are wholly meritless. First, while VA's declarant,

OIG Supervisory Government Information Specialist Ruthlee Gowins-Bellamy, attested that "[o]n

August 23, 2021, Plaintiff submitted a new FOIA request to my office," 1st Gowins-Bellamy Decl.

¶ 29, the Association argues that she lacked personal knowledge of this fact, Pl.'s Resp. at 11 n.4.

But Gowins-Bellamy explained that her attestations were "based on a personal review of the

appropriate records in the case file, discussions with relevant FOIA personnel designated for

processing the subject request, and information furnished to me in the course of my official duties."

1st Gowins-Bellamy Decl. ¶ 3. There is no reason to doubt that Gowins-Bellamy learned about the

August 23, 2021 email in the course of her duties. *See Bartko v. Dep't of Just.*, 898 F.3d 51, 74

(D.C. Cir. 2018) ("Agency affidavits are accorded a presumption of good faith, which cannot be

rebutted by purely speculative claims" (quotation marks omitted)).

Second, while Gowins-Bellamy attested that the Association sent the August 23, 2021

email to her office, 1st Gowins-Bellamy Decl. ¶ 29, the Association argues that in reality, its

counsel sent the email to VA's counsel, Pl.'s Resp'n at 11 n.4. This is a trivial quibble—there is

nothing unusual about referring to a client by name when discussing her attorney's actions, given

the principal-agent relationship between clients and attorneys. *See* Restatement (Third) of the Law

Governing Lawyers § 27 (1998).[3]

## CONCLUSION

This Court should grant VA summary judgment, deny the Association's cross-motion for

summary judgment, and enter judgment for VA.

Dated: July 8, 2022                                Respectfully submitted,

                                                   MATTHEW M. GRAVES, D.C. Bar #481052
                                                   United States Attorney

                                                   BRIAN P. HUDAK
                                                   Chief, Civil Division

                                                   By: /s/ _____
                                                        BRADLEY G. SILVERMAN
                                                        D.C. Bar #1531664
                                                        Assistant United States Attorney
                                                        601 D Street NW
                                                        Washington, DC 20530
                                                        (202) 252-2675

                                                   *Attorneys for the United States*

---

[3]       Indeed, as if to illustrate this point, the Association's own brief repeatedly refers to "the agency" in responding to arguments that the undersigned plainly wrote.