Vaughn Index – Office of Inspector General, Department of Veterans Affairs

*Nat'l Ass'n of Minority Veterans v. U.S. Department of Veterans Affairs*

| FOIA Request No. | Bates Numbers | Document Requested – Quotes from Plaintiff's request | FOIA Exemption | Redaction Description | Redaction Explanation |
|---|---|---|---|---|---|
| 21-000112-FOIA | N/A | Underlying and supporting records from VA OIG Report 11-02585-129 | | The records no longer exist because they were properly destroyed under VA OIG and NARA records retention policies (OIG GM Directive 352, Exhibit 9). | |
| 21-00363-FOIA | N/A | "List of facilities included in OIG Review." | | Released in full. Not a request for records – question answered in OIG response, Exhibit 13. | |
| 21-00363-FOIA | N/A | "Documents related to noncompliance with VHA policy to inform patients about patient record flags and their right to request amendment or appeal of the designation (page ii of executive summary; and Issue 2 on pp. 12-13) This portion of the report discusses a draft policy that OIG approved, and we would like a copy of the draft or final policy. It also discusses an exchange between OIG and VHA to change the notification policy from all | | Referred to VHA. Question answered in OIG response. | |

Vaughn Index – Office of Inspector General, Department of Veterans Affairs
*Nat'l Ass'n of Minority Veterans v. U.S. Department of Veterans Affairs*

| | | | | | |
|---|---|---|---|---|---|
| | | patients with record flags to only patients with orders of behavioral restriction." | | | |
| 21-00363-FOIA | N/A | "Documents related to Issue 4 – management of non-patient assaults." | (b)(5) (b)(6) (b)(7)(E) | Withheld in full – excel spreadsheet. | The responsive records for this request are excel spreadsheets. VA OIG reviewed records and entered relevant information into excel spreadsheets, along with deliberative notes, questions and comments between VA OIG staff. The information in the excel spreadsheets is what line-level OIG staff thought was relevant to the audit. The excel spreadsheets are pre-decisional and none of the information reflects final agency decision. The data and notes were collected to prepare and write the January 2018 OIG report. These internal spreadsheets reflect deliberations comprising part of a process by which OIG findings and recommendations are formulated. These records shed light on the deliberative process because they reveal the specific topics that the auditors chose to focus on in developing their finding and they reveal what information auditors chose to communicate to supervisors and other co-workers. The information in the spreadsheet was culled from a much larger universe of facts and illustrates OIG employee's exercise of judgment regarding what information is relevant to the pre-decisional findings and recommendations.<br><br>Release of these notes and communications would chill the |

Vaughn Index – Office of Inspector General, Department of Veterans Affairs
*Nat'l Ass'n of Minority Veterans v. U.S. Department of Veterans Affairs*

| | | | | | |
|---|---|---|---|---|---|
| | | | | | employees' ability to freely discuss agency issues, which is harmful to a comprehensive agency-decision-making process generally. Release of information under the foregoing circumstances not only harms the agency decision-making process but the ability of the agency to conduct its business and make the best determination possible based on a thorough consideration of the issues.<br><br>Additionally, the information contained in the excel spreadsheet includes information that individuals have a privacy interest in including identifying information of victims of crimes, including some minor victims.<br><br>And finally, the excel spreadsheet contains information about law enforcement techniques and procedures. The data collected and entered by OIG contains information about law enforcement techniques and procedures related to investigating assaults. The disclosure of these spreadsheets could reasonably be expected to risk circumvention of the law. |
| 21-00363-FOIA | N/A | "The underlying records for Table 2 (p. 20). I think this would involve records for 1,025 patients involved in disruptive behavior incidents from | (b)(3) citing 38 USC 5701, 5705 and 7332<br>(b)(5)<br>(b)(6) | Withheld in full – excel spreadsheet. | This request was for patient health records. These records are protected under multiple statutes and VA OIG is not authorized to disclose via FOIA requests. The statutes include 38 USC 5701, 38 USC 5705, 38 USC 7332 and HIPAA.<br><br>The responsive records for this request are excel spreadsheets. VA OIG collected patient health |

Vaughn Index – Office of Inspector General, Department of Veterans Affairs
*Nat'l Ass'n of Minority Veterans v. U.S. Department of Veterans Affairs*

| | | | | | |
|---|---|---|---|---|---|
| | | July 1, 2015 to June 30, 2016." | | | records data and entered relevant portions of it into excel spreadsheets, along with deliberative notes, questions and communications between VA OIG staff. The excel spreadsheets are pre-decisional and none of the information reflects final agency decision. The data and notes were collected to prepare and write the January 2018 OIG report which is publicly available. These internal spreadsheets reflect deliberations comprising part of a process by which OIG findings and recommendations are formulated. These records shed light on the deliberative process because they reveal the specific topics that the auditors chose to focus on in developing their finding and they reveal what information auditors chose to communicate to supervisors and other co-workers. The information in the spreadsheet was culled from a much larger universe of facts and information and illustrates OIG employees' exercise of judgment regarding what information is relevant to the pre-decisional findings and recommendations.<br><br>Release of these notes and communications would chill the employees' ability to freely discuss agency issues, which is harmful to a comprehensive agency-decision-making process generally. Release of information under the foregoing circumstances not only harms the agency decision-making process but the ability of the agency to conduct its business and make the best determination possible based |

Vaughn Index – Office of Inspector General, Department of Veterans Affairs
*Nat'l Ass'n of Minority Veterans v. U.S. Department of Veterans Affairs*

| FOIA Request No. | Bates Numbers | Type of Document | FOIA Exemption | Redaction Description | Redaction Explanation |
|---|---|---|---|---|---|
| | | | | | on a thorough consideration of the issues.<br><br>Additionally, the information contained in the excel spreadsheet includes information that individuals have a privacy interest in including social security numbers, identifying information of patients, victims of crimes, and confidential healthcare information. |
| 21-00363-FOIA | N/A | "Meeting New Mandatory Safety Training Requirements…" VHA Memorandum Nov 7, 2013 | | Referred to VHA | |
| 21-00363-FOIA | N/A | "VHA Center, Employee Threat Assessment Team Guidebook, April 2016 and Records related to Employee Threat Assessment Teams" | | Referred to VHA | |
| FOIA Request No. | Bates Numbers | Type of Document | FOIA Exemption | Redaction Description | Redaction Explanation |
| 21-00363-FOIA | N/A | "OS&LE reports used by OIG" (2018 Report) | | Referred to OSLE | |
| 21-00363-FOIA | N/A | "Interviews with OSP and VHA employees about roles and responsibilities" | | Referred to OSLE | |
| 21-00363-FOIA | N/A | "Underlying data from Table 1: Overview of Police Program Requirements | | Referred to OSLE | |

Case 1:21-cv-01298-RC   Document 24-1   Filed 07/06/22   Page 6 of 12

Vaughn Index – Office of Inspector General, Department of Veterans Affairs
*Nat'l Ass'n of Minority Veterans v. U.S. Department of Veterans Affairs*

| | | | | | |
|---|---|---|---|---|---|
| | | Inspected by OS&LE" | | | |
| 21-00363-FOIA | 001-033 | "Underlying data from 119 police chief and 88 medical facility director survey responses" | (b)(5) (b)(6) (b)(7)(E) | Withheld in part. | The responsive records for this request are internal OIG records containing confidential responses to VA OIG surveys. The redacted material contained in these records is pre-decisional and none of the information reflects final agency decision. The data was collected to prepare and write an OIG report which is publicly available. These narrative responses are internal communications between VA employees and OIG inspectors and they reflect deliberations comprising part of a process by which OIG findings and recommendations are formulated. Release of these responses would chill the employees' ability to freely discuss agency issues, which is harmful to a comprehensive agency-decision-making process generally. Disclosure of the responses within these records would chill the open communication between OIG auditors/inspectors and agency employees. These surveys contain many open-ended questions and narrative responses, where agency employees can raise confidential complaints and communicate confidentially with OIG. The redacted information is not anonymized nor merely . The relatively small number of agency employees who responded to the survey could lead to the identification of individuals who provided information to OIG.<br><br>Release of information under the foregoing circumstances not only |

Vaughn Index – Office of Inspector General, Department of Veterans Affairs
*Nat'l Ass'n of Minority Veterans v. U.S. Department of Veterans Affairs*

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | harms the agency decision-making process but the ability of the agency to conduct its business and make the best determination possible based on a thorough consideration of the issues.<br><br>The redacted material also consists of information that individuals have a privacy interest in including, names, email addresses and titles. The names, email addresses and titles would reveal the identity of personnel who participated in the confidential OIG surveys. The survey responses were confidential, internal communications and part of the deliberative process of drafting the December 2018 OIG report (17-01007-01).<br><br>Additionally, portions of the redacted information reveal information about law enforcement techniques and procedures and disclosure of these confidential survey responses could reasonably be expected to risk circumvention of the law. For example, many of the free form responses contain specifics about investigations and law enforcement techniques. |
| 21-00363-FOIA | N/A | "List of five facilities in OIG review" | | Released in full. Not a request for records – question answered in OIG response, Exhibit 13. | | |
| 21-00363-FOIA | N/A | "Documentation from the referenced testimonial and documentary information from | | This request from Plaintiff is a sentence taken from the OIG report appendix and is a statement summarizing the scope of the entire | | |

Vaughn Index – Office of Inspector General, Department of Veterans Affairs
*Nat'l Ass'n of Minority Veterans v. U.S. Department of Veterans Affairs*

|  |  |  |  |  |  |
|---|---|---|---|---|---|
|  |  | the 90 VHA, OSP, OIT, and Office of Acquisition and Logistics, and Construction employees" |  | audit. It was not clear to the OIG audit office what records the Plaintiff is requesting. Records could not be identified based on this sentence. |  |
| 21-00363-FOIA | 034-047 | "Data from the responses of the online survey given to 139 VA facility police chiefs" | (b)(5) (b)(6) (b)(7)(E) | Withheld in part. Internal email communication between agency employees and OIG inspectors. | The responsive records are internal email communications that consist of follow-up interview questions regarding specific employees' confidential survey responses. The redacted material contained in these records is pre-decisional and none of the information reflects final agency decision. The data was collected to prepare and write an OIG report. These internal communications from VA employees reflect deliberations comprising part of a process by which OIG findings and recommendations are formulated. Release of these communications would chill the employees' ability to freely discuss agency issues, which is harmful to a comprehensive agency-decision-making process generally. Disclosure of these communications and follow-up interview questions would chill the open communication between OIG auditors/inspectors and agency employees. Release of information under the foregoing circumstances not only harms the agency decision-making process but the ability of the agency to conduct its business and make the best determination possible based on a thorough consideration of the issues. |

Case 1:21-cv-01298-RC   Document 24-1   Filed 07/06/22   Page 9 of 12

Vaughn Index – Office of Inspector General, Department of Veterans Affairs
*Nat'l Ass'n of Minority Veterans v. U.S. Department of Veterans Affairs*

| | | | | | |
|---|---|---|---|---|---|
| | | | | | The redacted material also consists of information that individuals have a privacy interest in including, names, email addresses and titles. Release of this identifying information would be particularly harmful in this case because it would reveal who participated in a confidential OIG survey.<br><br>The redacted information also contains information about law enforcement techniques and procedures and disclosure of these confidential survey responses could reasonably be expected to risk circumvention of the law. |
| 21-00363-FOIA | 048-095 | "Data from the responses of the online survey given to 139 VA facility police chiefs" | (b)(5)<br>(b)(6)<br>(b)(7)(E) | Withheld in part. | The responsive records are internal communications containing confidential responses to VA OIG surveys. The redacted material contained in these records is pre-decisional and none of the information reflects final agency decision. The data was collected to prepare and write an OIG report which is publicly available. These internal communications from VA employees reflect deliberations comprising part of a process by which governmental decisions and policies are formulated. Release of these notes and communications would chill the employees' ability to freely discuss agency issues, and communicate freely with OIG, which is harmful to a comprehensive agency-decision-making process generally. Release of information under the |

Vaughn Index – Office of Inspector General, Department of Veterans Affairs
*Nat'l Ass'n of Minority Veterans v. U.S. Department of Veterans Affairs*

| | | | | | |
|---|---|---|---|---|---|
| | | | | | foregoing circumstances not only harms the agency decision-making process but the ability of the agency to conduct its business and make the best determination possible based on a thorough consideration of the issues.<br><br>The redacted material also consists of information that individuals have a privacy interest in including, names, email addresses and titles.<br><br>Additionally, portions of the redacted information reveal information about law enforcement techniques and procedures and disclosure of these confidential survey responses could reasonably be expected to risk circumvention of the law. |
| 21-00363-FOIA | | "Documentation related to referenced responses from DUSHOM" | (b)(5)<br>(b)(6)<br>(b)(7)(E) | Withheld in full (10 pages). | The responsive records are internal communications containing confidential responses to VA OIG questions. These emailed questions can take the place of interviews or be used as follow-up to interviews. The redacted material contained in these records is pre-decisional and none of the information reflects final agency decision. The questions asked reflect internal OIG deliberations and determinations as to what is important information when developing the audit or investigation. The questions were asked to prepare and write an OIG report which is publicly available. These internal communications from VA employees reflect deliberations comprising part of a process by |

Vaughn Index – Office of Inspector General, Department of Veterans Affairs

*Nat'l Ass'n of Minority Veterans v. U.S. Department of Veterans Affairs*

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | which governmental decisions and policies are formulated. Release of these communications would chill the employees' ability to freely discuss agency issues and communicate freely with OIG which is harmful to a comprehensive agency-decision-making process generally. Release of information under the foregoing circumstances not only harms the agency decision-making process but the ability of OIG to conduct its business, gain the trust and cooperation of agency employees, and make the best determination possible based on a thorough consideration of the issues.<br><br>The redacted material also consists of information that individuals have a privacy interest in including, names, email addresses and phone numbers.<br><br>Additionally, portions of the redacted information reveal information about law enforcement techniques and specific information about police reporting programs and disclosure of these responses could reasonably be expected to risk circumvention of the law. |

Vaughn Index – Office of Inspector General, Department of Veterans Affairs
*Nat'l Ass'n of Minority Veterans v. U.S. Department of Veterans Affairs*

I affirm that the foregoing is true and correct and that the VA OIG Information Release Office reviewed responsive records individually and only redacted exempted materials.

Executed this 30th day of June 2022.


Ruthlee Gowins-Bellamy
Supervisory Government Information Specialist