UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL ASSOCIATION OF <br> MINORITY VETERANS, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF <br> VETERANS AFFAIRS, <br><br> Defendant, | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 21-1298 (RC) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**SECOND DECLARATION OF RUTHLEE GOWINS-BELLAMY**

Under penalty of perjury, I, Ruthlee Gowins-Bellamy, do hereby declare the following:

1. I am the Supervisory Government Information Specialist for the Department of Veterans Affairs ("VA"), Office of Inspector General ("OIG"), Office of Information Release.

2. One of my duties as Supervisory Government Information Specialist is to respond to requests for records made pursuant to the Freedom information Act ("FOIA"), 5 U.S.C. § 552, to the OIG Office of Information Release.

3. I have been employed by the OIG Office of Information Release in this capacity since September 4, 2017. I make the following statements based upon my personal knowledge, which in turn is based on a personal review of the appropriate records in the case file, discussions with relevant FOIA personnel designated for processing the subject request, and information furnished to me in the course of my official duties.

4. Through the exercise of my official duties, I have become familiar with the background of Plaintiff's FOIA requests and OIG's responses to them. I have also become familiar with the background of this litigation and have read a copy of the Plaintiff's Complaint.

5. On November 20, 2020, my office received a FOIA request from Plaintiff's counsel dated November 11, 2020 via email from the FOIA office of VA's Veterans Health Administration ("VHA"). The Office of Information Release assigned Plaintiff's request a tracking number of 21-00112-FOIA. The November 20, 2020 request from Plaintiff was signed by Sunita Patel, one of plaintiff's counsel, and printed on UCLA School of Law letterhead.

6. On January 25, 2021, the OIG Office of Information Release received an appeal from Plaintiff's counsel, this letter was signed by Courtney Bachman and listed Sunita Patel and Matthew Strugar as signatories. The appeal letter contained new descriptions of records not described in the original FOIA request submitted by Plaintiff's counsel. Specifically:

   1. "we request a list of the thirty facilities examined in the 2013 report,"

   2. "we would like to see any data that examines behavioral record flag policies from relevant OIG reports including [a report published January 2018], [report published December 2018] and [a report published June 2020],

   3. "this includes but is not limited to, any data collected or used for Issue 2: Patient Record Flag Placement, Follow-up, and Notification in the January 30, 2018 OIG report"

   4. "we are interested in any related data collected or complied for the January 30, 2018, December 13, 2018, and June 17, 2020 OIG reports including the aggregate data by facility compiled for Table 1…and Table 2,"

   5. "We believe records should exist concerning notice, discussion of, and compliance with OIG guidelines and recommendations between 2014 and 2020," and

6. "lastly, we request any data collected from the above cited reports concerning vulnerable populations."

These phrases and descriptions were not present in the original FOIA request, 21-00112-FOIA.

7. On January 28, 2021, the Office of Information Release responded to Plaintiff's counsel and the appeal, addressing the new descriptions of records by explaining how to submit a new FOIA request directly to our office.

8. On May 11, 2021 Plaintiff's counsel filed the underlying complaint.

9. On August 10, 2021 in a good faith attempt to resolve the complaint via negotiations and help Plaintiff submit a FOIA request that reasonably described VA OIG records, an attorney from our office spoke with Plaintiff's counsel and the assigned AUSA. The attorney explained the various OIG records systems, the relationship between OIG and VA and the types of records OIG maintains, and the significant amount of OIG records available online and publicly accessible.

10. On August 23, 2021, the Office of Information Release received a forwarded email from Plaintiff's counsel (Matthew Strugar with Sunita Patel and Courtney Bachman copied) with a new list of records "my client is interested in" that were "the three reports identified in our administrative appeal." This request included descriptions of records not described in the original FOIA request, 21-00112-FOIA.

11. The Office of Information Release has not received a request or communication directly from Plaintiff, all have been signed and emailed by various counsel for Plaintiff. We have referred to the multiple requests and appeals as coming from Plaintiff even though each one has come from a different counsel.

12.     The Office of Information Release processed the August 23, 2021 request in the same manner that the 21-00112-FOIA was handled, which is the same manner any new FOIA request is handled. We entered the request into our record system, which assigned it tracking number 21-00363-FOIA. Our office sent Plaintiff's counsel an acknowledgement and final response letter on October 6, 2021. The acknowledgement and response letter explained that the request was assigned FOIA tracking number 21-00363-FOIA and explained that our office identified records that originated with other components and where those records were referred for processing. No fees were charged for any of the searches conducted for Plaintiff, including the August 23, 2021 request. The letter also explained the redactions that were made on the records released. The October 6, 2021 letter concluded with the same paragraph provided in response to the original FOIA request (21-00112-FOIA):

> "You may appeal the determination made in this response to: Department of Veterans Affairs, Office of Inspector General, Office of Counselor (50C), 810 Vermont Avenue NW, Washington, DC 20420, or by email to: VAOIGFOIA-Appeals@va.gov, or by fax to: (202) 495-5867. If you should choose to make an appeal, your appeal must be sent no later than ninety (90) calendar days after the date of this letter. Your appeal must include the assigned FOIA Tracking Number and any reason(s) why you believe the response was in error. If you choose to appeal only a portion of the determination, you must specify which part of the determination you are appealing. The appeal should include a copy of the request and VA's response. The appeal should be marked, or subject-titled, "Freedom of Information Act Appeal."

13.     On October 6, 2021, our office received a reply from Plaintiff's attorney, Matthew Strugar, saying he was on the East Coast but would be checking email every day.

14.     Our October 6, 2021 response letter informed Plaintiff that we referred records to OS&LE and VHA for processing, because those records originated with those components. I was informed that OS&LE provided a response letter to Plaintiff on October 8, 2021. I reviewed that response letter and it explained that the referred records were being treated as a new FOIA

4

request and provided instructions for how to appeal the decision. (Exhibit 19). I reviewed the response letter from VHA and noted that they also treated the referral as a new FOIA request and provided Plaintiff with a new tracking number and instructions on how to appeal (Exhibit 21).

15. In the Joint Status Report (JSR) filed on October 5, 2021, the 21-00363-FOIA request was described as "[p]laintiff provided Defendant, through counsel, with guidance regarding three specific reports and the data from those three reports on August 23, 2021." There is no mention of any intent to modify or revise the original FOIA request with the 21-00363-FOIA request in the JSR.

16. Our office never received communication from any of Plaintiff's counsel indicating an objection to our handling and processing of 21-00363-FOIA as a new and separate FOIA request, nor did we receive a response with any objections to redactions made on the records released in response to 21-00363-FOIA.

17. Our office treated 21-00363-FOIA like a new request, separate from 21-00112-FOIA because it contained new descriptions of records not contained within the 21-00112-FOIA request. All communications from Plaintiff in this case, including the original FOIA request, came through one of Plaintiff's three counsel, so the way 21-00363-FOIA was received was not unique.

18. There was never any communication received by my office that 21-00363-FOIA should be interpreted as modifying or revising 21-00112-FOIA and since the language in both requests are very different, and the records requested are different, there was no reason for my office to assume that Plaintiff's intent was to change the original FOIA request.

19. I was informed that Plaintiff continued to appeal and dispute the processing and response to the original FOIA request, as late as October 2021. I reviewed the appeal letter sent

to VHA from Plaintiff's counsel on October 11, 2021 where she appeals the response to the original FOIA (Exhibit 20). This was sent months after the August 2021 request that Plaintiff now argues replaced the original FOIA. Plaintiff has never treated the August 2021 request as a modification or replacement of the original request, and they continue to cite the original FOIA language and file appeals with VA based on the original FOIA request.

20. The October 5, 2021 JSR states that the "responsive records identified within VA OIG have been identified and reviewed and will be provided to Plaintiff's counsel on October 6, 2021" and the JSR filed December 6, 2021 states "there are no other anticipated productions of records from VA OIG."

21. Below is a comparison of Plaintiff's descriptions of records in the original FOIA request, the appeal and the second FOIA request:

| Original FOIA 21-00112 | Appeal | Second FOIA 21-00363 |
|---|---|---|
| II.     REQUEST FOR INFORMATION AND RECORDS<br><br>A.     Any and all Records concerning the behavioral record flag policies and procedures utilized by the VAPD and VHA staff including, but not limited to:<br>1.     Policies and procedures related to "disruptive behavior flags;"<br>2.     Each Veterans Integrated Service Networks' (VISNs) guidelines and procedures outlining the process for authorizing placement of record flags, notifying veterans of the flags, and the process for appealing and removing them;<br>3.     VA and VHA definitions and applications of "disruptive behavior" as applied in each VISN and any uniform definitions across the VA, including but not limited to definitions recommended by the Office of the Inspector General (OIG) Management of Disruptive Patient Behavior at VA Medical Facilities (2013).6<br><br>B.     Any and all Records concerning Disruptive Behavior Committees/Boards (DBC/Bs) policies and procedures including, but not limited to records related to:<br>1.     issuance of Orders of Behavioral Restriction or placement of Category I or Category II record flags; and<br>2.     reevaluation of previously issued Red Flags by the DBC/B.<br><br>C.     Any and all records concerning the placement, use, and outcomes of Panic Alarms activation by VA staff and VA police, including, but not limited to:<br>1.     VA Police policies and procedures relating to the activation of Panic Alarms, including but not limited to stationary, electronic personal, and computer-based Panic Alarms; and<br>2.     VA guidelines and procedures for Panic alarm testing.<br>3.     arrests made following the use of a panic alarm or security alarm triggered by a staff member.<br><br>D.     Any and all Records concerning notice, discussion of, and compliance with Department of Veterans Affairs Office of Inspector General guidelines and recommendations issued between 2014 and 2020 including, but not limited to: | 1.     "we request a list of the thirty facilities examined in the 2013 report,"<br><br>2.     "we would like to see any data that examines behavioral record flag policies from relevant OIG reports including [a report published January 2018], [report published December 2018] and [a report published June 2020],<br><br>3.     "this includes but is not limited to, any data collected or used for Issue 2: Patient Record Flag Placement, Follow-up, and Notification in the January 30, 2018 OIG report"<br><br>4.     "we are interested in any related data collected or complied for the January 30, 2018, December 13, 2018, and June 17, 2020 OIG reports including the aggregate data by facility compiled for Table 1…and Table 2,"<br><br>5.     "We believe records should exist concerning notice, discussion of, and compliance with OIG guidelines and recommendations between 2014 and 2020," and<br><br>6.     "lastly, we request any data collected from the above cited reports concerning vulnerable populations." | **January 30, 2018** - Management of Disruptive Patients Behavior in VA Medical Facilities:<br><br>• List of facilities included in OIG review<br><br>• Documents related to noncompliance with VHA policy to inform patients about patient record flags and their right to request amendment or appeal of the designation (page ii of executive summary; and Issue 2 on pp. 12-13) This portion of the report discusses a draft policy that OIG approved and we would like a copy of the draft or final policy. It also discusses an exchange between OIG and VHA to change the notification policy from all patients with record flags to only patients with orders of behavioral restriction.<br><br>• Documents related to Issue 4, management of non-patient assaults (p. 15)<br><br>• The underlying records for Table 2 (p. 20). I think this would involve records for 1,025 patients involved in disruptive behavior incidents from July 1, 2015 to June 30, 2016. Any summary analysis, spreadsheets, data records compiled that include the justifications or narrative reasoning for flags or orders of behavioral restriction.<br><br>• Specific Documents:<br>  ○ Acting Deputy Under Secretary for Health for Operations and Management. "Meeting New Mandatory Safety Training Requirements using Veterans Health Administration's Prevention and Management of |

1.	Implementation of recommended designated manager of the records management systems for the VAPF;7 and
2.	Findings of the working group established to evaluate whether the Report Exec system meets the needs of VAPF, including strategies to implement this system or its replacement;8 and
3.	Development and implementation of a plan for resolving issues with the police records management system.9

III.	RECORDS RELATED TO DATA AND STATISTICS

A.	National and Regional Data and Statistics: Requester seeks any and all Records containing data or statistics prepared, compiled, or maintained by the VA or any agency or subdivision thereof, pertaining to the VA Police, beginning in year 2010 to the present. Requesters seek such national, State, or VISN Records. Requesters seek such Records encompassing information on and off VA property. Such Records should include information related to numbers of police officers, citations, arrests (on and off VA property; subject to a judicial warrant and warrantless), searches of persons and property, use of force, weapons use, numbers of complaints against VAPF officers.

B.	District Court Violation Notices:
1.	Records that contain data or statistical information on the total amount of District Court Violation Notices VA Police issued in each state, VISN, or facility.
2.	Records that contain data or numerical information for District Court Violation Notices involving VA Police officers in connection with local, state, other federal, OIG, or university police.

C.	Vehicle Removal:
1.	Records that contain data or statistical information on the total vehicles removed from VA Property.
2.	Records that contain data or numerical information for vehicle removal involving VA Police officers in connection with local, state, other federal, OIG, private security, or university police.

D.	Traffic Enforcement:
1.	Records that contain data or statistical information on citations for traffic or parking

---

Disruptive Behavior (PMDB) Curriculum." Memorandum. November 7, 2013.
- VHA Center for Engineering and Occupational Safety and Health, Employee Threat Assessment Team: A Guidebook for Managing Risks Posed by the Disruptive and Threatening Employee, April 2016. • Records related to Employee Threat Assessment Teams

**December 13, 2018** - Inadequate Governance of the VA Police Program at Medical Facilities:

- The OS&LE reports used by OIG that assess the effectiveness of the inspection program for every VA medical facility w/police unit (referenced on page 27)

- The documentation from the interviews with OSP and VHA employees about roles and responsibilities

- Underlying data from Table 1: Overview of Police Program Requirements Inspected by OS&LE

- The underlying data from discussion and cited examples regarding the 119 police chief and 88 medical facility director survey responses

**June 17, 2020** - VA Police Management System Needs Improvement:

- List of five facilities included in OIG review

- Documentation from the referenced testimonial and documentary information from the 90 VHA, OSP, OIT, and Office of Acquisition and Logistics, and

| | | |
|---|---|---|
| violations on or around VA medical facility property in each state, whether issued by VA Police, other authorized law enforcement or private security.<br>2. Records that contain data or numerical information for traffic enforcement involving VA Police officers in connection with local, state, other federal, OIG, or university police.<br><br>E. Panic Button Data:<br>1. Records that contain data or statistical information on the usage of Panic Alarms by VA staff or VA police in VA facilities in each state.<br>2. Records that contain data or statistical information on the testing of Panic Alarms in each state, VISN, and/or Facility.<br>3. Records that contain data or numerical information for panic buttons involving VA Police officers in connection with local, state, other federal, OIG, or university police.<br><br>F. Behavioral Record Flag Data<br>1. Records that contain data or statistical information on the issuance of Behavioral Red Flags and/or Patient Record Flags to veterans who are members of Vulnerable Population in VA Facilities in each state, VISN, and/or Facility.<br>2. Records that contain data or statistical information on the number of veterans who are members of Vulnerable Populations that currently have Behavioral Red Flags and/or Patient Record Flags<br>3. Records that contain data or statistical information on the number of veterans who are members of Vulnerable Populations that have had their Behavioral Red Flags and/or Patient Record Flags removed.<br>4. Records that contain data or numerical information for Behavioral Record Flags involving VA Police officers in connection with local, state, other federal, OIG, or university police.<br>5. Previously compiled data, records, or other information relied upon by the<br>a. Office of the Inspector General<br>b. Government Accountability Office<br>c. Office of Security and Law Enforcement<br>d. Office of Operations, Security, and Preparedness.<br><br>G. Disruptive Behavior Committee/Board Data | | Construction employees (discussed in Appendix B)<br><br>• Data from the responses of the online survey given to 139 VA facility police chiefs on March 5, 2019 and any data from the clarification follow ups (discussed in Appendix B)<br><br>• Documentation related to the referenced responses from DUSHOM |

| | | |
|---|---|---|
| 1.      Records that contain data or statistical information on the attendance of DBC/Bs in VA Facilities in each state, VISN, and/or Facility.<br>2.      Records that contain data or statistical information on the issuance of Orders of Behavioral Restriction (OBR).<br><br>H.      Uniform Monthly Crime Reports for VA Facilities in Ohio, New York, Florida, and California from 2010 to present. | | |

22. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 30th day of June, 2022.

_____
Ruthlee Gowins-Bellamy

Supervisory Government Information Specialist
Department of Veterans Affairs
Office of Inspector General
Office of Information Release