UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL ASSOCIATION OF MINORITY VETERANS,<br><br>                Plaintiff,<br><br>    v.<br><br>U.S. DEPARTMENT OF VETERANS AFFAIRS,<br><br>                Defendant. | Civil Action No. 21-1298 (RC) |

**JOINT STATUS REPORT**

Pursuant to the Court's December 5, 2022 Minute Order, Plaintiff National Association of Minority Veterans and Defendant U.S. Department of Veterans Affairs ("VA"), by and through counsel, respectfully submit this Joint Status Report with a proposed schedule for further proceedings. This is a Freedom of Information Act ("FOIA") matter concerning a FOIA request submitted to the Department of Veterans Affairs, as narrowed during this litigation. (*See* Nov. 18, 2022 Mem. Op. at 4–5, 13–15).

The parties' respective positions are below:

PLAINTIFF'S REPORT

Plaintiff sought to revolve the remaining matters in this case short of litigation. Because of the agency's repeated delay and unwillingness to move from its positions, another round of summary judgment is necessary.

In denying the agency's motion for summary judgment on November 18, 2022, this Court ordered the agency to "submit a proposed schedule for further proceedings within two weeks of the issuance of this Opinion." (ECF No. 30 at 21.)

Plaintiff's counsel met and conferred with Defendant's counsel and requested that the agency and counsel revisit their withholdings in this case to date and reassess if it was filling to provide some of the withheld material. The agency asked for more time to prepare its *Vaughn* index (despite having *already* filed a *Vaughn* index back in this action back in July 2022, ECF No. 24-1) and Plaintiff relented. Pursuant to the parties' stipulated request, this Court provided the agency until December 20, 2022 to provide another *Vaughn* index.

Despite Plaintiff's efforts, agency has been unwilling to reassess its withholdings in this action. The delay to date has only given the agency time to prepare a more robust *Vaughn* index than the one it filed in July 2022. The request at issue is more than two years old, this action is more than a year and a half old, and the parties have already gone through one round of summary judgement. It is the agency's burden to justify its withholdings and it is past time for it to do so. There is no basis for a further delay, especially not one involving *seven months* of briefing what will be a second round of cross motions for summary judgment.

Plaintiff propose the following briefing schedule:

2/17: Defendant files Motion for Summary Judgment

3/20: Plaintiff files cross-MSJ and opposition

4/17: Defendant files opposition and reply

5/1: Plaintiff files reply

## **DEFENDANT'S REPORT**

Considering the events of the past two months, Defendant has been surprised by Plaintiff's apparent last-minute reversal in position and refusal to identify or discuss outstanding issues in the litigation.

On November 29, 2022, shortly after the Court's decision on summary judgment, counsel for the parties had a call and agreed to discuss outstanding issues in this matter, including to see whether issues could be resolved without further briefing. As Plaintiff's counsel was unable to identify any outstanding issues during the call, the parties agreed to use the VA OIG's draft *Vaughn* index as the jumping off point for the discussions over the next 45 days—with the VA OIG first providing the draft *Vaughn* index, then Plaintiff conveying what issues are outstanding, and the parties engaging in further discussions to potentially resolve or at least narrow outstanding issues. (Contrary to Plaintiff's assertions regarding an earlier *Vaughn* index, there was only Defendant's inadvertent ECF filing of a draft *Vaughn* index, which Defendant withdrew in error (*see* ECF 25) and did not otherwise circulate).

The parties' agreement to engage in these discussions was memorialized in the December 2, 2022 Joint Status Report, which stated: "The parties jointly propose that, by December 20, 2022, Defendant will provide a draft *Vaughn* index to Plaintiff regarding the redactions and withholdings applied to the October 6, 2021 production by the VA's Office of the Inspector General. The parties have agreed to use the draft Vaughn index to engage in further discussions to potentially narrow contested issues in this litigation." ECF 33.

Since the last Joint Status Report, the VA's Office of the Inspector General provided the draft *Vaughn* index to Plaintiff on December 20, 2022.

Plaintiff, however, has refused to identify or discuss outstanding issues in the matter, as the parties agreed and as is typical for FOIA litigation.  The only response that Plaintiff has provided was an email on January 12, 2021 that proposed a summary judgment briefing schedule. Plaintiff has also been unwilling to take additional time before briefing to allow Plaintiff to

communicate the issues remaining in the litigation and to allow the parties to discuss and potentially narrow the issues.

In light of this unexpected response from Plaintiff, Defendant requests that the Court order Plaintiff to meet and confer in good faith to narrow the scope of the remaining issues by no later than January 26, 2023, with the next joint status report due February 24, 2023. Alternatively, Defendant requests that the Court adopt Defendant's proposed summary judgment briefing schedule. Because the undersigned counsel has many discovery commitments and brief deadlines in the upcoming weeks, and because Defendant needs additional time considering that Plaintiff has refused to narrow the scope of the contested issues at all, Defendant proposes the following summary judgment briefing schedule:

- March 28, 2023: Defendant's motion for summary judgment
- May 26, 2023: Plaintiff's cross-motion for summary judgment and opposition
- July 25, 2023: Defendant's opposition to cross-motion for summary judgment and reply
- August 24, 2023: Plaintiff's reply

| | |
|---|---|
| Dated: January 17, 2023 | Respectfully submitted, |
| /s/ | MATTHEW M. GRAVES |
| MATTHEW STRUGAR | United States Attorney |
| D.C. Bar #1010198 | D.C. Bar #481052 |
| Law Office of Matthew Strugar | |
| 3435 Wilshire Blvd., Suite 2910 | BRIAN P. HUDAK |
| Los Angeles, CA 90010 | Chief, Civil Division |
| (323) 696-2299 | |
| matthew@matthewstrugar.com | By: /s/ |
| | CHRISTINA O'TOUSA |
| SUNITA PATEL | D.C. Bar # 241667 |
| D.C. Bar. #1026102 | Assistant United States Attorney |
| UCLA Veterans Legal Clinic | 601 D Street, NW |
| 907 Westwood Blvd., Unit 444 | Washington, DC 20530 |
| Los Angeles, CA 90024 | (202) 252- 2437 |
| (310) 792-1498 | christina.o'tousa@usdoj.gov |
| patel@law.ucla.edu | |
| | *Attorneys for the United States of America* |
| COURTNEY BACHMAN | |
| *Pro Hac Vice* | |
| UCLA Veterans Legal Clinic | |
| 907 Westwood Blvd., Unit 444 | |
| Los Angeles, CA 90024 | |
| (424) 235-5047 | |
| bachman@law.ucla.edu | |
| | |
| AISHA CHERI NOVASKY | |
| *Pro Hac Vice* | |
| UCLA School of Law | |
| Veterans Legal Clinic 907 Westwood | |
| Boulevard Suite 444 | |
| Los Angeles, CA 90024 | |
| (310) 478-3711 | |
| Novasky@law.Ucla.Edu | |
| | |
| *Attorneys for Plaintiff* | |