

**Department of Veterans Affairs**
**Office of Inspector General**
**Washington, DC  20420**

January 28, 2021

Sunita Patel
Veterans Legal Clinic, UCLA School of Law
385 Charles E. Young Drive East
Los Angeles, CA 90095
[Sent via: patel@law.ucla.edu]

Ref:  FOIA Appeal # 21-00010-APP for FOIA # 21-00112-FOIA

Ms. Patel:

This letter responds to your FOIA appeal, received on January 25, 2021, of the referenced Department of Veterans Affairs Office of the Inspector General (VA OIG) FOIA response. As background, your November 11, 2020 FOIA request was directed to the VA Central Office.  The request was referred to the Veterans Health Administration (VHA) FOIA Office on November 17, 2020 for any portions that relate to VHA records, then to the VA OIG on November 20, 2020 for any portions that relate to VA OIG records.  Regarding VA OIG records, your request reads as follows:  "Any and all Records concerning notice, discussion of, and compliance with Department of Veterans Affairs Office of Inspector General guidelines and recommendations issued between 2014 and 2020 including, but not limited to: 1. Implementation of recommended designated manager of the records management systems for the VAPF; and 2. Findings of the working group established to evaluate whether the Report Exec system meets the needs of VAPF, including strategies to implement this system or its replacement; and 3. Development and implementation of a plan for resolving issues with the police records management system."  As further explanation, your request referenced two VA OIG reports: *Management of Disruptive Patient Behavior at VA Medical Facilities* (2013) and *VA Police Management System Needs Improvement* (2020).

On December 23, 2020, the VA OIG FOIA Office sent the response letter, which advised you that supporting records for the VA OIG report cited in your request, *Disruptive Patient Behavior at VA Medical Facilities* (2013) were no longer available, consistent with National Archives record retention policies and that consequently they must issue a "no records" response.  In your appeal of the "no records" response, you argue that only part of your request can be denied under this explanation.

Your appeal challenges the adequacy and reasonableness of the search conducted by the FOIA staff. Courts have found record searches to be adequate when, among other things, they are based on a reasonable interpretation of the scope of the subject matter of the request. *See, e.g., Larson v. Dep't of State*, 565 F.3d 857, 869 (D.C. Cir. 2009). VA regulations require that a proper FOIA request must sufficiently describe the records sought. *See*, 38 C.F.R. §1.554. Courts have found that a description of a requested record is sufficient if it enables a professional agency employee familiar with the subject area to locate the record with a reasonable amount of effort. *See, e.g., Ferri v. DOJ*, 573 F. Supp. 852, 859 (W.D. Pa. 1983). Although not specifically stated in the response letter, the FOIA file shows the FOIA staff reasonably searched the relevant VA OIG systems for records responsive to the portions of your request that relate to VA OIG records. Therefore, after a review of the FOIA file, including the request, and the relevant VA OIG record system, I find the search by the FOIA staff was adequate and reasonable.

As a separate matter, your appeal letter adds new descriptors to the records you request and could indicate you intend to submit a new FOIA request. This appeal response is limited to the original request and the subsequent "no records" response regarding VA OIG records. If you intend to file a new request, please submit it directly to the VA OIG FOIA staff, which can be reached via email at: VAOIGFOIA-PA@va.gov.

Therefore, after a review of the appeal and the FOIA file, I find the FOIA response was proper and the appeal is denied. This is the final decision of the Department of Veterans Affairs on your appeal. The FOIA requires that I advise that, if you believe the Department erred in this decision, you have the right to file a complaint with the appropriate United States District Court. The FOIA also requires I advise that FOIA requesters may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer as non-exclusive alternatives to litigation. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769. Please note that OGIS does not have the authority to mediate Privacy Act requests.

Respectfully,

*Christopher Connor*

Christopher Connor
Chief, Information Release Office (50CI)

Copy to:  VA OIG FOIA Office