Kate,

See below from Plaintiff's counsel.  What are your thoughts about the burden of what they are seeking here?

Thanks,
Stephen

Stephen M. DeGenaro
Assistant United States Attorney
United States Attorney's Office
District of Columbia
555 Fourth Street, N.W.
Washington, D.C. 20530
Phone: (202) 252-7229
Email: Stephen.DeGenaro@usdoj.gov

---

**From:** Matthew Strugar <matthew@matthewstrugar.com>
**Sent:** Monday, August 23, 2021 6:21 PM
**To:** DeGenaro, Stephen (USADC) <SDeGenaro@usa.doj.gov>
**Cc:** Patel, Sunita <patel@law.ucla.edu>; Courtney Bachman <bachman@law.ucla.edu>
**Subject:** NAMVETS v. VA

Stephen,

Thank you again for talking to me about this case. I am copying Sunita Patel and Courtney Bachman with the Veterans Legal Clinic at UCLA Law School. They've both recently entered appearances in this case.

You asked, with regard to the OIG's production, if my client could specify which OIG reports it was interested in and which of the underlying data referenced in this reports my client is interested in.

As I suspected during our call, the reports themselves are the three reports identified in our administrative appeal:

- January 30, 2018 - Management of Disruptive Patients Behavior in VA Medical Facilities;
- December 13, 2018 - Inadequate Governance of the VA Police Program at Medical Facilities; and
- June 17, 2020, VA Police Management System Needs Improvement

As far as data relied on in each report, I think it it can be broken down like this:

January 30, 2018 - Management of Disruptive Patients Behavior in VA Medical Facilities:
- List of facilities included in OIG review

- Documents related to noncompliance with VHA policy to inform patients about patient record flags and their right to request amendment or appeal of the designation (page ii of executive summary; and Issue 2 on pp. 12-13) This portion of the report discusses a draft policy that OIG approved and we would like a copy of the draft or final policy. It also discusses an exchange between OIG and VHA to change the notification policy from all patients with record flags to only patients with orders of behavioral restriction.
- Documents related to Issue 4, management of non-patient assaults (p. 15)
- The underlying records for Table 2 (p. 20). I think this would involve records for 1,025 patients involved in disruptive behavior incidents from July 1, 2015 to June 30, 2016. Any summary analysis, spreadsheets, data records compiled that include the justifications or narrative reasoning for flags or orders of behavioral restriction.
- Specific Documents:
  - Acting Deputy Under Secretary for Health for Operations and Management. "Meeting New Mandatory Safety Training Requirements using Veterans Health Administration's Prevention and Management of Disruptive Behavior (PMDB) Curriculum." Memorandum. November 7, 2013.
  - VHA Center for Engineering and Occupational Safety and Health, *Employee Threat Assessment Team: a Guidebook for Managing Risks Posed by the Disruptive and Threatening Employee*, April 2016.
- Records related to Employee Threat Assessment Teams

December 13, 2018 - Inadequate Governance of the VA Police Program at Medical Facilities
- The OS&LE reports used by OIG that assess the effectiveness of the inspection program for every VA medical facility w/police unit (referenced on page27)
- The documentation from the interviews with OSP and VHA employees about roles and responsibilities
- Underlying data from Table 1: Overview of Police Program Requirements Inspected by OS&LE
- The underlying data from discussion and cited examples regarding the 119 police chief and 88 medical facility director survey responses

June 17, 2020 - VA Police Management System Needs Improvement
- List of five facilities included in OIG review
- Documentation from the referenced testimonial and documentary information from the 90 VHA, OSP, OIT, and Office of Acquisition and Logistics, and Construction employees (discussed in Appendix B)
- Data from the responses of the online survey given to 139 VA facility police chiefs on March 5, 2019 and any data from the clarification follow ups (discussed in Appendix B)
- Documentation related to the referenced responses from DUSHOM

Let us know if you need to discuss this portion of the request further.

Thank you,
Matthew Strugar

--
Law Office of Matthew Strugar
3435 Wilshire Blvd., Suite 2910
Los Angeles, CA 90010
323-696-2299
matthewstrugar.com