UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL ASSOCIATION OF MINORITY VETERANS, <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF VETERANS AFFAIRS, <br><br> Defendant. | Civil Action No. 21-1298 (RC) |

## DECLARATION OF DEANA M. MARAKOWSKI

I, Deana M. Marakowski, do hereby declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct to the best of my knowledge, information and belief:

1. I have been the Freedom of Information Act (FOIA) Officer for the Department of Veterans Affairs (VA) Veterans Health Administration (VHA) Central Office FOIA in Washington, DC since 2011. Prior to that, I was a facility FOIA Officer since 2009.

2. My responsibilities include processing VHA Central Office FOIA requests. I am also responsible for advising VHA field FOIA Officers as well as for other duties assigned to me that are of a pressing nature for the Agency and the VHA Central FOIA Office.

3. Over the course of the past years processing VHA Central Office FOIA requests, I have developed experience and knowledge as to where information being requested from VHA is most likely to be found within VHA's Central Office, programs which are part of VHA Central Office and other national VA programs. VHA Central Office FOIA responsibilities does not include a search of individual VHA facilities.

4.     I declare that the statements made in this declaration are based on my personal knowledge, knowledge acquired by me as the processing FOIA Officer, and information contained in the FOIA administrative case file.

### I. REFERRAL OF DOCUMENTS TO VETERANS HEALTH ADMINISTRATION CENTRAL OFFICE FOIA FROM OFFICE OF THE INSPECTOR GENERAL

5.     On October 6, 2021, the OIG issued an initial agency decision letter under OIG FOIA tracking number 21-00363-FOIA to FOIA requestor, Matthew Strugar, and determined that a portion of the responsive records required a review and release determination by VHA.

6.     On October 6, 2021, OIG referred one-hundred and twenty-eight (128) pages of responsive records to VHA because the records originated within VHA. Upon review, VHA determined that the referral was actually one-hundred twenty-nine (129) pages of responsive records. The documents included a copy of a Report of Contact; Employee Threat Assessment Team (ETAT) Guide, dated April 2016; a November 7, 2013, Memorandum; and a June 3, 2017, Patient Record Flags (PRF) Draft Policy, which was a draft of a VHA Directive that was later published.

7.     The FOIA tracking number assigned to this referral was 22-00016-R.

8.     On December 22, 2022, I, Deana Marakowski, issued an initial agency decision letter to FOIA requester, Matthew Strugar. *See* Exhibit J. Contemporaneously, I released the referred documents. Certain information or pages were withheld under Exemptions 5 and 6.

9.     As of this filing, Plaintiff still has ongoing administrative proceedings with Veterans Health Administration in regard to Plaintiff's original November 11, 2021 FOIA request (*see, e.g.*, Exhibit K), with additional records processing and release likely forthcoming.

## II.  FOIA EXEMPTIONS, FORESEEABLE HARM FROM DISCLOSURE, AND SEGREGABILITY

10.    Attached to this declaration is VHA Central Office Vaughn index documenting the FOIA exemptions applied.

11.    The pre-decisional draft of unnumbered VHA Directive Workplace Violence Prevention Program was withheld in full under Exemption 5's deliberative process privilege, except for the last page which was released and is blank except for the document header. The application of this exemption is discussed in more detail in the Vaughn Index.

12.    I determined that release of the pre-decisional draft of the Directive could reasonably be expected to cause harm to the VA. Release of the non-final draft would likely confuse the public because it contains discussions and concerns that were not published in the final Directive. Moreover, the release of this draft document, which contains discussion between VA employees regarding adoption or rejection of ideas, policies, language, and legal requirements, would likely suppress open, candid discussion about future VA policies.

13.    The November 7, 2013 Memorandum on Meeting New Mandatory Safety Training Requirements was withheld in part under Exemption 6. Specifically, the lower-level employee names and an email address, phone number, and signature block were redacted.

14.    I determined that the release of the lower-level employee names and contact information would constitute a clearly unwarranted invasion of personal privacy, and that it exceeded the interest of the public in disclosure as disclosure would provide no greater insight into the operations of the VA.

15.    The Report of Contact was withheld in part under Exemptions 5 and 6. Portions of the deliberations were redacted under the deliberative process privilege, and lower-level employee

names were redacted under Exemption 6. The application of these exemptions is discussed in more detail in the Vaughn Index.

16.     I determined that release of pre-decisional deliberative discussions in the Report of Contact could reasonably be expected to cause harm to the VA, as this release would likely confuse the public and suppress open discussion about future policies. Moreover, I determined that the release of the lower-level employee names would constitute a clearly unwarranted invasion of personal privacy, and that it exceeded the interest of the public in disclosure as disclosure would provide no greater insight into the operations of the VA.

17.     The Employee Threat Assessment Team (ETAT) Guidebook (May 2016) was withheld in part under Exemption 6. Specifically, the names of individuals who contributed in different capacities to the guidebook were redacted on two pages of the document. The application of this exemption is discussed in more detail in the Vaughn Index.

18.     I determined that the release of the names of the individuals could reasonably be expected to cause harm to the VA because release of the lower-level employee names would constitute a clearly unwarranted invasion of personal privacy, and it exceeded the interest of the public in disclosure as disclosure would provide no greater insight into the operations of the VA.

19.     I conducted a line-by-line segregability analysis of the responsive records. After careful and extensive examination, I released to Plaintiff all reasonably segregable, non-exempt information whose release would not cause foreseeable harm.

*     *     *

Executed on this 21st day of March 2023.

*Deana M. Marakowski*

Deana M. Marakowski
FOIA Officer, Central FOIA Office
Department of Veterans Affairs
Veterans Health Administration