

Veterans Health Administration
Information Access and Privacy (105HIG)
810 Vermont Avenue NW
Washington, DC 20420

Request No: **22-00016-R**

December 22, 2021

Matthew Strugar
Law Office of Matthew Strugar
3435 Wilshire Blvd., Suite 2910
Los Angeles, CA 90010
matthew@matthewstrugar.com

Dear Mr. Strugar,

    This letter is an agency decision on behalf of the Veterans Health Administration (VHA).  On August 26, 2021 you submitted a Freedom of Information Act (FOIA), 5 U.S.C. § 552 request to the Department of Veterans Affairs (VA), Office of the Inspector General (OIG).  On October 6, 2021 the OIG issued an initial agency decision to you and determined that a portion of the responsive records required a review and release determination by VHA.  Specifically, it was determined that one-hundred and twenty-eight (128) pages of records were originated within VHA to include a copy of a Report of Contact, Employee Threat Assessment Team (ETAT) Guide dated April 2016, a November 7, 2013 Memorandum, and a June 3, 2017 Patient Record Flags (PRF) Draft Policy.  On October 7, 2021 VHA electronically received the referral from the OIG.  On December 13, 2021 it was discovered that an administrative error had occurred within VHA Central Office, FOIA Office.  VHA acknowledges that the initial assignment was missed and has now assigned this referral for immediate action to the undersigned.  The FOIA tracking number assigned to this referral is 22-00016-R

    VHA has found that there is one-hundred and twenty-nine (129) pages of responsive records not one-hundred and twenty-eight (128) pages as initially reported by OIG within their October 6, 2021 initial agency decision letter.  I have Bates numbered the pages 000001-000129 for ease of reference.  Upon reviewing the Bates pages 000001-000129 I have determined portions of the information are protected under FOIA exemption 5, 5 U.S.C. 552(b)(5) and FOIA exemption 6, 5 U.S.C. 552(b)(6).  FOIA Exemption 5 permits VA to withhold a document or information contained within a document as "pre-decisional" if two requirements are met.  First, there must be an identifiable deliberative process.  That it, the document must be a direct part of the deliberative process.  Second, the agency generated the information or document as part of the agency decision process.  Stated another way, VA may withhold information under Exemption 5 where the document or its content makes recommendations or expresses opinions about legal or policy matters during a decision-making process and the document is not the decision document or incorporated into the decision document.  Additionally, in accordance with the FOIA Improvement Act of 2016, an agency shall withhold information under the FOIA only if the agency reasonably foresees that disclosure would harm an interest protected by an exemption or disclosure is prohibited by law.  Stated another way, if the disclosure is not prohibited by law, the agency must

state an articulable, foreseeable harm to the agency or its activities that could occur as a result of release of the document or information.

Upon my review of Bates pages 000001-00017, I have determined that the document contains information that falls within the protection of Exemption 5. Specifically, this document is a draft of a VHA policy regarding PRF. This document is in a deliberative state and contains questions, comments and open discussion. In addition, I have found that Bates page 000021 contains recommendations and suggestions regarding the policy making considerations. It is noted that VHA Directive 5019.01, dated August 23, 2021 is the most recent VHA Workplace Violence Prevention Program policy and is available publicly online from the VHA Forms and Publications - Publications website at: https://vaww.va.gov/vhapublications/publications.cfm?Pub=1.

Exemption 6 permits VA to withhold a document or information within a document if disclosure of the information would constitute a clearly unwarranted invasion of a living individual's personal privacy. Stated another way, VA may withhold information under FOIA exemption 6 where disclosure of the information, either by itself or in conjunction with other information available to either the public or the FOIA requester, would result in an unwarranted invasion of an individual's personal privacy without contributing significantly to the public's understanding of the activities of the federal government.

Upon completion of the analysis in balancing personal privacy interests against public interest, it has been determined that the personal privacy interest of the individuals outweighs the public interest. The names and contact information of these lower-level employees does not shed light on government operations. Consequently, withheld on Bates numbered page 000020, 000021, 000034 and 000035 are employee names, email address, phone numbers, and a signature. Their personal privacy interest is not outweighed by the publics' interest, as a result, information has been withheld under FOIA exemption 6, as indicated on the enclosed document.

The coverage of FOIA exemption 6 is absolute unless the FOIA requester can demonstrate a countervailing public interest in the requested information by demonstrating that the individual is in a position to provide the requested information to members of the general public and that the information requested contributes significantly to the public's understanding of the activities of the Federal government. Additionally, the requester must demonstrate how the public's need to understand the information significantly outweighs the privacy interest of the person to whom the information pertains. Upon consideration of the materials you provided, we have not been able to identify a countervailing public interest of sufficient magnitude to outweigh the privacy interest in this case. The individuals associated with this information have a personal privacy interest in the information that outweighs any public interest served by disclosure of the information under FOIA. Consequently, this information is withheld under FOIA exemption 6, 5 U.S.C. § 552 (b)(6).

Please be advised, you may appeal the determination made in this response to the VA, Office of General Counsel. Appeals may be submitted electronically to their electronic appeal mailbox, ogcfoiaappeals@va.gov or mailed to the following address:

>Office of General Counsel (024)
>Department of Veterans Affairs
>810 Vermont Avenue NW
>Washington, DC 20420

If you should choose to file an appeal, your appeal must be postmarked or electronically submitted no later than ninety (90) calendar days from the date of this letter. Please include a copy of this letter with your written appeal, identify the determination(s) you are appealing and clearly state why you disagree with the determination(s).

In addition to filing an appeal with the Office of General Counsel, you may also seek assistance and/or dispute resolution services regarding your FOIA request from VHA's FOIA Public Liaison and or Office of Government Information Services (OGIS) as provided below:

>VHA FOIA Public Liaison:
>Email Address:  vhafoia2@va.gov
>Phone Number:  (877) 461-5038
>
>Office of Government Information Services (OGIS)
>Email Address:  ogis@nara.gov
>Fax:  (202) 741-5769
>Mailing address:
>Office of Government Information Services
>National Archives and Records Administration
>8601 Adelphi Road
>College Park, MD  20740-6001

If you should have any further questions, please feel free to contact me at (717) 675-8363.

Sincerely,


Deana Marakowski
VHA FOIA Officer

Enclosure