**VA** | **U.S. Department of Veterans Affairs**

**Veterans Health Administration**
Information Access and Privacy (105HIG)
810 Vermont Avenue NW
Washington, DC 20420

**Re:  FOIA Request:  VHA 21-01105-F**

January 17, 2023

Jeanne Nishimoto
nishimoto@law.ucla.edu

Sunita Patel
UCLA School of Law Veterans Legal Clinic
907 Westwood Blvd.
Los Angeles, CA, 90024
patel@law.ulca.edu

Dear Ms. Nishimoto:

The Veterans Health Administration is issuing a fourteenth partial initial agency decision on behalf of the Department of Veterans Affairs in response to UCLA School of Law's letter on behalf of your client National Association of Minority Veterans (NAMVETS) dated November 11, 2020, submitted under the Freedom of Information Act (FOIA), 5 U.S.C. § 552.  It is noted that the November 11, 2020, letter was sent to the Department of Veterans Affairs, Office of Security and Preparedness (OSP) and the Veterans Health Administration (VHA).  Within your initial request you sought:

A.  Any and all records concerning the behavioral record flag policies and procedures utilized by the VAPD and VHA staff including but not limited to:
1.  Policies and procedures related to "disruptive behavior flags".
2.  Each Veterans Integrated Service Networks' (VISN) guidelines and procedures outlining the process for authorizing placement of records flags, notifying Veterans of the flags, and the process for appealing and removing them.
3.  VA and VHA definitions and applications of "disruptive behavior" as applied in each VISN and any uniform definitions across the VA, including but not limited to definitions recommended by the Office of the Inspector General (OIG) Management of Disruptive Patient Behavior at VA Medical Facilities (2013).

B.  Any and all records concerning Disruptive Behavior Committee/Boards (DBC/Bs) policies and procedures including, but not limited to records related to:
1.  Issuance of Orders of Behavioral Restrictions or placement of Category 1 or Category II record flags; and
2.  Reevaluation of previously issued Red Flags by the DBC/B.

C. Any and all records concerning the placement, use, and outcomes of Panic Alarms activation by VA staff and VA police, including, but not limited to:
1. VA Police policies and procedures relating to the activation of Panic Alarms, including by not limited to stationary, electronic personal, and computer-based Panic Alarms; and
2. VA guidelines and procedures for Panic alarm testing.
3. Arrest made following the use of a panic alarm or security alarm triggered by a staff member.

D. Any and all Records concerning notice, discussion of, and compliance with Department of Veterans Affairs OIG guidelines and recommendations issued between 2014 and 2020 including, but not limited to:
1. Implementation of recommended designated manager of the records management systems for the VAPF.
2. Findings of the working group established to evaluate whether the Report Exec system meets the needs of VAPF, including strategies to implement this system or its replacement.
3. Development and implementation of a plan for resolving issues with the police records management system.

## RECORDS RELATED TO DATA AND STATISTICS

A. **National and Regional Data and Statistics:  Any and all records** containing data or statistics prepared, compiled, or maintained by the VA or any agency or subdivision thereof, pertaining to the VA Police, beginning in the year **2010 to the present**.  Requesters seek such national, State, or VISN Records.  Requester seeks such Records encompassing information on and off VA property.  Such Records should include information related to numbers of police officers, citations, arrests (on and off VA property; subject to a judicial warrant and warrantless), searches of persons and property, use of force, weapons, use, numbers of complaints against VAPF officers.

B. **District Court Violation Notices**:
1. Records that contain data or statistical information on the total amount of District Court Violation Notices VA Police issued in each state, VISN, or facility.
2. Records that contain data or numerical information for District Court Violation Notices involving VA Police officers in connection with local, state, and other federal, OIG or university police.

C. **Vehicle Removal**:
1. Records that contain data or statistical information on the total vehicles removed from VA property.

2. Records that contain data or numerical information for vehicle removal involving VA Police officers in connection with local, state, other Federal, OIG, private security, or university police.

D. **Traffic Enforcement**:
1. Records that contain data or statistical information on citations for traffic or parking violations on or around VA medical facility property in each state, whether issued by VA Police, other authorized law enforcement or private security.
2. Records that contain data or numerical information for traffic enforcement involving VA Police officers in connection with local, state, other federal, OIG, or university police.

E. **Panic Button Data**:
1. Records that contain data or statistical information on the usage of Panic Alarms by VA staff or VA police in VA facilities in each state.
2. Records that contain data or statistical information on the testing of Panic Alarms in each state, VISN, and/or Facility.
3. Records that contain data or numerical information for panic buttons involving VA Police officers in connection with local, state, or other federal, OIG, or university police.

F. **Behavioral Record Flag Data**:
1. Records that contain data or statistical information on the issuance of Behavioral Red Flags and/or Patient Record Flags to Veterans who are members of Vulnerable Population in VA Facilities in each state, VISN, and/or Facility.
2. Records that contain data or statistical information on the number of Veterans who are members of Vulnerable Populations that currently have Behavioral Red Flags and/or Patient Record Flags.
3. Records that contain data or statistical information on the number of Veterans who are members of Vulnerable Populations that currently have Behavioral Red Flags and/or Patient Record Flags removed.
4. Records that contain data or numerical information for Behavioral Red Flags involving VA Police officers in connection with local, state, other federal, OIG or university police.
5. Previously compiled data, records, or other information relied upon by the:
   a. Office of the Inspector General
   b. Government Accountability Office
   c. Office of Security and Law Enforcement
   d. Office of Operations, Security and Preparedness.

G. **Disruptive Behavior Committee/Board Data**
1. Records that contain data or statistical information on the attendance of DBC/Bs in VA Facilities in each state, VISN, and/or Facility.
2. Records that contain data or statistical information on the issuance of

Orders of Behavior Restrictions (OBR)

H. **Uniform Monthly Crime Reports** for VA Facilities on Ohio, New York, Florida, and California for 2010 to present.

On November 25, 2020, a conference call was held with Michael Sarich, Director, VHA FOIA Office and Deana Marakowski, VHA FOIA Officer along with Sunita Patel and Courtney Bachman of UCLA School of Law and Matthew Strugar of NAMVETS. This call was held at the request of UCLA School of Law in an effort to better understand the clarification VA was seeking. During this call it was decided that VHA would consult with OSP to determine where responsive records may be retained. UCLA School of Law also asked VA to provide the names of reports that are available in response to their request. On December 11, 2020, VHA received an email from UCLA School of Law further explaining their request as a result of the November 25, 2020, conference call. In consultation with OSP, VHA was advised that there are not specific reports; however, there are databases in which information can be retrieved. Some of these databases are at the facility level while others are retained within VA Central Office VHA relayed this information to UCLA School of Law within an updated VHA clarification letter dated December 17, 2020. This letter further advised that your client, NAMVETS needed to provide the data fields they require, and VA would then respond based on the data it retains.

On December 22, 2020, VHA received a letter from UCLA School of Law rescoping and modifying their original FOIA request on behalf of their client NAMVETS. It is noted that within this letter VHA was advised that a search for responsive records within VHA is only required within VISN 10 VA Healthcare System Serving Indiana, Ohio & Michigan Veterans and VISN 22 Desert Pacific Healthcare Network. In additional a search is also required within the VA Greater Los Angeles Healthcare System (GLA) (Los Angeles, CA) and the VA Central Ohio Healthcare System.

On January 7, 2021, VHA sent UCLA School of Law an updated clarification letter and captured the modified data NAMVETS seeks along with advising of additional clarification required. It is noted that although UCLA School of Law requested sample data, VA is not providing preliminary information as we remain in the clarification process of this request.

On February 5, 2021, UCLA School of Law submitted its final response to VA's request for clarification. VHA documented and accepted these changed under the title "Search Criteria Modification Final".

A. Any and all Records concerning the behavioral record flag policies and procedures utilized by the VAPD and VHA staff including but not limited to:

1. Policies and procedures related to "disruptive behavior flags".
   Update - VHA Directive 2010-053, "Patient Record Flags" (expired but not rescinded)

2. Each Veterans Integrated Service Networks' (VISN) guidelines and procedures outlining the process for authorizing placement of records flags, notifying Veterans of the flags, and the process for appealing and removing them.

   Update - VISNs comply with national guidance, and national requirements are identified in VHA Directive 2010-053.

   **Search Criteria Modification** – Request a search within OSP for any additional response records for this line item.

3. VA and VHA definitions and applications of "disruptive behavior" as applied in each VISN and any uniform definitions across the VA, including but not limited to definitions recommended by the Office of the Inspector General (OIG) Management of Disruptive Patient Behavior at VA Medical Facilities (2013).

   Update – VHA standard use definitions of "disruptive behavior" are found in VHA Directive 2012-026.

   **Search Criteria Modification:**  Request a search for responsive records for the definition of "disruptive behavior" within the  VA Greater Los Angeles Healthcare System (GLA) (Los Angeles, CA) and the VA Central Ohio Healthcare System.

   **Search Criteria Modification Final:**  UCLA School of Law additionally request records concerning the definition of "disruptive behavior" related to the memorandum: Acting Deputy Under Secretary for Health for Operations and Management. "Meeting New Mandatory Safety Training Requirements using Veterans Health Administration's Prevention and Management of Disruptive Behavior (PMDB) Curriculum." Memorandum. November 7, 2013.

B. Any and all records concerning Disruptive Behavior Committee/Boards (DBC/Bs) policies and procedures including, but not limited to records related to:

   1. Issuance of Orders of Behavioral Restrictions or placement of Category 1 or Category II record flags.

      **Search Criteria Modification:**  Request a search for responsive records within the VA Greater Los Angeles Healthcare System (GLA) (Los Angeles, CA) and the VA Central Ohio Healthcare System.  It is noted that the search criteria to be applied will be for "Disruptive Behavior Committee/Boards (DBC/Bs) policies and procedures pertaining to Issuance of Orders of Behavior Restrictions or placement of Category 1 or Category II record flags". The search time period will be for the most recent policies and procedures.  If you do not concur, please advise.

      **Search Criteria Modification Final:**  Search time period is Calendar Year January 1, 2014, to December 31, 2020

   2. Reevaluation of previously issued Red Flags by the DBC/B.

**Search Criteria Modification:**  Request a search for responsive records within the VA Greater Los Angeles Healthcare System (GLA) (Los Angeles, CA) and the VA Central Ohio Healthcare System. It is noted that the search criteria to be applied will be for "Disruptive Behavior Committee/Boards (DBC/Bs) policies and procedures pertaining to Reevaluation of previously issued Red Flags by the DBC/B".

**Search Criteria Modification Final**:  Search time period is Calendar Year January 1, 2014, to December 31, 2020

Please be advised in regard to line-item B UCLA School of Laws original FOIA request dated November 11, 2020, contains only 2-line items as identified in this letter.  It is noted that in your February 5, 2021, final clarification letter there is reference to B. 1-3. VA interpretation is that reference to B. 3. is typographical error and was intended to reflect B. 1-2.

C.  Any and all records concerning the placement, use, and outcomes of Panic Alarms activation by VA staff and VA police, including, but not limited to:

1.  VA Police policies and procedures relating to the activation of Panic Alarms, including by not limited to stationary, electronic personal, and computer-based Panic Alarms.
    Update - OSP/OSLE has the national SOP for monthly panic alarm testing. National SOP 10 that covers Police RCS#5252.35.c.10
2.  VA guidelines and procedures for Panic alarm testing.
    **Search Criteria Modification:**  Request a search for responsive records within VISN 10 VA Healthcare System Serving Indiana, Ohio & Michigan Veterans and VISN 22 Desert Pacific Healthcare Network.  A search is also required within the VA Greater Los Angeles Healthcare System (GLA) (Los Angeles, CA) and the VA Central Ohio Healthcare System.

3.  Arrest made following the use of a panic alarm or security alarm triggered by a staff member.
    **Search Criteria Modification:**  Request a search for responsive records within VISN 10 VA Healthcare System Serving Indiana, Ohio & Michigan Veterans and VISN 22 Desert Pacific Healthcare Network.  A search is also required within the VA Greater Los Angeles Healthcare System (GLA) (Los Angeles, CA) and the VA Central Ohio Healthcare System.

D. Any and all Records concerning notice, discussion of, and compliance with Department of Veterans Affairs OIG guidelines and recommendations issued between 2014 and 2020 including, but not limited to:
**Search Criteria Modification Final:**  The relevant OIG guidelines between 2014 and 2020 are: OFFICE OF THE INSPECTOR GENERAL, DEP'T OF VETERANS AFF., HEALTHCARE INSPECTION: MANAGEMENT OF DISRUPTIVE PATIENT BEHAVIOR IN VA MEDICAL FACILITIES (Jan. 30, 2018), OFFICE OF THE INSPECTOR GENERAL, DEP'T OF VETERANS AFF., INADEQUATE GOVERNANCE OF THE VA POLICE PROGRAM AT MEDICAL

FACILITIES (Dec. 13, 2018), and OFFICE OF THE INSPECTOR GENERAL, DEP'T OF VETERANS AFF., VA POLICE MANAGEMENT SYSTEM NEEDS IMPROVEMENT (Jun. 17, 2020).

Specifically, this includes but is not limited to, any data collected or used for "Issue 2: Patient Record Flag Placement, Follow-up, and Notification," and the aggregate data by facility compiled for Table 1: Facilities' Policies, Assessments, and Committees and Table 2: Electronic Health Record Review Results in the January 30, 2018, report.

UCLA School of Law request any data collected from the above cited reports concerning any aspect of vulnerable populations. "Vulnerable Populations" include, but is not limited to, undocumented veterans, women veterans, LGBTQIA+ veterans, transgender veterans, disabled veterans, veterans with mental health diagnosis or complex trauma, unhoused veterans, and non-white veterans. "Non-White" veterans include biracial and White Hispanic veterans.

1. Implementation of recommended designated manager of the records management systems for the VAPF.
   Update - OIG report Issued this year.

2. Findings of the working group established to evaluate whether the Report Exec system meets the needs of VAPF, including strategies to implement this system or its replacement.
   Update – this line item will be addressed by OSLE within Central Office.

3. Development and implementation of a plan for resolving issues with the police records management system.
   Update – This line item will be addressed by OSLE within Central Office. Can you please identify the OIG guidelines your client has requested information on for 2014 and 2020?  VA OSP cannot design a thorough search without this additional information.  For example, can your client provide relevant search terms to be applied.  Can your client identify the specific reports and the agency component(s) identified in the reports required to take-action as a result of recommendations rendered by the OIG?
   **Search Criteria Modification** – It is noted that this line item requires clarification as stated in VHA's December 22, 2020, letter.  No further action will be taken on this line item until clarification is received.
   **Search Criteria Modification Final**:  See above noted under D.
   Update – this line item will be addressed by OSLE within Central Office

## RECORDS RELATED TO DATA AND STATISTICS

A. **National and Regional Data and Statistics:**  Any and all records containing data or statistics prepared, compiled, or maintained by the VA or any agency or subdivision thereof, pertaining to the VA Police, beginning in the year 2010 to the present.  Requesters seek such national, State, or VISN Records. Requester seeks such Records encompassing information on and off VA

property.  *Such Records should include information related to numbers of police officers, citations, arrests (on and off VA property; subject to a judicial warrant and warrantless), searches of persons and property, use of force, weapons, use, numbers of complaints against VAPF officers.*

**Search Criteria Modification Final**: Seeking data and statistics that have been prepared, compiled, or maintained by the VA from 2010 to the present. Search is to include data and information inclusive of records containing aggregated data and statistics is to include responsive records in the custody of the VHA Central Office (or OSP Central Office, when applicable West LA Veterans Affairs campus and the Chalmers P. Wylie Ambulatory Care Center (Columbus, Ohio) and as identified below.

1. The number of police officers
   **Search Criteria Modification**:  It is noted that your client seeks data and statistics maintained for police officers hired or employed, aggregated by VISN and facility and that your client seeks information beyond the total number of police officers employed.  Please be advised that this line item requires additional clarification.  Please provide the search term required for statistical information.  For example, are you seeking information to include the race, ethnicity, religion, gender, LGBTQ status, disability, age, or other demographic information?  It is noted that upon receipt of additional clarification a search will be required within the VA Greater Los Angeles Healthcare System (GLA) (Los Angeles, CA) and the VA Central Ohio Healthcare System.  No further action will be taken on this line item until search term for the data and statistics you seek are defined.  It is noted that the search time period requested for this required information is 2010 to the present.
   **Search Criteria Modification Final:**
   Based on UCLA School of Law clarification in the preceding paragraph, you seek data and statistics maintained at the Central Office level (including OSP/OSLE).  You require any records reflecting the total number of police officers by VISN and facility. This request includes data and statistics maintained for police officers hired or employed, aggregated by VISN and facility.  Statistical information includes race, ethnicity, religion, gender, LGBTQ status, disability, age, or other demographic information. If the VHA or OSP/OSLE Central Office do not maintain such information, we request this information for the West LA and Chalmers VA facilities.

2. The number of citations –
   **Search Criteria Modification**:  Request the OSP data available to include the search terms "Number Issued", "Year Issued", "Station", and "VISN". You have now requested a means of identification for the station.  Please be advised VHA Central Office can provide the Station, Station Number and applicable VISN.  In addition, you seek this information for the VISN 10 VA Healthcare System Serving Indiana, Ohio & Michigan Veterans and

VISN 22 Desert Pacific Healthcare Network.  A search is also required within the VA Greater Los Angeles Healthcare System (GLA) (Los Angeles, CA) and the VA Central Ohio Healthcare System.  It is noted that the search time period requested for this required information is 2010 to the present.

**Search Criteria Modification Final:** You have accepted the search criteria modification provided by VHA. To the extent that you later determine OSP/OSLE or the VHA Central office maintains data inclusive of other items noted in the Part I.E of the November 11 request, such as race, age, gender, gender identity, LGBTQ identification, disability, etc. You reserve the right to re-open this item for further search and production.

3. **The number of arrests (on and Off VA property subject to judicial warrant and warrantless)**.
   Update - OSP is working to address what data is available within OSP Central Office.
   **Search Criteria Modification**:  Your client seeks information within all VA police operations, including those in collaboration with OIG or local police or within outpatient clinics and Vet Centers.  This information is required for VISN 10 VA Healthcare System Serving Indiana, Ohio & Michigan Veterans and VISN 22 Desert Pacific Healthcare Network.  A search is also required within the VA Greater Los Angeles Healthcare System (GLA) (Los Angeles, CA) and the VA Central Ohio Healthcare System. It is noted that the search time period requested for this required information is 2010 to the present.

4. **The number of searches of persons and property?**
   Update – OSP has advised that there is data available at the facility level. The system does not populate specifics of an incident.  It is noted that individual records would need to be opened for data retrieval.
   **Search Criteria Modification:**  A search is required within VISN 10 VA Healthcare System Serving Indiana, Ohio & Michigan Veterans and VISN 22 Desert Pacific Healthcare Network.  A search is also required within the VA Greater Los Angeles Healthcare System (GLA) (Los Angeles, CA) and the VA Central Ohio Healthcare System. Further to the extent these facilities or VISN offices do not maintain electronic or digitized information, your client seeks summaries of information stored in spreadsheets, databases, individual files, or other methods of maintaining the requested information.  It is noted that the search time period requested for this required information is 2010 to the present.

5. **Number of encounters requiring use of force.**
   Update – OSP can retrieve Central Office level data for last 4 years – Data would include "number issued", "year issued", "station" and "VISN".  If NAMVETS requires any additional data fields (more specific data), the

request would need to be addressed at the facility level.  It is also noted that more detailed information requires the opening of each admin report.
**Search Criteria Modification:**  Request the OSP and VHA Central Office data available to include the search terms "Number Issued", "Year Issued", "Station", and "VISN".  You seek this information for the VISN 10 VA Healthcare System Serving Indiana, Ohio & Michigan Veterans and VISN 22 Desert Pacific Healthcare Network.  A search is also required within the VA Greater Los Angeles Healthcare System (GLA) (Los Angeles, CA) and the VA Central Ohio Healthcare System. It is noted that the search time period requested for this required information is 2010 to the present.
**Search Criteria Modification Final:** You have accepted the search criteria modification provided by VHA. To the extent that you later determine OSP/OSLE or the VHA Central office maintains data inclusive of other items noted in the Part I.E of the November 11 request, such as race, age, gender, gender identity, LGBTQ identification, disability, etc. you reserve the right to re-open this item for further search and production.


6. **Number of encounters requiring use of weapons.**
   Update - VA is required to file a Police Incident Report when weapons are drawn.  Retrieval of data would require opening and searching for the data within each report at the facility level.
   **Search Criteria Modification:**  To the extent available provide the data and statistics (e.g., raw numbers) for Police Incident Reports when weapons are drawn that are maintained at the central office level (including OSP/OSLE or VHA Support Service Center).  A search is required within VISN 10 VA Healthcare System Serving Indiana, Ohio & Michigan Veterans and VISN 22 Desert Pacific Healthcare Network.  A search is also required within the VA Greater Los Angeles Healthcare System (GLA) (Los Angeles, CA) and the VA Central Ohio Healthcare System.  To the extent response requires opening the individual reports at the facilities, your client requires summaries of the information stored in spreadsheets, databases, individual files, or other methods of maintaining the requested information.  It is noted that the search time period requested for this required information is 2010 to the present.

7. **Use – Please clarify the meaning or use of the word Use?**
   **Search Criteria Modification:**  UCLA School of Law advises that this is an erroneous line item and does not require a response.

8. **The number of complaints against VAPF Officers?**
   Update – Records would be at the facility level and would be retained by the Office of Human Resources.

**Search Criteria Modification:**  NAMVETS requires any total numbers or summary statistics or information available within VISN 10 VA Healthcare System Serving Indiana, Ohio & Michigan Veterans and VISN 22 Desert Pacific Healthcare Network.  A search is also required within the VA Greater Los Angeles Healthcare System (GLA) (Los Angeles, CA) and the VA Central Ohio Healthcare System.  Please advise if the summary statistics is data related to the race, ethnicity, religion, gender, LGBTQ status, disability, age, or other demographic information?  It is noted that the search time period requested for this required information is 2010 to the present.

**Search Criteria Modification Final:**
you request any total numbers or summary statistics or information available concerning the number of complaints against VAPF Officers generally. To the extent this information is available, you request summary statistics related to race, ethnicity, gender, age, disability status, and/or LGTBQIA+ status

B. **District Court Violation Notices**:

1. Records that contain data or statistical information on the total amount of District Court Violation Notices VA Police issued in each state, VISN, or facility.

**Search Criteria Modification:**  Search will be conducted within OSP Central Office.  The time period requested is 2010 to present.  Request the following data fields "UNDCVN", "number", "VISN", "Facility, "Year", and "month", and race, ethnicity, religion, gender, LGBTQ status, disability, age, or other demographic information.

**Search Criteria Modification Final:**  UCLA School of Law accepts the search criteria modification provided by VHA. You request the data fields "UNDCVN", "number"," VISN", "facility", "year", and "month", and to the extent this information is available, race, ethnicity, gender, age, disability status, and/or LGTBQIA+ status.

2.  Records that contain data or numerical information for District Court Violation Notices involving VA Police officers in connection with local, state, and other federal, OIG or university police.

Update:  OSP Central Office can provide the citation in the last 4 years to include "USDCVN" (citation) number, "VISN", "Facility"

**Search Criteria Modification:**  Search will be conducted within OSP Central Office.   The time period requested is 2010 to present.  Request the following data fields "UNDCVN", "number", "VISN", and "Facility, "Year", "month", and race, ethnicity, religion, gender, LGBTQ status, disability, age, or other demographic information.

**Search Criteria Modification Final:**  UCLA School of Law accepts the search criteria modification provided by VHA. You request the data fields "UNDCVN", "number", "VISN", "facility", "year", and "month", and *to the extent*

*this information is available*, race, ethnicity, gender, age, disability status, and/or LGTBQ + status.

C. **Vehicle Removal**:

1.  Records that contain data or statistical information on the total vehicles removed from VA property.

2.  Records that contain data or numerical information for vehicle removal involving VA Police officers in connection with local, state, other Federal, OIG, private security, or university police.
<u>Update</u> – This data may be retained at the facility level and is not available within OSP VHA Central Office.

**Search Criteria Modification**:  A search is required within the VA Greater Los Angeles Healthcare System (GLA) (Los Angeles, CA) and the VA Central Ohio Healthcare System for both C.1. and C. 2.  It is noted that the search time period requested for this required information is 2010 to the present.

D. **Traffic Enforcement**:

1. Records that contain data or statistical information on citations for traffic or parking violations on or around VA medical facility property in each state, whether issued by VA Police, other authorized law enforcement or private security.

2.  Records that contain data or numerical information for traffic enforcement involving VA Police officers in connection with local, state, other federal, OIG, or university police.
<u>Update </u>- OSP is searching to determine what data is available within Central Office. It is noted that there is data available at the facility level.
**Search Criteria Modification**:  A search is required within the VA Greater Los Angeles Healthcare System (GLA) (Los Angeles, CA) and the VA Central Ohio Healthcare System for both C.1. and C. 2.  The search time frame as advised in UCLA School of Law clarification letter dated January 7, 2021, is 2014 to present.

E. **Panic Button Data**:

1.   Records that contain data or statistical information on the usage of Panic Alarms by VA staff or VA police in VA facilities in each state.
2.   Records that contain data or statistical information on the testing of Panic Alarms in each state, VISN, and/or Facility.
3.   Records that contain data or numerical information for panic buttons involving VA Police officers in connection with local, state, or other federal, OIG, or university police.

Update – OSP has advised that this information is available at the facility level only.

**Search Criteria Modification**:  No additional clarification has been provided. The agency will not proceed any further with this line item unless clarification is received.

**Search Criteria Modification Final:** (panic button data) UCLA School of Law is rescoping the request to information for the West LA and Chalmers facilities. The search time frame is from 2014 to present.  You have advised that merging line items 1 and 2 is acceptable as long as both *usage* and *testing* data is searched for Panic Alarms. You have further noted that this line item is a lower priority for your client.

F. **Behavioral Record Flag Data**:

1.  Records that contain data or statistical information on the issuance of Behavioral Red Flags and/or Patient Record Flags (PRF) to Veterans who are members of Vulnerable Population in VA Facilities in each state, VISN, and/or Facility.

Update – VHA Central Office has advised that data systems do not contain information regarding the status of membership in a "vulnerable population" and placement of PRFs.

**Search Criteria Modification**:  Requester seeks data at the VHA Central Office (and/or OSLE/OSP Central Office) on behavioral record flag and orders of restrictions to include such records containing race, ethnicity, religion, gender, LGBTQ status, disability, age, or other demographic information. If this information is not available NAMVETS seeks a records search within VISN 10 VA Healthcare System Serving Indiana, Ohio & Michigan Veterans and VISN 22 Desert Pacific Healthcare Network.  A search is also required within the VA Greater Los Angeles Healthcare System (GLA) (Los Angeles, CA) and the VA Central Ohio Healthcare System.  It is noted that the search time period requested for this required information is 2010 to the present.

2. Records that contain data or statistical information on the number of Veterans who are members of Vulnerable Populations that currently have Behavioral Red Flags and/or Patient Record Flags.

Update – VHA Central Office has advised that data systems do not contain information regarding the status of membership in a "vulnerable population" and placement of PRFs.

**Search Criteria Modification**:  Requester seeks data at the VHA Central Office (and/or OSLE/OSP Central Office) on behavioral record flag and orders of restrictions to include such records containing race, ethnicity, religion, gender, LGBTQ status, disability, age, or other demographic information. If this information is not available NAMVETS seeks a records search within VISN 10 VA Healthcare System Serving Indiana, Ohio & Michigan Veterans and VISN 22 Desert Pacific Healthcare Network.  A search is also required

within the VA Greater Los Angeles Healthcare System (GLA) (Los Angeles, CA) and the VA Central Ohio Healthcare System. It is noted that the search time period requested for this required information is 2010 to the present.

3. Records that contain data or statistical information on the number of Veterans who are members of Vulnerable Populations that currently have Behavioral Red Flags and/or Patient Record Flags removed.

<u>Update</u> – VHA Central Office has advised that data systems do not contain information regarding the status of membership in a "vulnerable population" and placement of PRFs.

**<u>Search Criteria Modification</u>**:  Requester seeks data at the VHA Central Office (and/or OSLE/OSP Central Office) on behavioral record flag and orders of restrictions to include such records containing race, ethnicity, religion, gender, LGBTQ status, age, or other demographic information. If this information is not available NAMVETS seeks a records search within VISN 10 VA Healthcare System Serving Indiana, Ohio & Michigan Veterans and VISN 22 Desert Pacific Healthcare Network.  A search is also required within the VA Greater Los Angeles Healthcare System (GLA) (Los Angeles, CA) and the VA Central Ohio Healthcare System. The search time period for this required information is 2010 to the present.

4. Records that contain data or numerical information for Behavioral Red Flags involving VA Police officers in connection with local, state, other federal, OIG or university police.

<u>Update</u> - VHA has advised that there is no data to address this request.

**<u>Search Criteria Modification</u>**:  Requester seeks data at the VHA Central Office (and/or OSLE/OSP Central Office) on behavioral record flag and orders of restrictions to include such records containing race, ethnicity, religion, gender, LGBTQ status, disability, age, or other demographic information. If this information is not available NAMVETS seeks a records search within VISN 10 VA Healthcare System Serving Indiana, Ohio & Michigan Veterans and VISN 22 Desert Pacific Healthcare Network.  A search is also required within the VA Greater Los Angeles Healthcare System (GLA) (Los Angeles, CA) and the VA Central Ohio Healthcare System.  It is noted that the search time period requested for this required information is 2010 to the present.

5.  Previously compiled data, records, or other information relied upon by the:
    a. Office of the Inspector General
    b. Government Accountability Office
    c. Office of Security and Law Enforcement
    d. Office of Operations, Security and Preparedness.

<u>Update</u> - This line item requires additional clarification.  As written, this line item is too broad and does not provide reasonable search terms.

**<u>Search Criteria Modification</u>**:  Requester seeks data at the VHA Central Office (and/or OSLE/OSP Central Office) on behavioral record flag and orders of restrictions to include such records containing race, ethnicity, religion,

gender, LGBTQ status, disability, age, or other demographic information. If this information is not available NAMVETS seeks a records search within VISN 10 VA Healthcare System Serving Indiana, Ohio & Michigan Veterans and VISN 22 Desert Pacific Healthcare Network.  A search is also required within the VA Greater Los Angeles Healthcare System (GLA) (Los Angeles, CA) and the VA Central Ohio Healthcare System. The search time period requested for this required information is 2010 to the present.

G. **Disruptive Behavior Committee/Board Data**

 1. Records that contain data or statistical information on the attendance of DBC/Bs in VA Facilities in each state, VISN, and/or Facility.
    <u>Update</u> – Information is available within VHA Central Office.
    **<u>Search Criteria Modification</u>**:  Requester seeks data at the VHA Central Office (and/or OSLE/OSP Central Office) on behavioral record flag and orders of restrictions to include such records containing race, ethnicity, religion, gender, LGBTQ status, disability, age, or other demographic information. If this information is not available NAMVETS seeks a records search within VISN 10 VA Healthcare System Serving Indiana, Ohio & Michigan Veterans and VISN 22 Desert Pacific Healthcare Network.  A search is also required within the VA Greater Los Angeles Healthcare System (GLA) (Los Angeles, CA) and the VA Central Ohio Healthcare System.  It is noted that the search time period requested for this required information is 2010 to the present.

 2. Records that contain data or statistical information on the issuance of Orders of Behavior Restrictions (OBR)
    <u>Update</u> – Information may be available within VHA Central Office.
    **<u>Search Criteria Modification</u>**:  Requester seeks data at the VHA Central Office (and/or OSLE/OSP Central Office) on behavioral record flag and orders of restrictions to include such records containing race, ethnicity, religion, gender, LGBTQ status, disability, age, or other demographic information. If this information is not available NAMVETS seeks a records search within VISN 10 VA Healthcare System Serving Indiana, Ohio & Michigan Veterans and VISN 22 Desert Pacific Healthcare Network.  A search is also required within the VA Greater Los Angeles Healthcare System (GLA) (Los Angeles, CA) and the VA Central Ohio Healthcare System.  It is noted that the search time period requested for this required information is 2010 to the present.

H. **Uniform Monthly Crime Reports** for VA Facilities on Ohio, New York, Florida, and California for 2010 to present. No clarification is required for this line item.  It is noted that the Uniform Monthly Crime Report is an FBI database and is now owned by VA.  Therefore, VA cannot retrieve data.
 <u>Update</u> - VA only began entering data into the Uniform MCR beginning FY21. It is noted that this an FBI database and records retained within this database

would need to be requested from the Department of Justice (DOJ).
https://www.fbi.gov/services/information-management/foipa/requesting-fbi-records  It is noted that there are summary reports at the facility level that provide numbers only.

**Search Criteria Modification**:  Requester seeks summary reports at the facility level that provide numbers only.  A search is required within VISN 10 VA Healthcare System Serving Indiana, Ohio & Michigan Veterans and VISN 22 Desert Pacific Healthcare Network.  A search is also required within the VA Greater Los Angeles Healthcare System (GLA) (Los Angeles, CA) and the VA Central Ohio Healthcare System.  It is noted that the search time period requested for this required information is 2010 to the present.

On February 1, 2021, VHA on behalf of VA issued its first partial initial agency decision on behalf of VA.  This release contains a total of eight document totaling six-hundred and thirty-one (631) pages that were Bates numbered 000001-000631.  This release pertained to the following:

**Line Item A. 1.**  Policies and procedures related to "disruptive behavior flags*"*
**Response:**  Provided are the following responsive records.  It is noted that line item A. 1.  is now complete.
   a. VHA Directive 2010-053, "Patient Record Flags" (expired but not rescinded).  Bates numbered pages – 000001-000020
   b. VHA Directive 2012-026, Sexual Assaults, and other Defined Public Safety Incidents in Veterans Health Administration (VHA) Facilities.  Bates numbered pages – 000021-000029
   c. Journal of the American Medical Association (JAMA) - Hospital Violence Reduction Amongst High-Risk Patients.  Bates numbered pages – 000030-000033
   d. Patient Record Flag (PRF) User Guide.  Bates pages - 000034-000115

**Line Item A. 2.:**  Each Veterans Integrated Service Networks' (VISN) guidelines and procedures outlining the process for authorizing placement of records flags, notifying Veterans of the flags, and the process for appealing and removing them.  It is noted that line item A. 2. is now complete for VHA only.  *A search is required within OSP for any additional response records for this line item at the request of UCLA School of Law.*
**Response**: Workplace Violence Prevention Program, National Program Office has advised that VISNs do not maintain their own "guidance and procedures outlining process for authorizing the placement of record flags," as these are developed and promulgated by the Workplace Violence Prevention, National Program Office and carried out by personnel at the facility.  The role of the VISN is limited to addressing Veterans' requests for review of Orders of Behavioral Restrictions (OBR) and determining if the OBR should be continued, altered, or removed (per the requirements of 38 CFR § 17.107.  This regulation is publicly available at https://www.law.cornell.edu/cfr/text/38/17.107.

**Line Item A. 3:**  VA and VHA definitions and applications of "disruptive behavior" as

applied in each VISN and any uniform definitions across the VA, including but not limited to definitions recommended by the Office of the Inspector General (OIG) Management of Disruptive Patient Behavior at VA Medical Facilities (2013).

**Response**:  Provided are the following responsive records located within the Central Ohio Health Care System and the VHA Workplace Violence Prevention Program, National Program Office.  It is noted that the agency is continuing its search for responsive records.  Line item A.3 remains an open line item. *A search is required within VISN 10 VA Healthcare System Serving Indiana, Ohio & Michigan Veterans, Desert Pacific Healthcare Network VISN 22 and the VA Greater Los Angeles Healthcare System.*

    a.  Central Ohio Health Care System Policy Memorandum 07-17 dated November 1, 2019 – Disruptive Behavior Response to Include Workplace Violence, Sexual Assaults and Other Defined Public Safety Incidents. Bates pages – 00116-00137

    b.  VHA Workplace Violence Prevention Program, National Program Office provides the following response regarding the "2013 OIG report Management of Disruptive Patient Behavior at VA Medical Facilities.

- Yes, VHA accepted the OIG recommendations.  Provided is VAOIG-11-02585-129.pdf.  It is noted that specifically it is Recommendation #1 found on page 21.  Please be advised this documented cannot be Bates numbered due to an initial formatting issue.  This document contains thirty (30) pages and will be accounted for as 000138-00168

- Yes, uniform definitions were established as documented in "Memo Guidance Regarding Management of Disruptive Patient Behavior dated August 28, 2013, Bates pages 000169-000171.  It is noted that the Deputy Under Secretary of Health for Operations and Management "Memo Guidance Regarding Management of Disruptive Patient Behavior dated August 28, 2013, are consistent with those published in VHA Directive 2012-026 (Bates pages 000021-000029) and promulgated as consistently as possible across all guidance coming from the Workplace Violence Prevention Program henceforth.

On December 8, 2020, it was requested if available that VHA provide the most recent copy of VA's Functional Organization Manual.  A search for responsive records was conducted within VA's Office of Enterprise Integration and the following public access link was provided https://www.va.gov/landing_organizations.htm.  I have also attached a hardcopy for your ease of reference.  Bates pages 000172-000631 This satisfies your request for this information and this item is now closed.

On March 11, 2021, VHA on behalf of VA issued its second partial initial agency decision on behalf of VA.  This release contains of sixty-six (66) pages the pages were Bates numbered 000632-000698.

**Line Item A. 2.:**  Each Veterans Integrated Service Networks' (VISN) guidelines and procedures outlining the process for authorizing placement of records flags, notifying Veterans of the flags, and the process for appealing and removing them.  It is noted that

line item A. 2. was completed for VHA in the February 1, 2021, first partial initial agency decision letter. An additional search was by required UCLA School of Law within OSP for any additional response records.
**Response**:  OSP has advised that they do not place record flags on Veterans Health record, nor do they have access to Veterans electronic health records.  Therefore, VA is rendering a no records response on behalf of OSP for this line item.  This concludes VHA response to this line item.

**Line Item A. 3.:**  VA and VHA definitions and applications of "disruptive behavior" as applied in each VISN and any uniform definitions across the VA, including but not limited to definitions recommended by the Office of the Inspector General (OIG) Management of Disruptive Patient Behavior at VA Medical Facilities (2013).
**Response**:  VISN 10 VA Healthcare System Serving Indiana has advised that there are no VISN 10 level policies of standard operating procedures regarding Disruptive Behavior. Therefore, VISN 10 is rendering a no records response.  It is noted that the agency is continuing its search for responsive records within Ohio & Michigan Veterans, Desert Pacific Healthcare Network VISN 22 and the VA Greater Los Angeles Healthcare System.

VHA Central Office, Workplace Violence and Prevention Office has completed its search for VHA's  definition of "disruptive behavior" related to the memorandum: Acting Deputy Under Secretary for Health for Operations and Management. "Meeting New Mandatory Safety Training Requirements using Veterans Health Administration's Prevention and Management of Disruptive Behavior (PMDB) Curriculum." Memorandum. November 7, 2013.
**Response**:  VHA Directive 2012-026, Bates pages 000021-000029, rendered in VHA's February 1, 2021, first partial response letter and publicly available, contains the definition of "disruptive behavior" promulgated by the VHA Workplace Violence Prevention Program.  It is provided here for convenience:
Disruptive Behavior:  Disruptive behavior is behavior by any individual that is intimidating, threatening, dangerous, or that has, or could, jeopardize the health or safety of patients, Department of Veterans Affairs (VA) employees, or individuals at the facility. Disruptive behavior is behavior that interferes with the delivery of safe medical care to patients at the facility, or behavior that impedes the operations of the facility. Disruptive behavior does not depend upon the disruptive individual's stated intentionality or justification for the individual's behavior, the presence of psychological or physical impairment, whether the individual has decision-making capacity, or whether the individual later expresses remorse or an apology. NOTE: For more information see title 38 Code of Federal Regulations (CFR) §§1.218(a)(5), 17.33, 17.107 (2011).  It is noted that WVPP national program office is unable to comment upon definitions used at local facilities.

**Line Item B. 1.:**  Issuance of Orders of Behavioral Restrictions or placement of Category 1 or Category II record flags;  It is noted that the search criteria to be applied will be for "Disruptive Behavior Committee/Boards (DBC/Bs) policies and procedures pertaining to Issuance of Orders of Behavior Restrictions or placement of Category 1 or

Category II record flags".  The search time period required is Calendar Year January 1, 2014, to December 31, 2020

**Response:** A search was required within VA Greater Los Angeles Healthcare System (GLA) (Los Angeles, CA) and the VA Central Ohio Healthcare System. VA Greater Los Angeles Healthcare System (GLA) (Los Angeles, CA) has conducted a search and has advised that the facility does not have any specific policy or procedures concerning Disruptive Behavior Committee/Boards.  This is due to the fact that GLA follows national policy.  As a result, GLA is rendering a no records response. Central Ohio Health Care System has conducted a search and has advised Policy Memorandum 07-17 dated November 1, 2019 – Disruptive Behavior Response to Include Workplace Violence, Sexual Assaults and Other Defined Public Safety Incidents. Bates pages – 00116-00137 is responsive to this line item.  It is noted that this document was previously rendered in VHA's February 1, 2021, initial agency decision letter. This concludes VHA response to this line item.

**Line Item B.2.**:  Reevaluation of previously issued Red Flags by the DBC/B.  It is noted that the search criteria to be applied will be for "Disruptive Behavior Committee/Boards (DBC/Bs) policies and procedures pertaining to Reevaluation of previously issued Red Flags by the DBC/B.  A search was required within VA Greater Los Angeles Healthcare System (GLA) (Los Angeles, CA) and the VA Central Ohio Healthcare System.
**Response**:  VA Greater Los Angeles Healthcare System (GLA) (Los Angeles, CA) has conducted a search and has advised that the facility does not have any specific policy or procedures concerning Disruptive Behavior Committee/Boards.  This is due to the fact that GLA follows national policy.  As a result, GLA is rendering a no records response.
Central Ohio Health Care System has conducted a search and has advised Policy Memorandum 07-17 dated November 1, 2019 – Disruptive Behavior Response to Include Workplace Violence, Sexual Assaults and Other Defined Public Safety Incidents. Bates pages – 00116-00137 is responsive to this line item.  It is noted that this document was previously rendered in VHA's February 1, 2021, initial agency decision letter. This concludes VHA response to this line item.

**Line Item C.1**.:  VA Police policies and procedures relating to activation of Panic Alarms, including but not limited to stationary, electronic personal, and computer-based Panic Alarms.
**Response**:  Provided is a copy of the national Standard Operating Procedure (SOP that covers Police – RCS#5252.35.c.10, Bates pages 000666-000698.  This document is provided in its entirety.  This concludes VHA response to this line item.

**Line Item C.2.**:  Records concerning the placement, use, and outcomes of Panic Alarms activation by VA staff and VA police, including, but not limited to VA guidelines and procedures for Panic alarm testing.
**Response**:
VISN 10 has confirmed with their VISN Police lead that the VISN does not retain records  related to the use and outcomes of Panic Alarms activation by VA staff and VA

police, including, but not limited to VA policies and procedures relating to VA guidelines and procedures for panic alarm testing and Arrest made following the use of a panic alarm or security alarm triggered by staff members.  Therefore, VISN 10 is rendering a no records response.

VISN 22 has confirmed that with their VISN Police lead that records pertaining to placement, use, and outcomes of Panic Alarms activation by VA staff and VA police, including, but not limited to VA guidelines and procedures for Panic alarm testing would be retained at the facility level.  Therefore, VISN 22 is rendering a no records response.

Central Ohio Health Care System a search has been conducted and the following records have been found responsive – Policy Memorandum 07-16, January 18, 2017, Duress (Panic) Alarms, Bates numbered pages 000632-000633.  It is noted the facility complies with national guidance VA Directive 0730 Transmittal Sheet, December 12, 2012, Security and Law Enforcement.  This document is provided to you Bates pages 000634-000647.  It has been confirmed that records can be retrieved at the facility level however the data cannot be validated and is therefore not reliable.  It is noted that VA OSP has advised that Central Office is retrieving this requested information for both Central Ohio Health Care System.

VA Greater Los Angeles Healthcare System (GLA) (Los Angeles, CA) a search has been conducted and the following records have been found responsive – GLA Policy, 00-10-07B-35, September 2016 (Rescinded), Duress Alarm Policy, Bates numbered pages 000648-000656.  Duress Alarm Policy, MCP 01-10A-7B-35, effective November 2020, Bates pages 000657-000662 and Chapter V, Section C – Response to Intrusion and Duress Alarm Systems, Standard Operating Procedure, Bates pages 000663-000665.  It has been confirmed that records can be retrieved at the facility level however the data cannot be validated and is therefore not reliable.  It is noted that VA OSP has advised that Central Office is retrieving this requested information for the VA Greater Los Angeles Healthcare System (GLA) (Los Angeles, CA).

This concludes VA's response to this line item.

**Line item C.3.:** Arrest made following the use of a panic alarm or security alarm triggered by a staff member.

A search for responsive records is required within VISN 10 VA Healthcare System Serving Indiana, Ohio & Michigan Veterans, VISN 22 Desert Pacific Healthcare Network, the VA Greater Los Angeles Healthcare System (GLA) (Los Angeles, CA) and the VA Central Ohio Healthcare System.

**Response**:

VISN 10 has confirmed with their VISN Police lead that there are no records responsive to this request within the VISN related to the arrest made following the use of panic alarms or security alarms triggered by a staff member.  Therefore, VISN 10 is rendering a no records response.

VISN 22 has confirmed with their VISN Police lead that there are no records responsive to this request within the VISN related to the arrest made following the use of panic alarms or security alarms triggered by a staff member.  Therefore, VISN 22 is rendering a no records response.

Central Ohio Health Care System has confirmed with their VA Police Chief that there are no records responsive to this request with VISN related to the arrest made following

the use of panic alarms or security alarms triggered by a staff member.  Therefore, Central Ohio Health Care System is rendering a no records response. It is noted that VA OSP has advised that Central Office may have data responsive to this line item for Central Ohio Health Care System.

VA Greater Los Angeles Healthcare System (GLA) (Los Angeles, CA) has confirmed with their VA Police Chief records can be retrieved at the facility level however the data cannot be validated and is therefore not reliable.  It is noted that VA OSP has advised that Central Office may have data responsive to this line item for
VA Greater Los Angeles Healthcare System (GLA) (Los Angeles, CA).

On April 22, 2021, VHA issued its third partial initial agency decision on behalf of VA.  This letter will again address responsive records under their respective line item and pages will be Bates numbered for ease of reference.  This release contains a total two (2) PDF documents totaling eight (8) pages, the pages have been Bates numbered 000698-000706. In addition, five (5) Excel spreadsheets are provided.

**Line item A.3**.: VA and VHA definitions and applications of "disruptive behavior" as applied in each VISN and any uniform definitions across the VA, including but not limited to definitions recommended by the Office of the Inspector General (OIG) Management of Disruptive Patient Behavior at VA Medical Facilities (2013).
**Response**:  A search for responsive records has concluded within VHA Greater Los Angeles Healthcare System, I have been advised that this facility uses VHA National Workplace Violence and Prevention Program Office's definition and applications of "disruptive behavior".  As a result, a no records response is rendered for the VHA Greater Los Angeles Healthcare System.  This concludes VHA response to this line item.

**Line item C:**  Any and all records concerning the placement, use, and outcomes of Panic Alarms activation by VA staff and VA police including:
C3.  Arrest made following the use of panic alarm or security alarm triggered by a staff member.
**Response**: VA's Office of Security Preparedness is rending the following responsive records.  Specifically provided is:  PDF-Response to Assault and Disturbance Situations, Bates pages 000699-000703 and PDF-Response to Intrusion and Duress Alarm Systems, Bates pages 000704-000706.  These documents are provided in their entirety; therefore, no redactions have been made.  In addition, OSP has provided two (2) Excel spreadsheets containing alarm activation data for Chalmers P. Wylie Ambulatory Care Center and West LA Veterans Affairs campus.  Please be advised, OSP is only able to retrieve partial data from 2017 to 2020.  OSP is rending a no records response for 2010 to 2016. It is noted that VA OSP implemented a new database in 2019. The previous platform was replaced as data could not be verified thus rending the content invalid. Upon my review of the Excel spreadsheets, I have determined that there is information protected under FOIA exemption 6, 5 U.S.C. § 552 (b)(6).  An explanation for the use of exemption 6 is provide below.  This concludes VA response to this line item.

**Line item D:**  Relevant OIG guidelines between 2014 and 2020 contained within the following Office of the Inspector General (OIG) reports:
   a. OIG Department of Veterans Affairs, Healthcare Inspection:  Management of Disruptive Patient Behavior in VA Medical Facilities (Jan 30, 2018),
   b. OIG, Department of Veterans Affairs, Inadequate Governance of the VA Police Program at Medical Facilities (Dec. 13, 2018
   c. OIG, Department of Veterans Affairs, VA Police Management System Needs Improvement (Jun. 17, 2020).

In addition, for this line item, UCLA School of Law has asked VA to include but not limit this response to any data collected or used for "Issue 2: Patient Record Flag Placement, Follow-up, and Notification," and the aggregate data by facility compiled for Table 1: Facilities' Policies, Assessments, and Committees and Table 2: Electronic Health Record Review Results in the January 30, 2018, report.  Further UCLA School of Law request any data collected from the above cited reports concerning any aspect of vulnerable populations. "Vulnerable Populations" include, but is not limited to, undocumented veterans, women veterans, LGBTQIA+ veterans, transgender veterans, disabled veterans, veterans with mental health diagnosis or complex trauma, unhoused veterans, and non-white veterans. "Non-White" veterans include biracial and White Hispanic veterans.

**Response:**  The following information is provided from VHA Office of Workplace Violence and Prevention Program with respect to VA OIG Report No. 17-04460-84, "Combined Assessment Program Summary Report: Management of Disruptive and Violent Behavior in Veterans Health Administration Facilities" (January 30, 2018).

Please be advised the OIG made 4 recommendations in this report and VHA concurred all of them:

*Recommendation 1*. Executive in Charge, Office of the Under Secretary for Health, in conjunction with Veterans Integrated Service Network senior managers, ensure: Facility Directors establish Employee Threat Assessment Teams.
Each VISN (Veterans Integrated Service Network) attested quarterly to compliance with requirements for establishing ETAT until two consecutive quarters with 90 percent compliance were achieved. VISNs were required to be able to provide, upon request, documentation of ETAT operations.  Facilities not meeting the required two consecutive quarters of 90 percent ETAT implementations were required to submit a corrective action plan through their respective VISN.

The VHA Workplace Violence Prevention Program (WVPP) national program office (NPO) tracked quarterly attestations from the VISNs.  ETAT has no role in Behavioral Patient Record Flag (BPRF) placement.

*Recommendation 2*. Facility senior managers require attendance by VA Police Officers, Patient Safety and/or Risk Management Officials, and Patient Advocates at Disruptive

Behavior Committee/Board meetings and monitor compliance.
Attendance compliance monitoring was achieved by two consecutive quarterly
attestations by the VISN to the WVPP NPO that 90 percent of DBC/DBB meetings are
attended by each position. VISNs were required to be able to provide, upon request,
documentation of DBC meeting annual attendance rates for these positions at each
facility. Facilities not meeting the required two consecutive quarters of a 90 percent or
better attendance rate requirement for these positions were required to submit a
corrective action plan through their respective VISN.

The VHA Workplace Violence Prevention Program (WVPP) national program office
(NPO) tracked quarterly attestations from the VISNs.  DBC/DBB attendance attestation
data contain no information on BPRF placement.

*Recommendation 3*. That when Chiefs of Staff (or designees) issue Orders for
Behavioral Restriction, they document that they informed patients that the Orders were
issued and of the right to appeal the decisions and that facility senior managers monitor
compliance.  Each VISN was required to monitor and attest compliance. Additionally,
facilities were required to be able to provide documentation, upon request, of OBR
documentation in DBRS and patient notifications. Facilities were considered successful
once two consecutive quarters of 90 percent compliance reports are documented.
Facilities not meeting the required two consecutive quarters of 90 percent or better OBR
DBRS documentation and notification rate were required to submit a corrective action
plan through their respective VISN.

The VHA Workplace Violence Prevention Program (WVPP) national program office
(NPO) tracked quarterly attestations from the VISNs.  Data addressing whether an OBR
notification was sent to the patient contain no information regarding BPRF placement.

*Recommendation 4*.  Require that within 90 days of hire, all employees complete Level I
Prevention and Management of Disruptive Behavior training and additional training
levels based on the type and severity of risk for exposure to disruptive and unsafe
behaviors and monitor compliance.  Training compliance monitoring was achieved by
two consecutive quarterly attestations by the VISN that 90 percent of new employees
completed all required levels of training within 90 days of hire. VISNs were required to
be able to provide, upon request, documentation of PMDB training rates for new
employees at each facility. Facilities not meeting the required two consecutive quarters
of a 90 percent or better quarterly PMDB training completion rate for new employees
within 90 days of hire were required to submit a corrective action plan through their
respective VISN.

The VHA Workplace Violence Prevention Program (WVPP) national program office
(NPO) tracked quarterly attestations from the VISNs.  PMDB training completion data
contain no information on BPRF placement.

The VA OIG did not assess every VHA facility during this CAPS review, rather a
subgroup of their own selection.  The WVPP NPO does not have data collected by the

VA OIG during their site visits that are summarized in "Table 1. Facilities' Policies, Assessment and Committees" or "Table 2. Electronic Health Record Review Results."  The only data to which the WVPP NPO has access are those published by the VA OIG in the January 30, 2018, report itself.

It is noted that the VISN attestation data regarding the above four recommendations that were collected by the WVPP NPO do not contain information regarding any aspect of vulnerable populations.

This line item is now completed for VHA.  A response remains required for OSP as follows:

  b.  OIG, Department of Veterans Affairs, Inadequate Governance of the VA Police Program at Medical Facilities (Dec. 13, 2018)
  c.  OIG, Department of Veterans Affairs, VA Police Management System Needs Improvement (Jun. 17, 2020).

**RECORDS RELATED TO DATA AND STATISTICS**

**Line item 1**:  Seeking data and statistics pertaining to the number of police officers data and statistics maintained at the Central Office level (including OSP/OSLE).  You require any records reflecting the total number of police officers by VISN and facility.  This request includes data and statistics maintained for police officers hired or employed, aggregated by VISN and facility.  Statistical information includes race, ethnicity, religion, gender, LGBTQ status, disability, age, or other demographic information.
**Response**:  A search for response records has been conducted within VHA Central Office, Office of Workforce Management and Consulting.  Provided is an Excel spread sheet containing the information you seek.  All information is provided in its entirety therefore no information has been redacted or otherwise withheld.  It is noted that gender and race demographics are provided.  No additional demographics are retained, as a result VHA is rendering a no records response for ethnicity, religion, LGBTQ status, disability, or any other demographic information as request.  This concludes VHA's response to this line item.

**Line item 2**: Seeking data and statistics regarding the number of citations issued by the West LA Veterans Affairs campus and the Chalmers P. Wylie Ambulatory Care Center (Columbus, Ohio) to include statistical data of race, ethnicity, religion, gender, LGBTQ status, disability, age, or other demographic information.  The time period requested is calendar year 2010 to November 11, 2020.
**Response**:  VA Office of Operations, Security, and Preparedness (OSP) has conducted a search and has produced two Excel spreadsheets.  One spreadsheet for the West LA Veterans Affairs campus and other for the Chalmers P. Wylie Ambulatory Care Center (Columbus, Ohio).  Please be advised, OSP is only able to retrieve partial data from 2017 to 2020.  OSP is rending a no records response for 2010 to 2016. It is noted that VA OSP implemented a new database in 2019. The previous platform was replaced as

data could not be verified thus rending the content invalid.  It is noted that the data provide does not contain statistical data of race, ethnicity, religion, gender, LGBTQ status, disability, age, or other demographic information.  VA does not capture the demographic information you seek as a data field within its national database.  It is noted that VHA records kept at the facility level may contain demographic information. However, a search at the facility requires staff manually searching through each and every case and retrieve applicable data if available.  A document would then need to be created.  Courts have explained that FOIA was not intended to reduce government agencies to full-time investigators on behalf of requesters, or to allow requesters to conduct "fishing expeditions" through agency files. See Assassination Archives & Research Ctr. v. CIA, 720 F. Supp. 217, 219 (D.D.C. 1989), aff'd in pertinent part, No. 89-5414, 1990 WL 123924 (D.C. Cir. Aug. 13, 1990) (per curium); accord Nurse v. Sec'y of the Air Force, 231 F. Supp. 2d 323, 329 (D.D.C. 2002) (quoting Assassination Archives & Research Ctr., 720 F. Supp. at 219); see, e.g., Bloeser v. DOJ, 811 F. Supp. 2d 316, 321 (D.D.C. 2011) reasoning that 'FOIA' was not intended to reduce government agencies to full-time investigators on behalf of requesters.  Nor must agencies spend "countless numbers of personnel hours seeking needles in bureaucratic haystacks.  Therefore, VA is rendering no records response for statistical data of race, ethnicity, religion, gender, LGBTQ status, disability, age, or other demographic information.  This concludes VA's response to this line item.

**Line item 3**:  Seeking data and statistics regarding the number of arrests (on and off of VA property subject to judicial warrant and warrantless) conducted at the West LA Veterans Affairs campus and the Chalmers P. Wylie Ambulatory Care Center (Columbus, Ohio) to include statistical data of race, ethnicity, religion, gender, LGBTQ status, disability, age, or other demographic information.  The time period requested is calendar year 2010 to November 11, 2021.
**Response:**  VA Office of Operations, Security, and Preparedness (OSP) has conducted a search and has produced two Excel spreadsheets.  One for the West LA Veterans Affairs campus and other for the Chalmers P. Wylie Ambulatory Care Center (Columbus, Ohio).  Please be advised, OSP is only able to retrieve partial data from 2017 to 2020.  OSP is rending a no records response for 2010 to 2016. It is noted that VA OSP implemented a new database in 2019. The previous platform was replaced as data could not be verified thus rending the content invalid. Upon review of the data, I have determined that portions of the information are protected under FOIA exemption 6, 5 U.S.C. 552(b)(6).  Justification for applying Exemption 6 to portions of this document are discussed below.  It is noted that the data provide does not contain statistical data of race, ethnicity, religion, gender, LGBTQ status, disability, age, or other demographic information.  VA does not capture the demographic information you seek as a data field within its national database.  It is noted that VHA records kept at the facility level may contain demographic information. However, a search at the facility requires staff manually searching through each and every case and retrieve applicable data if available.  A document would then need to be created.  Courts have explained that FOIA was not intended to reduce government agencies to full-time investigators on behalf of requesters, or to allow requesters to conduct "fishing expeditions" through agency files. See Assassination Archives & Research Ctr. v. CIA, 720 F. Supp. 217,

219 (D.D.C. 1989), aff'd in pertinent part, No. 89-5414, 1990 WL 123924 (D.C. Cir. Aug. 13, 1990) (per curium); accord Nurse v. Sec'y of the Air Force, 231 F. Supp. 2d 323, 329 (D.D.C. 2002) (quoting Assassination Archives & Research Ctr., 720 F. Supp. at 219); see, e.g., Bloeser v. DOJ, 811 F. Supp. 2d 316, 321 (D.D.C. 2011) reasoning that 'FOIA' was not intended to reduce government agencies to full-time investigators on behalf of requesters.  Nor must agencies spend "countless numbers of personnel hours seeking needles in bureaucratic haystacks.  Therefore, VA is rendering no records response for statistical data of race, ethnicity, religion, gender, LGBTQ status, disability, age, or other demographic information.  This concludes VA's response to this line item.

VHA is now issuing its fourth and final initial agency decision on behalf of VA. This letter will again address responsive records under their respective line item. Provided are twenty-four (24) PDF documents Bates numbered 000707-000765.  In addition, this release contains twelve (12) Excel spreadsheets.  The documents are responsive to the following line items:

**Line item D:**  Relevant OIG guidelines between 2014 and 2020 contained within the following Office of the Inspector General (OIG) reports:
   a. OIG Department of Veterans Affairs, Healthcare Inspection:  Management of Disruptive Patient Behavior in VA Medical Facilities (Jan 30, 2018), (This line item was responded to by VHA within VHA's April 22, 2021, initial agency decision letter.)
   b. OIG, Department of Veterans Affairs, Inadequate Governance of the VA Police Program at Medical Facilities (Dec. 13, 2018)
   c. OIG, Department of Veterans Affairs, VA Police Management System Needs Improvement (Jun. 17, 2020).

**Response to b. and c.**:  OSP has advised that the review and response process to the OIG reports referenced in line items b. and c. are ongoing and completion is expected to include all recommendations within the next 180 days, therefore OSP is rendering a no records response however if you remain interested in this information you can submit a new FOIA request directly to vacoospfoia@va.gov.

## RECORDS RELATED TO DATA AND STATISTICS

**Line Item C**: Vehicle Removals - seek records that contain data or statistical information on the total vehicles removed from VA property.  In addition, a search was required for records that contain data or numerical information for vehicle removal involving VA Police officers in connection with local, state, other Federal, OIG, private security, or university police.
**Response**:  A search was conducted within the Greater Los Angles Healthcare System provided are two responsive records: 21-01105-F Towed Vehicles FCN List (PDF), and 21-0115-F Towed Vehicles Report Exec, it is noted that these reports are rendered in their entirety, therefore no redactions have been made.  It is also noted that you required this information for the time period of 2010 to present however data is only available from 2017 to present, therefore I am rending a no records response for 2010

to 2016.  A search was also conducted within the Chalmers P. Wylie Ambulatory Care Center and the facility has reported that no records were located, therefore VHA is rendering a no records response for the Chalmers P. Wylie Ambulatory Care Center. This concludes VHA response to this line item.

**Line Item A**: The number of complaints against VAPF Officers?
**Response**:  A search was conducted within both the Greater Los Angles Healthcare System and the Chalmers P. Wylie Ambulatory Care Center, provided are two Excel spreadsheets, 21-0115-F GLA Line Item 8 Redacted and 21-0115-F Chalmers Line Item 8 Redacted_  Upon review of the data, I have determined that portions of the information are protected under FOIA exemption 6, 5 U.S.C. 552(b)(6).  Justification for applying Exemption 6 to portions of this document are discussed below.  It is noted that the data provide does not contain statistical data of race, ethnicity, religion, gender, LGBTQ status, disability, age, or other demographic information.  VA does not capture the demographic information.

**RECORDS RELATED TO DATA AND STATISTICS**

**Line item 1**:  Seeking data and statistics pertaining to the number of police officers data and statistics maintained at the Central Office level (including OSP/OSLE).  You require any records reflecting the total number of police officers by VISN and facility. This request includes data and statistics maintained for police officers hired or employed, aggregated by VISN and facility.  Statistical information includes race, ethnicity, religion, gender, LGBTQ status, disability, age, or other demographic information.
**Response**:  On April 22, 2021, VHA provided an Excel spreadsheet as a result of a search within VHA's Office of Workforce Management and Consulting.  UCLA School of Law during the June 2, 2021, conference call questioned the data as the numbers were larger than expected.  VHA is now rendering a revised Excel spreadsheet titled, 21-01105-F Police Data Revised 6.28.21 containing the information you seek.  All information is provided in its entirety therefore no information has been redacted or otherwise withheld.  It is noted that gender and race demographics are provided.  This concludes VHA's response to this line item.

On June 22, 2021, VHA received UCLA School of Law letter documenting the June 2, 2021, phone conference.  It is noted that the following action item will be address in the Department's July release:

1. OSP will re-run reports to ensure that all citations, that have been finalized due to the change in management system are included in the facility spreadsheets or alternatively that a separate search is run for Citations in addition to arrests for the time period of May 2019 to present.
2. OPS has considered and will provide data and if available statistics to include general incidents as a search keyword along with citations, and arrests for the time period of May 2019 to present.

3. Two additional facilities will be agreed to by the Agency with respect to reports capturing general incidents, citations, and arrests for the time period of May 2019 to present.

4. OSP will provide the sample of citations and incident reports listing "N/A" or "Federal" as a description, as discussed with Greg Holland on the June 2, 2021, call. UCLA School of Law requested the citations and incidents from the date of the new system (in 2019) to the date the search was run in 2021. A total of 27 incident reports were requested by UCLA School of Law.  These reports were listed within a table contained within the June 22, 2021, letter.

It is noted that June 22, 2021, I sent an email to Ms. Courtney Bachman advising that the Agency can certainly include general incidents in addition to arrests and citations.  I asked that she confirm the revised date range as the date of the start of the new system, May 2019 to present.  In addition, I asked her to identify the two additional facilities that UCLA School of Law would like the incident, arrests and citations reports to be run for?  On June 25, 2021, Ms. Courtney Bachman responded via email and advised that "Yes, our revised requested date range is the start of the new system, May 2019 to present. We request data for citations, arrests, and general incidents during said data range for the James A. Haley Veterans Hospital in Tampa, FL and the St. Albans Medical Center in Queens, New York."

**Response to line items 1, 2 and 3**:  OSP has concluded its search within the Police Report Management System (PMRS) for general incidents in addition to arrests and citations for the time period of May 2019 to present.  Provided are eight (8) Excel spread sheets two (2) for each facility to include the Chalmers P. Wylie Ambulatory Care Center, VA Greater Los Angeles Healthcare System, James A. Haley Veterans Medical Center and the St. Albans Medical Center in Queens, New York.  It is noted that general incidents are one spread sheet and arrests, and citations are on the other.  No redactions have been made therefore all information is provided it its entirety.  It is noted that the data provided does not contain statistical data of race, ethnicity, religion, gender, LGBTQ status, disability, age, or other demographic information.  VA does not capture the demographic information you seek.

**Response to line item 4**:  UCLA School of Law requested 27 incident reports within its June 22, 2021, letter.  Please be advised VHA is rendering twenty-three (23) of the twenty-seven (27) requested incident reports/PDF files totaling fifty-four (54) pages. Pages have been Bates numbered 000711-000765.  Regarding report number 691 IR20190527-000488 OSP conducted a search within the VA Police Reporting Management System, this search resulted in a no records response because 691 IR20190527-000488 has been deleted by the facility.  In addition, it was determined that two of the requested reports were duplicate numbers specifically 6911R20200119-000053_1 and 691200689.  Upon my review of the remaining 24 incident reports, I have determined that report number 691201005_1 Bates pages 000766-000767 is protected in its entirety under FOIA exemption 6, 5 U.S.C. § 552 (b)(6) and FOIA exemption 7, 5 U.S.C. § 552 (7)(A) and (7)(C) and FOIA exemption 5, 5 U.S.C. § 552 (b)(5).

In response to VHA fourth and final initial agency decision, on July 20, 2021, Ms. Courtney Bachman, Registered Legal Services Attorney, Veterans Legal Clinic, UCLA School of Law sent an email requesting a call with Deana Marakowski, VHA and Gregory Holland, OSP to ask specific questions about certain responsive documents. Ms. Bachman advised that Congress is currently considering reforms to the VA police force, making our client's FOIA even more timely and urgent. Ms. Bachman advised that on their initial review of the documents, UCLA School of Law noticed a few errors with the production that they wanted to raise, specifically:

Issue 1:  The citation and incidents spreadsheets for each location are missing the race and gender fields in this corrected and updated production. The arrests spreadsheets produced April 22, 2021, as part of the third initial production, provided these important data fields. Please re-produce corrected spreadsheets with race and gender on the citation and incident spreadsheets for each facility by the end of this week.

Issue 2: On our June 2, 2021, conference call, OSP agreed to re-produce the panic alarm spreadsheets to include dates. Please provide the corrected spreadsheets by the end of the week.

On July 26, 2021, Ms. Sunita Patel, Assistant Professor of Law, UCLA School of Law sent an email requesting to meet with Deana Marakowski, VHA and Gregory Holland, OSP to discuss the production and a few follow-up matters.
Ms. Marakowski requested that Ms. Patel please provide the follow-up matters in advance so that responses could be prepared for a scheduled call.

As a result of the additional questions and to ensure that VA satisfies UCLA School of Laws FOIA request, VA has amended this request and is now providing a fifth partial initial agency decision.  Specifically rendered are twelve (12) PDF documents, Bates pages 000768 to 000810 and three (3) Excel documents.  All information is provided in its entirety therefore no information has been redacted or otherwise withheld.

On July 27, 2021, after consultation with OSP, the following response was provided to UCLA School of Law in response to the data issues raised by Ms. Bachman on July 21, 2021:

Issue 1:  The citation and incidents spreadsheets for each location are missing the race and gender fields in this corrected and updated production. The arrests spreadsheets produced April 22, 2021, as part of the third initial production, provided these important data fields. Please re-produce corrected spreadsheets with race and gender on the citation and incident spreadsheets for each facility by the end of this week.
Response Issue 1:   Upon review of the two documents released in response to citations for both Chalmers P. Wylie Ambulatory Care Center and VA Greater Los Angeles Healthcare System (attached), I do not find race and or gender fields.  Can UCLA School of Law please kindly provide a copy of the reports containing race and gender that UCLA School of Law references via email to Ms. Marakowski so that we

may further advise on this issue.

Issue 2:  On our June 2, 2021, call, you agreed to re-produce the panic alarm spreadsheets to include dates. Please provide the corrected spreadsheets by the end of the week.

Response Issue 2:  OSP has advised that this was addressed on our call.  Please open the spreadsheet completely and scroll to the left to view the date.

On July 28, 2021, Sunita Patel, Assistant Professor of Law, UCLA School of Law provided data analysis issues in advance of scheduled August 5, 2021, conference call. It is noted that OSP could not attend the August 5, 2021, call and an additional call would be held the week of August 9, 2021.  Specifically, Ms. Patel advised she was providing a few additional points of concern.  In addition, they continue their review of the spreadsheets and would follow-up prior to our scheduled call.

Issue 3:  The GLA incident spreadsheet contains entries where individualized reference numbers have been mistakenly removed. We see "691 USDCVN" in multiple entries without their corresponding reference number.

Issue 4:   We previously requested guides, procedures, code definitions, or manuals for definitions of relevant fields. We are unable to analyze the data without understanding VHA's definitions for using certain fields. For example, "call/walk-in" "officer observation" and "phone" are used under the "method of reporting" column in the GLA incident spreadsheet without a definitions sheet.

Issue 5:  As you mention on page 28 of your letter, VHA agreed to provide incidents, citations, and arrests for St. Albans, Tampa, GLA, and Columbus. We have not received citation or arrest data for St. Albans and Tampa. Can you please clarify if citations and arrests are included within the incident spreadsheet for St. Albans and Tampa?

Issue 6:  To the extent St. Albans or Tampa produce "N/A" or "federal" in their spreadsheets, we request the individual records with the understanding the number is reasonable.

Issue 7:  VHA will search for records responsive to Part III. F, G, and H.  Ms. Patel advised that Part H is essential to analyzing the records UCLA School of Law has already received, and their client NAMVET is especially interested in receiving the broad category of disruptive behavior committee data.

On August 2, 2021, Ms. Marakowski consulted with Mr. Holland, below are OSP responses:

Response Issue 3:  The individualized numbers were not removed.  If there are no sequential reference numbers after 691 USDCVN, then it likely means the station supervisors did not review the number for completeness prior to approval.  When there are numbers that are missing the Officer must manually enter in their citation number so complete the data field.  The data as rendered is a result of an administrative error(s).

Response Issue 4:  VA Police Officers receive official duty training regarding data entry. The menu drop-down boxes prompt Police Officers to make the appropriate selection. Provided is a PDF document titled Incident Types, Bates pages 000768-000777. This concludes OSP's response to this line item.

Response Issue 5:  On June 28, 2021, Mr. Holland provided guidance advising in email that the citations report include both arrests and traffic violations.

Response to Issue 6:  UCLA School of Law will provide to VHA a list of UOR's containing N/A data fields so that data verification may be attained.  VHA will provide redacted UOR's as was done within the fourth release.

Response to Issue 7:  In regard to Part III. F-2, VHA has received responsive records from the Chalmers P. Wylie Ambulatory Care Center.  They have advised that Columbus had 58 letters issued notifying of OBR and appeals process when pulling the report from the DBRS system with the date range 1/1/2010-8/3/2021.  They have provided an Excel document showing the report indicating 58.

Per a conference call on August 17, 2021 with UCLA School of Law, the VHA FOIA Office is working with the VHA Support Service Center to determine if data presented within an OIG report found at: https://www.va.gov/oig/pubs/VAOIG-11-02585-129.pdf can be retrieved for FY 2015-2021.  VHA will also consult with Office of Workforce Violence and Prevention to confirm if data regarding OBR's and Appeals is available specifically regarding "renewal of DBRS flags and orders when DBRS flags require renewal what is the process.  What is the average timing of renewal review and DBRS flag updates?

Issue 7 continued:  In regard to uniform Monthly Crime Reports, this data is only available at the facility level as previously advised.  Both the Chalmers P. Wylie Ambulatory Care Center and the VA Greater Los Angeles Healthcare System have provided 2 types of reports for this data as requested by UCLS School of Law on our July 20, 2021, call.  Each facility has provided an Excel spread sheet titled "Total Incident Report.  It is noted that the Chalmers P. Wylie Ambulatory Care Center spread sheet contains five tabs for years 2017, 2018, 2019, 2020 and 2021.  VA Greater Los Angeles Healthcare System spread sheet contains 2018, 2019, 2020 and 2021.  It is noted that medical centers began using the new FBI database at different time as demonstrated by GLA beginning in 2018 and the Chalmers P. Wylie Ambulatory Care Center began in 2017.  This concludes VHA's response for this line item.

On November 5, 2021, VHA issued its sixth partial initial agency decision. Specifically rendered were two-hundred and ten (210) PDF documents.  On August 27, 2021, UCLA requested twenty-three (23) individual incident reports, six (6) for St. Albans Medical Center in Queens, New York and seventeen (17) individual incident reports for the James A. Haley Veterans Medical Center. It is noted that VHA rendered six (6) Citation Reports in part for St. Albans Medical Center in Queens, New York and fourteen (14) Citation Reports in part for the James A. Haley Veterans Medical Center.

I advised that three of the reports for James A. Haley Veterans Medical Center were not provided (6050413, 673USDCVN (line 27 in spreadsheet) and 673 USDVCN (line 348 in spreadsheet) because these citations were created and then administratively closed voiding the citation.  Upon review of the documents, I have found information that was protected under FOIA exemption 6, 5 U.S.C. § 552 (b)(6).

An additional search was conducted for District Court Notices which are part of the Central Bureau database.  Each month two reports are sent to each facility to include one for open citations and the other for closed citations.  As requested, a search for open and closed citations was conducted within the Chalmers P. Wylie Ambulatory Care Center and VA Greater Los Angeles Healthcare, James A. Haley Veterans Medical Center and the St. Albans Medical Center in Queens, New York.  This search was conducted within the Central Violations Bureau database. It is noted that all VA Police Records and forms are managed in accordance with Department of Veterans Affairs VHA Records Control Schedule (RCS) 10-1, and guidance from OS&LE.

| 5252.10.d | **U.S. District Court Files**. Issuing agency copy of U.S. Court Violation Notices issued, consecutive copies of notices to clerk, U.S. District Court, forwarding court copies of violation notices. | Temporary; Destroy 3 years after final investigation or reporting action or when 3 years old, whichever is later, but longer retention is authorized for business use. (GRS 5.6  item 100, DAA-GRS-2017-0006-0013) |
| 5252.10.e | Investigative Report Files.  Incident Report, Criminal Investigative Reports, Misconduct Reports, Property Loss Reports, Damage Government Property Reports, Traffic Infractions, Motor Vehicle Accidents, etc. | |

The Chalmers P. Wylie Ambulatory Care Center search resulted in thirty-four (34)  PDF documents totaling seventy-nine (79) pages of responsive records.  For ease of reference the pages were Bates numbered 000941-001002.  The years provided were 2019 to July 2021.  It is noted that three (3) document Bates pages 000923-000931, 000932-000935 and 000936-000940 were transmittal sheets for years 2019-2021.  Upon review of the documents, I found information protected under FOIA exemption 6, 5 U.S.C. § 552 (b)(6) therefore the responsive records were rendered in part.

St. Albans Medical Center in Queens, New York search resulted in thirty-two (32) PDF documents totaling sixty-eight (68) pages of responsive records.  For ease of reference the pages were Bates numbered 001003-001071. The years provided are January 2018 to July 2021.  Upon review of the documents, I found information protected under  FOIA exemption 6, 5 U.S.C. § 552 (b)(6) therefore the responsive records were rendered in part.

James A. Haley Veterans Medical Center search resulted in one hundred and seventeen (117) PDF documents totaling two-hundred and forty-four (244) pages of responsive records.  For ease of reference the pages have been Bates numbered 001072-001316.  It is noted the transmittal sheets were provided for each year.  The years provided were January 2018 to July 2021.  Upon review of the documents, I found

information protected under FOIA exemption 6, 5 U.S.C. § 552 (b)(6) therefore the responsive records are rendered in part.

VA Greater Los Angeles Healthcare is currently conducting a search for responsive records and documents will be rendered within VHA's seventh initial agency decision.

UCLA School of Law's requested VHA conduct a search for Use of Force Reports for the Chalmers P. Wylie Ambulatory Care Center, VA Greater Los Angeles Healthcare, James A. Haley Veterans Medical Center and the St. Albans Medical Center in Queens, New York.  In consultation with OSP it was explained that "force" starts with police presence and then elevates as necessary.  For the purpose of this search, VHA conducted a search for Use of Force Reports to include hands on and above including any types of chemical, weapons drawn such as baton, taser or gun. The Chalmers P. Wylie Ambulatory Care Center rendered seven (7) PDF files totaling eighty-nine (89) pages of responsive records.  For ease of reference the pages were Bates numbered 000851-000940.  Upon review of the documents, I found information protected under FOIA exemption 6, 5 U.S.C. § 552 (b)(6) therefore the responsive records were rendered in part.  I have been advised that the search for Use of Force Reports within the St. Albans Medical Center in Queens, New York did not produce response records, therefore VHA is rendered a no records response for St. Albans only. It is noted that James A. Haley Veterans Medical Center has provided seventy-six (76) Use of Force Reports.  All seventy-six (76) reports will be rendered in part within VHA's seventh initial agency decision.  In addition, VA Greater Los Angeles Healthcare is currently conducting a search for responsive records and documents will also be rendered within VHA's seventh initial agency decision.

Regarding your request for race and gender OPS has advised that race and gender are not always captured because they are not required data fields.  Further asking an individual for such demographic information is not protocol.  It is noted that required data fields include all information that is part of an individual's driver's license.

OPS is confirming that the citations reports do include arrests and traffic violations.  Regarding the towing reports rendered by the VA Greater Los Angeles Healthcare, I have been advised that the Officers did not go into the binder and handwrite the final citation notice or the handwritten final citation notices were not done on the same day as the incident report was generated.  It is noted that the only way to resolve the discrepancies is to go through each report manually or running the Final Citation Notice through the National Crime Information Center, FBI database.  This would involve creating a new record which is not required under the FOIA.

Regarding the non-consistency of the flow of citation numbers, I have been advised that the numbering of an Officer's violations booklet is random.  OPS has advised that each Officer is issued a random numbered tablet of citations.  The numbering within the tablets is also random, therefore there is no consistent flow of citation violation numbering.

In response to your request for training manuals or operating manuals that defines the categories to be selected for spreadsheets related to incidents, arrests, and citations, within the August 31, 2021, response VHA included a list of "Incident Types". OPS is now providing a link to the Report Exec Enterprise User Manual http://www.reportexec.com/support/Manuals/Report_Exec_Enterprise_User_Manual.pdf It is noted that Report Exec is the current database platform used to generate the reports that have been requested.

G. **Disruptive Behavior Committee/Board Data**

1.  Records that contain data or statistical information on the attendance of DBC/Bs in VA Facilities in each state, VISN, and/or Facility.

Response: VHA's Workplace Violence Prevention Program offers that perhaps VAOIG CAPS data on attendance of committee members to meetings might be used for this response.  If so, then at the time the CAPS report and recommendations were closed in Sept 2020, 88% of VHA facilities attested to VA Police, Patient Advocates, and Risk Managers or Patient Safety Representatives attending >90% of held DBC meetings. Searches within the Chalmers P. Wylie Ambulatory Care Center and VA Greater Los Angeles Healthcare did not produce records responsive to this line item.   It is noted that a response to this line item would require individuals to search each months DBRS committee meeting minutes and create a new record for the information requested.  The FOIA does not require agencies to create records.  Courts have explained that FOIA was not intended to reduce government agencies to full-time investigators on behalf of requesters, or to allow requesters to conduct "fishing expeditions" through agency files. See Assassination Archives & Research Ctr. v. CIA, 720 F. Supp. 217, 219 (D.D.C. 1989), aff'd in pertinent part, No. 89-5414, 1990 WL 123924 (D.C. Cir. Aug. 13, 1990) (per curium); accord Nurse v. Sec'y of the Air Force, 231 F. Supp. 2d 323, 329 (D.D.C. 2002) (quoting Assassination Archives & Research Ctr., 720 F. Supp. at 219); see, e.g., Bloeser v. DOJ, 811 F. Supp. 2d 316, 321 (D.D.C. 2011) reasoning that 'FOIA' was not intended to reduce government agencies to full-time investigators on behalf of requesters.  Nor must agencies spend "countless numbers of personnel hours seeking needles in bureaucratic haystacks.  Therefore, VA is rendering no records response for this line item.  In addition, should UCLA School want to request DBRS committee meeting minutes this would need to be done under a separate FOIA request and the request would be made directly to the facility of interest.

2. Records that contain data or statistical information on the issuance of Orders of Behavior Restrictions (OBR).  VHA is working with Workplace Violence Prevention Program to determine if this data can be retrieved from the DBRS data base. This line item will be addressed in VHA's seventh initial agency decision.

On January 18, 2022, VHA is rendered its seventh partial initial agency decision. Specifically rendered were thirty-seven (37) documents totaling ninety (90) pages of responsive records.  The pages were Bates numbered 001317-001407.  Provided were

Use of Force Reports for the James A. Haley (Tampa) Veterans Medical Center.  Upon review of the documents, I determined that there was information protected under  FOIA exemption 5, 5 U.S.C. § 552 (b)(5), FOIA exemption 6, 5 U.S.C. § 552 (b)(6) and FOIA Exemption 7, 5 U.S.C. § 552(b)(7)(E).

On February 7, 2022, VHA issued its eighth partial initial agency decision to include one-hundred and thirty-six (136) PDF files, and a total of one-thousand, two-hundred and eighty-seven (1,287) pages of responsive records in part. Specifically rendered were the remaining Use of Force Reports for the James A. Haley (Tampa) Veterans Medical Center to include forty-two (42) documents totaling one-hundred and twenty-four (124) pages of responsive records.  These pages were Bates numbered 001408-001532.  VHA is also provided the VA Greater Los Angeles District Court Notices for 2020 and 2021.  Documents rendered for 2020 include fifty-six (56) PDF files containing six-hundred and ninety-nine (699) pages. These pages were Bates numbered 001532-002231.  Due to a numbering error, it was noted that the Bates numbering within this response contains the Bates page number 001532 on two documents.  Documents rendered for 2021 include thirty-eight (38) PDF files containing four-hundred and sixty-three (463) pages. These pages were Bates numbered 002232-002695.

VHA also advised that all VA Police Records and forms are managed in accordance with Department of Veterans Affairs VHA Records Control Schedule (RCS) 10-1, and guidance from OS&LE.  VA Greater Los Angeles advised that the District Court Notices for 2019 were purged in accordance with the Records Control Schedule.  Therefore, VHA is rendered a no records response for the 2019 District Court Notices for the VA Greater Los Angeles.

| | | |
|---|---|---|
| 5252.10.d | **U.S. District Court Files**. Issuing agency copy of U.S. Court Violation Notices issued, consecutive copies of notices to clerk, U.S. District Court, forwarding court copies of violation notices. | Temporary; Destroy 3 years after final investigation or reporting action or when 3 years old, whichever is later, but longer retention is authorized for business use. (GRS 5.6  item 100, DAA-GRS-2017-0006-0013) |
| 5252.10.e | Investigative Report Files.  Incident Report, Criminal Investigative Reports, Misconduct Reports, Property Loss Reports, Damage Government Property Reports, Traffic Infractions, Motor Vehicle Accidents, etc. | |

I further advised that upon review of the documents, I determined that there was information protected under FOIA exemption 5, 5 U.S.C. § 552 (b)(5), FOIA exemption 6, 5 U.S.C. § 552 (b)(6) and FOIA Exemption 7, 5 U.S.C. § 552(b)(7)(E).

On April 4, 2022, VHA is rendered its ninth partial initial agency decision.  On February 2, 2022, a conference call was held with UCLA School of Law, VHA and OSP representatives.  On February 22, 2022, Ms. Bachman sent a letter addressing this meeting and the follow-up actions agreed upon by the Agency.  Specifically, OSP agreed to reproduce new data in the following categories: arrests, citations, and incident spreadsheets; panic alarm spreadsheets; and use of force data.

Listed below were the action items discussed:  Data representing all arrests, citations, and incidents for Greater Los Angeles, Chalmers, Tampa, and St. Albans beginning in 2019 when the system changed, to the present.

1.  Provide each category (arrest, citation, incidents) in its own spreadsheet and indicate whether the spreadsheet includes arrests, citations, incidents, or a combination.
2. If the spreadsheet includes a combination of arrests, citations, or incidents, indicate how to identify each category within the spreadsheet.
3. Provide race, ethnicity, and gender, etc., when available.

UCLA School of Law requested that OPS provide:

1. Individualized identifying numbers for each entry in the new spreadsheets. Provide reference, case, or other identification numbers to allow for better analysis of duplicates and repeat individuals over time.
2. Specific locations, if available, for panic alarm activations in the following spreadsheets: "GLA Alarm Activations Redacted" and "Central Ohio Alarm Activations Redacted."
3. Use of force data including but not limited data use of force incidents involving weapons since October 1, 2021. Additionally, please provide any narrative data of use of force that is available within the system.

OSP is provided two (2) Excel files and one (1) PDF file as follows:

1. Consolidated Incidents and UoF VA Greater Los Angeles-Tampa-Chalmers-St. Albans 2019-2022
2. Consolidated Violations VA Greater Los Angeles-Tampa-Chalmers-St. Albans
3. 2019-2022Citations Count by Race Combined

They have advised that the information requested can be filtered as needed. In addition, OPS noted that Use of Force information has been included with the incidents as this is how it has been captured since within the 360 Analytics Module since October 2021.  It is noted that the information provided in its entirety therefore no redactions have been made.  OSP advised that there is no known way to pull race, ethnicity, or gender information as the 360 Analytics Module does not provide the option, however, the Admin Reports section of the program does retrieve race data. Please be advised that when the report was run within Admin Reports for all 4 facilities the results populated no findings. (See attached Citations Count by Race Combined)  This report has been Bates numbered 002696-002707.  Moreover, it is noted that race was only an available option to be run when searching for citations; race was not an available option for incidents or for Use of Force.  VHA is rending a no records response information requested regarding race, ethnicity and gender.

In regard to your request for additional clarification with West Los Angeles regarding the LA Towing data.  VHA has previously provided clarification regarding this issue within its January 18, 2022, seventh partial release that the towing reports rendered by the VA Greater Los Angeles Healthcare, Officers did not go into the binder and handwrite the final citation notice or the handwritten final citation notices were not

done on the same day as the incident report was generated.  It was noted that the only way to resolve the discrepancies is to go through each report manually or running the Final Citation Notice through the National Crime Information Center, FBI database.  This would involve creating a new record which is not required under the FOIA.  If further clarification is required, please specifically advise what additional clarity is required.

In regard to information for Persons and Property, as part of the initial clarification process it was determined by OSP that information regarding person and property may be available at the facility level.  However, there is no electronic system that will populate the specifics of an incident.  It is noted that a search at the facility level requires staff to manually search through each and every case and retrieve applicable data if available and then to take that information and compile it onto a spreadsheet, hence creating a document.  Courts have explained that FOIA was not intended to reduce government agencies to full-time investigators on behalf of requesters, or to allow requesters to conduct "fishing expeditions" through agency files. See Assassination Archives & Research Ctr. v. CIA, 720 F. Supp. 217, 219 (D.D.C. 1989), aff'd in pertinent part, No. 89-5414, 1990 WL 123924 (D.C. Cir. Aug. 13, 1990) (per curiam); accord Nurse v. Sec'y of the Air Force, 231 F. Supp. 2d 323, 329 (D.D.C. 2002) (quoting Assassination Archives & Research Ctr., 720 F. Supp. at 219); see, e.g., Bloeser v. DOJ, 811 F. Supp. 2d 316, 321 (D.D.C. 2011) reasoning that 'FOIA' was not intended to reduce government agencies to full-time investigators on behalf of requesters.  Nor must agencies spend "countless numbers of personnel hours seeking needles in bureaucratic haystacks.  Therefore, VA is rendering no records response for information regarding Persons and Property.  This concludes VA's response to this line item.

In regard to UCLA School of Law's request for weapons use, VHA has responded with Use of Force Reports.  In consultation with OSP it was explained that "force" starts with police presence and then elevates as necessary.  The search for Use of Force reports included hands on and above including any types of chemical, weapons drawn such as baton, taser or gun.

In regard to your request for - Records that contain data or statistical information on the number of Veterans who are members of Vulnerable Populations that currently have Behavioral Red Flags and/or Patient Record Flags.  I have been advised by VHA Office of Workplace Violence and Prevention that the DBRS does not contain data or statistical information on the issuance of OBRs.  As a result, VHA is rendering a no records response regarding this line item.

On March 1, 2022 via email, you asked if VHA could provide an agency code listing to assist with the review of district court notices provided within the Agency's February 7, 2022 eighth partial release.  I have consulted with OSP and have been advised that VA does not retain a copy of the list you have requested.  However, they have advised that a request by UCLA School of Law can be made to the Central Violations Bureau.  VA is rendering a no records response for this item.

VHA is provided forty-five (45) Bates numbered pages, 002708 to 002752 of records pertaining to Behavioral Patient Record Flag (PRF) which is defined as a national communication tool used to immediately alert staff to a patient's treatment plan that addresses the patient's symptoms of disruptive behavior, and to limit the impact of these symptoms to care.  All PRF are visible in the electronic medical record of the Veteran.  In addition, an Order of Behavioral Restriction (OBR) represents a type of therapeutic limit-setting required to manage VHA care for patients whose behavior is disruptive.  An OBR may address the time, place, and/or manner in which a patient receives health care services.  PRFs and OBRs exist for the same purpose: to keep patients safely engaged in health care.  These documents are provided to assist with understanding DBRS its intent and functionality.  All pages are provided in their entirety therefore no redactions have been made.

On February 2, 2022, VHA agreed to reexamine the b(5) and b(6) redactions applied within the following Productions:

| Date of Production | Title of Document | Bates Number |
| --- | --- | --- |
| 6th Production | 2021 UOF JUNE09-14-2021-132905 Redacted_Redacted.pdf | 000905-000909 |
| 6th Production | 2021 UOF JAN (2)09-14-2021-133117 Redacted_Redacted.pdf | 000898-000904 |
| 6th Production | St. Albans Citation - 6768284 Redated_Redacted.pdf | 000822-000823 |
| 6th Production | Tampa - 6050414 Redacted_Redacted.pdf | 000846-000847 |
| 6th Production | Tampa - 673 USDCVN #2 Redacted_Redacted.pdf | 000824-000825 |
| 7th Production | VA Police Use of Force Reporting Form 4.16.2021 Redacted_Redacted.pdf | 001397-001399 |
| 6th Production | 2020 UOF09-14-2021-132526 Redacted_Redacted.pdf | 000863-000885 |
| 7th Production | Code Orange Use of Force Incidents 2.1.2021 Redacted_Redacted.pdf | 001317-001319 |
| 7th Production | 22-00016-R OIG ReferralRedacted_Redacted.pdf | 000001-000129 (We believe these are improperly assigned Bates numbers) |

As requested a second review of the nine PDF documents was conducted and I have made redaction changes to the following documents:

| | | |
| --- | --- | --- |
| 6th Production | 2021 UOF JUNE09-14-2021-132905 Redacted_Redacted.pdf | 000905-000909 |

| | | |
|---|---|---|
| 6th Production | 2021 UOF JAN (2)09-14-2021-133117 Redacted_Redacted.pdf | 000898-000904 |
| 6th Production | St. Albans Citation - 6768284 Redated_Redacted.pdf | 000822-000823 |
| 6th Production | Tampa - 6050414 Redacted_Redacted.pdf | 000846-000847 |
| 6th Production | Tampa - 673 USDCVN #2 Redacted_Redacted.pdf | 000824-000825 |
| 6th Production | 2020 UOF09-14-2021-132526 Redacted_Redacted.pdf | 000863-000885 |
| 7th Production | Code Orange Use of Force Incidents 2.1.2021 Redacted_Redacted.pdf | 001317-001319 |

Consideration was given to the following 2 documents however the release determinations remain the same:

| | | |
|---|---|---|
| 7th Production | VA Police Use of Force Reporting Form 4.16.2021 Redacted_Redacted.pdf | 001397-001399 |
| 7th Production | 22-00016-R OIG ReferralRedacted_Redacted.pdf | 000001-000129 (We believe these are improperly assigned Bates numbers) |

It was noted that the FOIA exemption justifications addressed within VHA's sixth, and seventh production letters remain the same upon release reconsideration of the documents.  In regard to FOIA tracking number 22-00016-R this was a Referral send to VHA via the OIG for review and release consideration of documents that were found to be created and retained within VHA.  The one-hundred and twenty-nine (129) pages of records were reconsidered as requested however it is noted for administrative purposes that  22-00016-R OIG ReferralRedacted_Redacted.pdf is not part of FOIA request number 21-01105-F.  https://www.jointcommission.org/resources/patient-safety-topics/workplace-violence-prevention/us-department-of-veterans-affairs/ https://www.jointcommission.org/-/media/tjc/documents/resources/patient-safety-topics/work-place-violence-prevention/vha_wvpp_lynn_van_male.pdf  Also provided was a PDF document Patient Record Flags Phase III, User Guide which includes VHA Directive 2003-048 and an attachment Standards for Patient Record Flags all pages are provided in their entirety and have been Bates numbered 002723-002788.

On May 11, 2022, VHA rendered its tenth partial initial agency decision. Provided were the 2019 VA Greater Los Angeles Use of Force Reports.  There were a total of twenty-seven (27) reports totaling two-hundred and eighty-six (286) pages.  The pages were Bates numbered 002789-003074.

On July 19, 2022 VHA issued its eleventh partial initial agency decision. Provided were the 2020 VA Greater Los Angeles Use of Force Reports totaling nine (9) reports, one-hundred and nine (109) pages.  The pages were Bates numbered 003075-003185. It is noted that the documents were rendered in part therefore redactions were made.

Within the eleventh partial initial agency decision, in response to the May 17, 2022 TEAMS meeting held with UCLA School of Law, OSP and VHA the below action items were addressed as agreed upon by OSP and addressed within the July 19, 2022 response:

**Line Item 1**:  List of data options that can be displayed/extracted within the 360 Analytics module.
**Line Item 2**:  Options for creating the graphs and charts that can accompany the data.
**Line Item 3**:  Violation type Tree View Dictionary.

Additionally, after reviewing the ninth and tenth production UCLA presented the following questions:

**Line Item 4**:  The data provided in both consolidated sheets in the ninth production do not include data for St. Albans/ Manhattan VAMC even though it appears to be selected as a "main filter." We request the corrected data including the New York location.
**Line Item 5**:  The spreadsheets from the ninth production mention "non-UCR" offenses. We request a definition of "non-UCR."
**Line Item 6**:  The data shows marked changes since Covid-19. Please provide any memos or policy documents explaining VHA changes in policing practices

In response to line items 1 through 6, OSP provided the flowing information and responsive records:

**Line Item 1**: List of data options that can be displayed/extracted within the 360 Analytics Module.
**Responsive Record**:  Excel spreadsheet titled - The 360 Options – Violations Types. OSP advised that this document shows the information that can be displayed/extracted within the 360 Analytics Module along with the complete listing of violation types found in ReportExec.  It was noted that 360 Analytics Module, is the primary analytical tool within the ReportExec program.  This information was provided in its entirety therefore no redactions were made and concluded OSP's response for this line item.

**Line Item 2**: Options for creating the graphs and charts that can accompany the data.
**Responsive Record:**  The 360 Analytics Module is capable of generating the following types of graphs/charts: Pie, Donut, Bar, Column, Line, Stacked Bar, Funnel, Area, Tree Map, and Scatter.  It was noted that some of the aforementioned graphs/charts are only available when two data sets are compared and will not be visible when a report using one data set is generated.

**Line Item 3**: Violation type Tree View Dictionary.
**Responsive Record**:   Excel spreadsheet titled - The 360 Options – Violation Types, Tab 2 - Violation Tree View Dictionary.  This information was provided in its entirety therefore no redactions were made, and this concluded OSP's response for this line item.

**Line Item 4**:The data provided in both consolidated sheets in the ninth production do not include data for St. Albans/ Manhattan VAMC even though it appears to be selected as a "main filter." We request the corrected data including the New York location.
**Responsive Record:**  OSP provided two (2) additional Excel Spreadsheets to address this line item:  1) St. Albans – Incidents 2019-2022 -  2) St. Albans – Violations 2019-2022.  This information was provided in its entirety therefore no redactions were made, and this concluded OSP's response for this line item.

**Line Item 5**:The spreadsheets from the ninth production mention "non-UCR" offenses. We request a definition of "non-UCR."
**Response:**  OSP advised that  "Non-UCR" means, it is an incident type that is not reportable to the Federal Bureau of Investigation's (FBI) Uniform Crime Report (UCR) program. The FBI specifies and defines what incidents are to be reported to the UCR program.  This information was provided in its entirety therefore no redactions have been made and this concluded OSP's response for this line item.

**Line Item 6**:  The data shows marked changes since Covid-19. Please provide any memos or policy documents explaining VHA changes in policing practices
**Responsive Record:** OSP advised that they are not aware of a change in policy, memo, email, or any other medium, that dictated a change in the policing practices due to COVID-19 within VA Central Office.  If the change you are referring to is within a particular medical center OSP asked that UCLA School of Law please advise.

Within the July 19, 2022 letter OSP has advised that they  discovered another report that was able to populate race statistics.  Specifically, the report title is "Arrests Made – Adult," Upon discovering this report they immediately recognized the documents as responsive to your FOIA request.  OSP also double-checked the Admin Reporting feature for citations and incidents to see if race data was populated, and it was not.  OPS provided four (4) reports found containing race data:

1. Chalmers 2019-Present Arrests made- Adult.xls. Redacted.
2. Greater Los Angeles 2019-Present Arrests made- Adult.xls. Redacted.
3. St Albans 2019-Present Arrests made- Adult.xls. Redacted.
4. Tampa 2019-Present Arrests made- Adult.xls. Redacted.

On July 6, 2022 a follow-up TEAMS meeting with held with UCLA School of Law, OSP and VHA.  As a result of this meeting the following documents were provided:

1. Excel Spreadsheet – Location Tree View Dictionaries.  This document contains 4 tabs to include Tree View Dictionaries for Greater Los Angeles, Columbus, St. Albans and Tampa.
2. PDF File – Incident Disposition
3. PDF File – Report Disposition PT. 1
4. PDF File – Report Disposition PT. 2
5. PDF File – Report Disposition PT. 3
6. PDF File – Report Disposition PT. 4
7. PDF File – Report Disposition PT. 5
8. National Incident-Based Reporting System (NIBRS) Offensive Codes

The PDF files were Bates numbered 003186-003196.  All information was rendered in its entirety therefore, no redactions were made.

In addition, UCLA School of Law requested facility maps consisting of building locations and parking lot locations along with parking lot designations if applicable for Greater Los Angeles, Chalmers P. Wylie Ambulatory Care Center, St. Albans and Tampa.  VHA advised that it would search and provide responsive records within the Departments twelfth release.  It was also agreed to that a TEAMS call will be scheduled for the week of July 25, 2022 to discuss data released within this eleventh initial agency decision letter. At the request of UCLA School of Law, this call was held on August 11, 2022.

On August 18, 2022, VHA is issued its twelfth partial initial agency decision. Provided were the facility maps consisting of building locations and parking lot lo2cations along with parking lot designations if applicable for Greater Los Angeles, Chalmers P. Wylie Ambulatory Care Center, St. Albans and Tampa VA Medical Center.

Greater Los Angeles: The facility FOIA Officer has advised that you may access the map by utilizing the following link:  Campus Map | VA Greater Los Angeles Health Care | Veterans Affairs  A PDF file of the campus map is also provided.

Chalmers P. Wylie Ambulatory Care Center:  Provided is a PDF File totaling five (5) pages containing the campus map.

St. Albans: Provided is a PDF File totaling one (1) page containing the campus map.

Tampa: The facility FOIA Officer has advised that you may access the map by utilizing the following link: Tampa VA Main Hospital Parking Map | VA Tampa Health Care | Veterans Affairs

All documents were provided in their entirety therefor no information has been redacted or otherwise withheld.

On September 14, 2022, VHA is issued its thirteenth partial initial agency decision in response to an August 11, 2022 follow-up meeting held via TEAMs with

VHA, OSP and UCLA School of Law.  The TEAM'S call was in reference to documents previously released within the Department's tenth partial initial agency decision letter dated April 4, 2022.   During this meeting OSP agreed to reproduce the following documents:

1. The most recently updated violations tree.
2. Reproduce the Incidents-Consolidated-Reports for Los Angeles, Tampa, Columbus and St. Alban's to include each drop down option in Incidents – Incidents, Assimilated Crimes Act, and Federal
3. Reproduce the St. Alban Incident Report spreadsheet with the violation type.

The thirteenth partial initial agency decision provided revised data previously released within VHA tenth partial initial agency decision letter dated April 4, 2022. Reissued are the following Excel spreadsheets:

1. Updated Violations Tree and Compete Incident Tree
2. Consolidated Incidents and Use of Force (UoF) 010112019-08162022
3. Consolidated Violations 0101209-08162002

All information wasa provided in its entirety therefore, no redactions were made.

At this time VHA is issuing its fourteenth partial initial agency decision in response to an October 6, 2022 follow-up meeting held via TEAMs with VHA, OSP and UCLA School of Law.  Below is the follow-up agreed upon as a result October 6, 2022 meeting:

1. VHA will work with Workplace Violence and Prevention Program Office for the red flag/behavioral management record keeping information.  UCLA School of Law is interested in understanding the potential fields, columns and rows captured in any data management system maintained nationally that would help them understand the processing of individuals in Disruptive Behavior Record System (DBRS) with disruptive behavior flags or with orders of behavioral monitoring. If data is not captured nationally, UCLA School of Law requests this information from the VISN or stations. Due to the fact this data type is a priority for their client, they would suggest providing whatever is available through national record keeping systems as a first step.

2. Provide use of force data kept by the VA (force used against and by an Officer), and any related use of force policies, including when a lower level use of force is used. Specifically, this would include all drop downs in the attached trees, including those listed as "1. Officer Presence" with the drop down "Long Gun Deployment" and "Service Pistol Draw" and "2.Verbal Direction" with drop down "Handcuff Applied." Request the following if available:

   a. Use of force data from January 1, 2019 through September 30, 2022 for Tampa, Columbus, Greater LA, and New York Harbor.

   b. Any nationwide VAPD policies regarding use of force, at any level.

   c. If there are site specific variations of the VAPD use of force policies in Tampa, Columbus, Greater LA, and New York Harbor, please provide those as well.

3. There are 4 spreadsheets labeled "ARRESTS MADE - ADULT" from the 11th production. As discussed, many of the entries in the "Incident Type" column have entries of "N.A.," UCLA School of Law requests to know what the N.A. entry is. Can OSP <u>add</u> a column in the attached spreadsheet and fill in the description, doing so will improve the reliability and quality of the data analysis.

4. As previously discussed, UCLA School of Law identified repeat reference numbers in the spreadsheets. OSP advised that this could be because there were multiple people involved in a single incident, or it could be an error.   UCLA School of Law provided a spreadsheet of the repeat reference numbers they identified to date.  Request OSP <u>add</u> a column in the spreadsheet explaining the repeat reference numbers.

5. OSP advised they could provide their working definition of the various codes listed in the "360 options – violations types" spreadsheet, attached here.  UCLA School of Law request OSP provide the following definitions and <u>add</u> them directly to the spreadsheet, preferably next to the term he is defining? Specifically, UCLA School of Law are requesting definitions of the following:

   a. Everything in the <u>Report Specific</u> column
   b. Specific Location, Report Status, Is Inactive and Incident Type Deleted in the <u>Common</u> column

6. Can VHA provide more information regarding the "LANC EAST" and "LANC WEST" locations for Greater Los Angeles? Are they outpatient locations, medical facilities, or something else? Where are they located?

7. We discussed the variance in the Tampa data during the COVID-19 period. UCLA School of Law request documents regarding any changes in VAPD policies that were enforced during the COVID-19 pandemic for Tampa, Columbus, Greater LA, and New York Harbor.

8. Request any nationwide VAPD policies regarding daily journal entries. Also, if there are site specific variations of the policies in Tampa, Columbus, Greater LA, and New York Harbor, can you provide those as well?

9. Given the new data that has been implemented (including race), and the lack of information we've received from St. Albans, UCLA School of Law request updated reports to compare the reliability of the old data with the new data. Request OSP re-run the following reports from January 1, 2019 through September 30, 2022 for Greater LA, Tampa, Columbus, and NY Harbor.

   a. Arrests Made - Adult
   b. Consolidated Incidents
   c. Consolidated Violations

10. Request 22-page document that is given to VAPD officers to explain what the NIBRS codes are.

The following responses are rendered:

**Line item 1**:  VHA will work with Workplace Violence and Prevention Program Office for the red flag/behavioral management record keeping information.  UCLA school of law is interested in understanding the potential fields, columns and rows captured in any data management system maintained nationally that would help them understand the processing of individuals in Disruptive Behavior Record System (DBRS) with disruptive behavior flags or with orders of behavioral monitoring. If data is not captured nationally, UCLA School of Law requests this information from the VISN or stations. Due to the fact this data type is a priority for their client, they would suggest providing whatever is available through national record keeping systems as a first step.

**Response**:  The VHA Workplace Violence Prevention Program does not maintain a System of Records with columns or rows that monitors individuals.  This information is also not stored at the local level.

**Line Item 2**:  Provide use of force data kept by the VA (force used against and by an Officer), and any related use of force policies, including when a lower level use of force is used. Specifically, this would include all drop downs in the attached trees, including those listed as "1. Officer Presence" with the drop down "Long Gun Deployment" and "Service Pistol Draw" and "2.Verbal Direction" with drop down "Handcuff Applied." Request the following if available:

> a. Use of force data from January 1, 2019 through September 30, 2022 for Tampa, Columbus, Greater LA, and New York Harbor.
> b. Any nationwide VAPD policies regarding use of force, at any level.
> c. If there are site specific variations of the VAPD use of force policies in Tampa, Columbus, Greater LA, and New York Harbor, please provide those as well.

**Response**:

a. See attached documents titled, "Use of Force 10-2019 thru 09-2022" PDF Bates numbering 003197-003218 and "Admin Reporting – Force Used by Officer" (MS Excel and PDF Bates numbered 003279-003282 versions for each report). Redacted.

b. Training Unit #22, Bates numbering 003229-003244 and Model SOP 4D, Bates numbering 003219-003228 attached.

c. Use of Force policy is set nationally. While local stations can be more restrictive, they cannot be less restrictive than the national policy (see attached Model SOP 4D, Bates numbering 003219-003228). It is unknown to the Law Enforcement Training Center (LETC) if there is any more restrictive local Use of Force Policy at Tampa, Columbus, Greater LA, and New York Harbor. Therefore, we (VA LETC) is unable to provide any documentation to this effect.

d. Excel Current Use of Force Operations.  Unredacted.

**Line Item 3**: There are 4 spreadsheets labeled "ARRESTS MADE - ADULT" from the 11th production. As discussed, many of the entries in the "Incident Type" column have entries of "N.A.," UCLA School of Law requests to know what the N.A. entry is. Can OSP <u>add</u> a column in the attached spreadsheet and fill in the description, doing so will improve the reliability and quality of the data analysis.
**Response**:  This information is found on the Violations Reports only, not the Incident Reports. Incident Reports have incident types, while Violation Reports have violations. The confusion will come from the fact that until October 1, 2022, both incidents and violations were available for use on within the Incident Tree View Dictionary.

**Line item 4**:  As previously discussed, UCLA School of Law identified repeat reference numbers in the spreadsheets. OSP advised that this could be because there were multiple people involved in a single incident, or it could be an error.  UCLA School of Law provided a spreadsheet of the repeat reference numbers they identified to date. Request OSP <u>add</u> a column in the spreadsheet explaining the repeat reference numbers.
**Response**:  In the Excel document titled, "Copy of Adult arrests production 11 – with NA incident types 10.14.2022"  OSP has added two columns – One contains the actual report type in red while the other gives the actual Incident Type. In each report that OSP examined, the same incident was listed multiple times but with different offenders listed each time. For example, one report may document disorderly conduct three times for three different offenders within the same incident report.

**Line item 5**:  OSP advised they could provide their working definition of the various codes listed in the "360 options – violations types" spreadsheet, attached here.  UCLA School of Law request OSP provide the following definitions and <u>add</u> them directly to the spreadsheet, preferably next to the term he is defining? Specifically, UCLA School of Law are requesting definitions of the following:
     a. Everything in the <u>Report Specific</u> column.
     b. Specific Location, Report Status, Is Inactive and Incident Type Deleted in the <u>Common</u> column.
**Response**:  The working definitions (not official definitions) have been added to the Excel "Copy of 360 Analytics Options" document, attached.

**Line Item 6**:  Can VHA provide more information regarding the "LANC EAST" and "LANC WEST" locations for Greater Los Angeles? Are they outpatient locations, medical facilities, or something else? Where are they located?
**Response**:  "LANC East = Los Angeles National Cemetery - the main Cemetery; LANC West is Los Angeles National Cemetery west of I 405 ."

**Line Item 7**:  We discussed the variance in the Tampa data during the COVID-19 period.  UCLA School of Law request documents regarding any changes in VAPD policies that were enforced during the COVID-19 pandemic for Tampa, Columbus, Greater LA, and New York Harbor.

**Response**:

a. **Tampa**:  Memo March 2021, Bates numbering 003310,  Sustainment Training Waiver COVID 12 VA Police Chiefs, Bates numbering 003311, Memoranum 2021 Sustainment Training Waiver COVID, Bates numbering 03312, VA Handbook 0730 (Reports) and Records Excerpt), Bates numbering 003313-003317.

b. **Columbus**: Model SOP 1P Daily Journal, Bates pages 003245-003249 and PDF Procedures Related to COVID-19 9-2021,Bates numbering 003305-003308, Memo March 2021, Bates numbering 003310,  Sustainment Training Waiver COVID 12 VA Police Chiefs, Bates numbering 003311, Memorandum 2021 Sustainment Training Waiver COVID, Bates numbering 03312, VA Handbook 0730 (Reports) and Records Excerpt), Bates numbering 003313-003317.

c. **Greater LA**: Memo March 2021, Bates numbering 003310,  Sustainment Training Waiver COVID 12 VA Police Chiefs, Bates numbering 003311, Memorandum 2021 Sustainment Training Waiver COVID, Bates numbering 03312, VA Handbook 0730 (Reports) and Records Excerpt), Bates numbering 003313-003317.

d. **New York Harbor**: Entrance Screen Guidance – Process V12, Memo March 2021, Bates numbering 003310,  Sustainment Training Waiver COVID 12 VA Police Chiefs, Bates numbering 003311, Memorandum 2021 Sustainment Training Waiver COVID, Bates numbering 03312, VA Handbook 0730 (Reports) and Records Excerpt), Bates numbering 003313-003317. COVID-19 Visitation Guidelines (Updated August 2020), Bates numbering 003318-003319, Visitation Guidelines updated 3-22-21 Final, Bates numbering 003320-003321, VisitationguidlinesNYH2022, Bates numbering 003322-003323.

**Line Item 8**:  Request any nationwide VAPD policies regarding daily journal entries. Also, if there are site specific variations of the policies in Tampa, Columbus, Greater LA, and New York Harbor, can you provide those as well?
**Response**:  Provided is the Model SOP 1P Daily Journal, Bates pages 003245-003249.

**Line Item 9**:  Given the new data that has been implemented (including race), and the lack of information we've received from St. Albans, UCLA School of Law request updated reports to compare the reliability of the old data with the new data.  Request OSP re-run the following reports from January 1, 2019 through September 30, 2022 for Greater LA, Tampa, Columbus, and NY Harbor.

      a.  Arrests Made - Adult
      b.  Consolidated Incidents
      c.  Consolidated Violations

**Response**:

a.  Arrests Made – Adult Attached – Excel File and PDF File, Bates numbered 003250-003278 both files are redacted.

b.  Consolidated Incidents - Due to an issue with pulling the data via 360 Analytics, OSP had to pull the data from the Admin Reporting feature.

OSP was however able to pull a very close report via the Admin Reporting feature that should meet the needs of the request. OSP ran the reports from 08/16/22 – 09/30/22. Please see the attached report titled, "Incident Reports Summary Listing 08-16-22 thru 09-30-2022." Redacted.

c. Consolidated Violations - Due to an issue with pulling the data via 360 Analytics, OSP had to pull the data from the Admin Reporting feature. OSP was however able to pull a very close report via the Admin Reporting feature that should meet the needs of the request. OSP ran the reports from 08/16/22 – 09/30/22. Please see the attached report titled, "Violation Reports 08-16-22 thru 09-30-2022." Redacted.

**Line Item 10**:  Request 22-page document that is given to VAPD officers to explain what the NIBRS codes are.
**Response**:  Provided is the document titled "NIBRS Offense Definitions 09-11-2022." Bates numbered pages 003283-003304.

Upon my review of the responsive records, I have determined that a portion of the documents contain information protected under FOIA exemption 6, 5 U.S.C. § 552 (b)(6).  FOIA exemption 6, permits VA to withhold a document or information within a document if disclosure of the information would constitute a clearly unwarranted invasion of a living individual's personal privacy.  Stated another way, VA may withhold information under FOIA exemption 6 where disclosure of the information, either by itself or in conjunction with other information available to either the public or the FOIA requester, would result in an unwarranted invasion of an individual's personal privacy without contributing significantly to the public's understanding of the activities of the federal government.

Upon completion of the analysis in balancing personal privacy interests against public interest, it has been determined that the personal privacy interest of the individuals outweighs the public interest.  Specifically, I have redacted the names of lower-level employees and patient names, all names of individuals receiving citations along with personal identifiable information such as their address, birthdates.  Also redacted is personal health information of both patients and employees and other members of the general- public.  Courts have found that an invasion of privacy need not occur immediately upon disclosure to be considered "clearly unwarranted."

The coverage of FOIA exemption 6 is absolute unless the FOIA requester can demonstrate a countervailing public interest in the requested information by demonstrating that the individual is able to provide the requested information to members of the public and that the information requested contributes significantly to the public's understanding of the activities of the Federal government.  Additionally, the requester must demonstrate how the public's need to understand the information significantly outweighs the privacy interest of the person to whom the information pertains.  Upon consideration of the materials you provided, we have not been able to identify a countervailing public interest of sufficient magnitude to outweigh the privacy

interest in this case.  Those that received care have a personal privacy interest in the information that outweighs any public interest served by disclosure of the information under FOIA.  Consequently, redactions were made to protect information withheld under FOIA exemption 6, 5 U.S.C. § 552 (b)(6).  No documents have been withheld in their entirety.

VHA will issue a fifteenth partial initial agency decision by February 15, 2023 to include 2021 VA Greater Los Angeles Use of Force Reports.

Please be advised, you may appeal the determination made in this response to the VA, Office of General Counsel.  Appeals may be submitted electronically to their electronic appeal mailbox, ogcfoiaappeals@va.gov, or Fax: (202) 273-6388, or mail to the following address:

> Office of General Counsel (024)
> Department of Veterans Affairs
> 810 Vermont Avenue NW
> Washington, DC 20420

If you should choose to file an appeal, your appeal must be postmarked or electronically submitted no later than ninety (90) calendar days from the date of this letter.  Please include a copy of this letter with your written appeal, identify the determination(s) you are appealing and clearly state why you disagree with the determination(s).

In addition to filing an appeal with the Office of General Counsel, you may also seek assistance and/or dispute resolution services regarding your FOIA request from VHA's FOIA Public Liaison and or Office of Government Information Services (OGIS) as provided below:

> VHA FOIA Public Liaison:
> Email Address:  vhafoia2@va.gov
> Phone Number: (877) 461-5038
>
> Office of Government Information Services (OGIS)
> Email Address:  ogis@nara.gov
> Fax: (202) 741-5769
> Mailing address:
> Office of Government Information Services
> National Archives and Records Administration
> 8601 Adelphi Road
> College Park, MD  20740-6001

If you should have any further questions, please feel free to contact me at 717-675-8363 or via email at deana.marakowski@va.gov.

Sincerely,


Deana Marakowski
VHA FOIA Officer

Enclosures