

# DEPARTMENT OF VETERANS AFFAIRS
### OFFICE OF OPERATIONS SECURITY AND PREPARDNESS
### OFFICE OF SECURITY AND LAW ENFORCEMENT
### WASHINGTON DC 20420

October 8, 2021

Matthew Strugar
Law Office of Matthew Strugar
3435 Wilshire Blvd., Suite 2910
Los Angeles, CA 90010
323-696-2299
Sent via email: matthew@matthewstrugar.com

Dear Mr. Strugar:

This is in response to your Freedom of Information Act (FOIA) request dated August 26, 2021 in which you requested a copy of the below VA OIG records. Your request was referred to the Office of Security and Law Enforcement in VA Central Office on October 6, 2021 for a direct response to you:

December 13, 2018 - Inadequate Governance of the VA Police Program at Medical Facilities:

- The OS&LE reports used by OIG that assess the effectiveness of the inspection program for every VA medical facility w/police unit (referenced on page 27). Underlying data from Table 1: Overview of Police Program Requirements Inspected by OS&LE.

- The documentation from the interviews with OSP and VHA employees about roles and responsibilities

VA Police inspection reports involve security sensitive information pertaining to the police unit's operations, procedures, and processes. The reports also include an analysis of each facility's police program, security planning, and vulnerability assessments. **These records are withheld from release in their entirety pursuant to FOIA Exemptions 7(E) (5 U.S.C. Sec. 552(b)(7)(E)),** which provides for the withholding of such information as law enforcement techniques, guidelines, and procedures. The public release of these reports' compromises security measures, risks circumvention of requirements and processes, and nullifies the objective of such reports relative to the program's mission to ensure the safety and security of the facilities.

Page 2.

A search for documentation from the interviews with OSP and VHA employees about roles and responsibilities was conducted **This information is being withheld pursuant to FOIA Exemption (b)(5), (b)(6) and (b)(7)(E).**

Below is an explanation of the FOIA Exemptions and Statutes.

FOIA Exemption 5, [5 U.S.C. § 552 (b)(5)], protects from disclosure "inter-agency or intra-agency memorandums or information which would not be available by law to a party other than an agency in litigation with the agency." Courts have interpreted Exemption 5 to exempt records that are normally privileged in the civil discovery context. The three primary, most frequently invoked privileges that have been held to be incorporated into Exemption 5 are the deliberative process privilege (referred to by some courts as "executive privilege"), the attorney work-product privilege, and the attorney-client privilege. We are invoking "the deliberative process privilege, the purpose of which is to "prevent injury to the quality of agency decisions." Specifically, three policy purposes consistently have been held to constitute the bases for this privilege: (**1**) to encourage open, frank discussions on matters of policy between subordinates and superiors; (**2**) to protect against premature disclosure of proposed policies before they are adopted; and (**3**) to protect against public confusion that might result from disclosure of reasons and rationales that were not in fact ultimately the grounds for an agency's action.

FOIA Exemption 6, [5 U.S.C. § 552 (b)(6)], protects all information which, if disclosed, would constitute a clearly unwarranted invasion of an individual's personal privacy. Specifically, names, job titles, investigative case numbers, email addresses and other information or statements which could reveal the identity of individuals mentioned in the records have been withheld. We do not find any public interest that outweighs the privacy interests of the individuals.

FOIA Exemption 7E, [5 U.S.C. § 552 (b)(7)(E)], protects all records compiled for law enforcement purposes which, if disclosed, would reveal techniques and procedures for law enforcement investigations and prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law.

If you wish to appeal this determination, please send the appeal letter within ninety (90) days to:

Office of General Counsel (OGC/024)
810 Vermont Avenue, N.W., Washington, DC, 20420
Email: ogcfoiaappeals@va.gov    Fax: (202) 273-6388

Please include a copy of your request and this letter with your appeal and clearly state why you disagree with the determination. Please mark the front and back of the envelope with "Freedom of Information Act Appeal."

Page 3.

As an alternative to an appeal, you may contact VA FOIA Public Liaison, which was created to offer mediation services to resolve disputes between FOIA requesters and VA.  Using this method does not affect your right to appeal.  You may contact:

VA FOIA Public Liaison at Department of Veterans Affairs
810 Vermont Ave., NW
Washington, DC 20420
Email: vafoiaservice@va.gov, Phone: (877) 750-3642, Fax: (202) 632-7581.

Also, the Office of Government Information Services (OGIS) offers mediation services to resolve disputes between persons making requests and administrative agencies as a nonexclusive alternative to litigation and, at the discretion of the OGIS, may issue advisory options if mediation has not resolved the dispute.  The OGIS is at the National Archives and Records Administration, 8601 Adelphi road, College Park, MD  20740, Email: ogis@nara.gov, phone: (877) 684-6448, Fax: (202) 741-5769.

        Sincerely,



        Michael Franklin
        Office of Security and Law Enforcement

Page 4.