UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| NATIONAL ASSOCIATION OF MINORITY VETERANS, | : : : | | |
| Plaintiff, | : : | Civil Action No.: | 21-1298 (RC) |
| v. | : : | | |
| UNITED STATES DEPARTMENT OF VETERANS AFFAIRS, | : : : | | |
| Defendant. | : | | |

## **ORDER**

  Plaintiff National Association of Minority Veterans (the "Association") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, against the United States Department of Veterans Affairs (the "VA"). The Association, which represents the interests of minority veterans, seeks to compel disclosure of VA records pertaining to the policies and practices of the VA Police Force at Veterans Health Administration facilities that it claims were unlawfully withheld. The parties' dispute centers on (1) redacted answers and follow up communications related to an Office of Inspector General ("OIG") survey, (2) a large excel spreadsheet—withheld in full—containing information compiled from VA Police Force records, and (3) a large excel spreadsheet—withheld in full—containing information compiled from VA patient health records. The VA has withheld these records in full or in part pursuant to FOIA Exemptions 3, 5, 6, and 7(E).

  Because the Court has concerns respecting the applicability of Exemptions 5 and 7(E) that are not fully addressed by the VA's *Vaughn* index, the Court has determined that *in camera* review of the material is warranted. "The court has the discretion to conduct an *in camera*

review of . . . withheld material in order to make a responsible *de novo* determination on the claims of exemption." *Darui v. U.S. Dep't of State*, 798 F. Supp. 2d 32, 38 (D.D.C. 2011) (citing *Ray v. Turner*, 587 F.2d 1187, 1195 (D.C. Cir. 1978)).  The District of Columbia Circuit has explained that *in camera* inspection is particularly warranted when

> either the agency affidavits are insufficiently detailed to permit meaningful review of exemption claims or there is evidence of bad faith on the part of the agency, when the number of withheld documents is relatively small, and when the dispute turns on the contents of the withheld documents, and not the parties' interpretations of those documents . . . These factors identify circumstances under which it would be error for the district court not to review the documents in camera, but they do not present the only circumstances under which the district court may do so. . . . A judge has discretion to order *in camera* inspection on the basis of an uneasiness, on a doubt that he wants satisfied before he takes responsibility for a *de novo* determination. . . .The ultimate criterion is simply this: Whether the district judge believes that *in camera* inspection is needed in order to make a responsible *de novo* determination on the claims of exemption. Thus, in cases in which a look at the withheld material itself would be useful, we have fully approved in camera examination of the withheld material by the trial court.

*Spirko v. U.S. Postal Serv.*, 147 F.3d 992, 996 (D.C. Cir. 1998) (cleaned up); *Protect Democracy Project, Inc. v. U.S. Dep't of Health & Hum. Servs.*, 569 F. Supp. 3d 25, 42 (D.D.C. 2021) (same).  The VA's *Vaughn* index is "insufficiently detailed" and leaves the Court with some "uneasiness" or "doubt" that the Court "wants satisfied" before determining the application of Exemptions 5 and 7(E).  *Id.*  Additionally, the dispute here turns "on the contents of the withheld documents" and there are only three documents in dispute—a "relatively small" number.  Accordingly, the Court will exercise its "broad discretion" to review the VA's records *in camera*. *See American Civil Liberties Union v. U.S. Dep't of Defense*, 628 F.3d 612, 626 (D.C. Cir. 2011).

It is hereby **ORDERED** that, within 30 days, the VA shall provide the following records to the Court for *in camera* review:

1. The redacted answers and follow up communications related to OIG's survey;

2. The large excel spreadsheet containing information compiled from VA Police Force records; and

3. The large excel spreadsheet containing information compiled from VA patient health records.

**SO ORDERED**.

Dated:  January 8, 2024                                                                  RUDOLPH CONTRERAS
                                                                                                              United States District Judge